ORIGINAL FILED

AUG - 3 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SEIZED PROPERTY RECOVERY
CORPORATION
3520 Crystal View Court
Miami, Florida 33133,

      Plaintiff,

v.

U. S. CUSTOMS AND
BORDER PROTECTION,
1300 Pennsylvania Avenue, NW
Washington, D. C. 20229,

      Defendant.

CASE NUMBER 1:05CV01570

JUDGE: Paul L. Friedman

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 08/03/2005

Civil Ac[tion]

**COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF**

1.    This is an action brought under the Freedom of Information Act ["FOIA"], 5 U.S.C. §552, as amended, to enjoin defendants from withholding from public disclosure certain records of the United States Customs and Border Protection ["Customs"] within their possession and control.

2.    This is an action brought pursuant to 28 U.S.C. §2201 for a declaratory judgment that Customs must include the names and addresses of persons from whom it seized property when it publishes their property for forfeiture pursuant to 19 U.S.C. §1607.

3.    This Court has jurisdiction over this action pursuant to 5 U.S.C. §552(a)(4)(B) and 28 U.S.C. §1331..

4.    Plaintiff, Seized Property Recovery Corporation ["SPRC"] is a Florida

corporation.

5.   Defendant, U. S. Customs and Border Protection, is an agency within the Department of Homeland Security.

6.   SPRC, by its undersigned attorney, has filed FOIA requests with Customs in several ports in the United States seeking the names and addresses of persons from whom Customs has seized their property.

7.   SPRC, by its undersigned attorney, has filed requests with Customs to include the names and addresses of persons from whom it has seized property when it publishes the property for forfeiture pursuant to section 1607.

8.   In a letter of March 17, 2005 from Joanne Roman Stump, Chief, Customs' Disclosure Branch to undersigned counsel, a decision was made to release the requested names and addresses. This letter also indicated that the Customs port director should include the names and addresses in its public notices of seizure and sale as it is a regulatory requirement. A copy of this letter is enclosed as Exhibit A.

9.   In a memorandum of May 5, 2005 the Customs Seizures & Penalties Branch directed Customs port offices not to release names and addresses unless the seizure is pursuant to the navigation laws.

10.   The March 17th letter and May 5th memorandum were interpreting 19 C.F.R. §162.45(a)(4).

11.   Section 162.45(a)(4) is derived directly from 46 U.S.C. Appx. §327.

12. Section 327 is to be read in *pari materia* with 46 U.S.C. Appx. §328 which provides for the recovery of forfeitures and penalties.

13. Pursuant to 19 U.S.C. §1600, sections 162.45(a)(4), 327, 328 and 1607 are to be interpreted as one procedure requiring the publication and release of the requested names and addresses.

14. In a letter of May 16, 2005 SPRC's undersigned counsel requested the release of the May 5th memorandum and to rescind the instructions set forth in the memorandum. A copy of this letter is enclosed as Exhibit B.

15. In a letter of May 20, 2005 Ms. Stump remanded to the Customs port director instructions to follow the Customs' letter of March 17th for failing to release the requested names and addresses based on a blanket assertion of the 5 U.S.C. §552(b)(7)(A) exemption. A copy of this letter is enclosed as Exhibit C.

16. In a letter to undersigned counsel of June 6, 2005 the Customs' Office of Field Operations refused to release the May 5th memorandum claiming the 5 U.S.C. §552(b)(5) exemption without any explanation or attempt at segregation. A copy of this letter is enclosed as Exhibit D.

17. The denial letter of June 6, 2005 was appealed under the FOIA on June 20, 2005. A copy of this appeal is enclosed as Exhibit E. There has been no response to this appeal.

18. Pursuant to the Freedom of Information Act, 5 U.S.C. §552(a)(3), SPRC has

a right of access to the requested names and addresses.

19. Pursuant to 5 U.S.C. §552(a)(6)© the failure of Customs to respond to the appeal within the time prescribed by law in those cases where Customs has refused to release the requested names and/or addresses constitutes a deemed denial.

20. SPRC has exhausted its administrative remedies.

## COUNT I

SPRC realleges paragraphs 1-20.

21. The CBP Acting Port Director for Los Angeles/Long Beach in letters of July 1, 2005 denied undesigned counsel's request for names and addresses. Copies of the letters are enclosed as Exhibit F.

22. An appeal of these denials was filed with Customs in a letter of July 5, 2005. This letter is enclosed as Exhibit G. There has been no response to this appeal.

23. Customs in the Port of Los Angeles/Long Beach refuses to release the requested names and addresses.

24. Customs in the Port of Los Angeles/Long Beach refuses to include the names and addresses with the notices of forfeiture it publishes in the Los Angeles Daily Journal.

## COUNT II

SPRC realleges paragraphs 1-20.

25. In a letter of June 20, 2005 the San Francisco Customs Fines, Penalties & Forfeitures Officer responded to undersigned counsel's request for a name and address dated

May 6, 2005 by releasing the name but not the address. A copy of this letter is enclosed as Exhibit H.

26. An appeal of this decision was filed on June 24, 2005. There has been no response to the appeal. A copy of the appeal is enclosed as Exhibit I.

27. Customs in San Francisco released the name only after the case was closed.

28. Customs in San Francisco refuses to release the address.

29. Customs in San Francisco refuses to include the name and address when it publishes its notices of forfeiture in Cal Law.

## COUNT III

SPRC realleges paragraphs 1-20.

30. In a letter of June 22, 2005, undersigned counsel requested the names and addresses of 15 Customs seizure cases published by the Customs Newark Fines, Penalties and Forfeitures Office. A copy of this letter is enclosed as Exhibit J.

31. In a letter of July 20, 2005 Customs in Newark refused to release the names and addresses in 3 of the cases and released only the names in the remaining 12 cases. A copy of this letter is enclosed as Exhibit K.

32. An appeal of this decision was filed with Customs on July 25, 2005. There has been no response to the appeal. A copy of this appeal is enclosed as Exhibit L.

33. Customs in Newark either refuses to release the names and addresses before a case is closed or only releases the name but not the address after the case is closed.

34. Customs in Newark refuses to include the names and addresses when it publishes the notices of forfeiture in the New York Post.

### COUNT IV.

SPRC realleges paragraphs 1-20.

35. SPRC, by its undesigned attorney, has requests for names and addresses pending in the Customs ports of Miami, Honolulu, Houston, JFK, El Paso and San Juan.

36. All but the port of Miami are refusing to release the requested names and/or addresses.

37. All of the ports are refusing to include the names and addresses when they publish legal notices of forfeiture.

WHEREFORE, the Customs' port offices and Office of Field Operations have demonstrated defiance of the laws and court decisions regarding the publication and release of names and addresses from whom Customs has seized property.

WHEREFORE, SPRC respectfully requests the Court:

1. To take jurisdiction of this cause of action;

2. To order the defendant to immediately release the requested names and addresses in all pending requests and appeals;

3. To issue a declaratory judgment that the defendant will immediately include the names and addresses of those persons from whom Customs has seized their property when it publishes for forfeiture pursuant to section 1607; and,

4.  To grant such other and further relief as the Court may deem proper and just.

Respectfully submitted,

*/s/ Peter S. Herrick*

Peter S. Herrick
Attorney for SPRC
3520 Crystal View Court
Miami, Florida 33133
Tel. 305-858-2332
Fax. 305-858-6347
Email. pherrick@bellsouth.net
D.C. Bar No. 137935
