# EXHIBIT A

FROM U.S. CUSTOMS                    (FRI) 5. 20' 05 19:40/ST. 19:40/NO. 4861178834 P  3



U.S. Department of Homeland Security
Washington, DC 20229

**U.S. Customs and
Border Protection**

**MAR 17 2005**         DIS 4-02 RR:IT:DL
588391 MB

Peter S. Herrick, P.A.
Attorney At Law
3520 Crystal View Court
Miami, Florida 33133

Dear Mr. Herrick:

This is in response to your letter dated June 14, 2004, wherein you appeal
the decision (FOIA #04-077) of the Port Director, Miami Service Port, Florida, U.S.
Customs and Border Protection (CBP), dated June 8, 2004, withholding from
disclosure in its entirety information responsive to your Freedom of Information Act
(FOIA) request for the names and addresses of persons who were the subject of five
seizure cases (you provided seizure numbers) initiated by CBP. In that decision, the
Port Director asserted that the names and addresses of such persons are exempt
from release pursuant to 5 U.S.C. 552(b)(7)(A).

We reverse the decision of the Port Director, Miami Service Port. Upon
review of this matter, we have determined that CBP can provide the names and
addresses that you have requested pursuant to 19 C.F.R. 162.45(a)(4). Since the
names and addresses are known to the Fines, Penalties, and Forfeitures Officer at
the Miami Service Port in the five seizure cases that are the subject of your appeal,
they should be published. We are also instructing the FP&F Officer at the Miami
Service Port that in the future, it should include this type of information in its public
notices of seizure and sale as it is a regulatory requirement.

The following is a list of the names and addresses you have requested,
along with their seizure numbers, relating to the five seizures that are the subject of
your appeal and from whom Customs seized merchandise/currency:

- 2002-7423-000001: David Montesino, 5981 S.W. 5th Terrace, Miami, FL,
  33144
- 2004-5201-000293: David's Wholesale Center, 4171 N. State Rd., 7
  Hollywood, FL 33021-1510
- 2004-5201-000302: M/V ANICIA, 3611 N.W. S. River Drive, Miami, FL
  33132

05 1570

**FILED**

AUG - 3 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

FROM U. S. CUSTOMS                    (FRI) 5. 20' 05 19:41/ST. 19:40/NO. 4861178834 P  4

- 2000-5206-000430: Musa Holdings, Inc., 3701 S. Congress Ave., Lake Worth, FL  33461
- 2004-5201-000184: Vastbo Trading Co., 1970 73rd St., Brooklyn, NY  11204

Inasmuch as you consider this to be a denial of your appeal, you may obtain judicial review of this decision pursuant to 5 U.S.C. 552(a)(4)(B) in the United States District Court in the district in which you reside, have a principal place of business, in the agency where the records are situated, or in the United States District Court for the District of Columbia.

Sincerely,

Joanne Roman Stump

Joanne Roman Stump, Chief
Disclosure Law Branch

cc:  Robert Deltoro, Acting FP&F Officer, Miami Service Port, Florida

# EXHIBIT B

# H E R R I C K     N I K A S
### A T T O R N E Y S   A T   L A W
### R E S P O N D   T O :

**Costa Mesa Office**
555 Anton Blvd., 12th Floor
Costa Mesa, California 92626

**San Francisco Office**
Standard Oil Building
225 Bush Street, 16th Floor
San Francisco, California
94104

3 5 2 0   C r y s t a l   V i e w   C o u r t
M i a m i ,   F l o r i d a   3 3 1 3 3
T e l e p h o n e   ( 3 0 5 )   8 5 8 - 2 3 3 2
T e l e c o p i e r   ( 3 0 5 )   8 5 8 - 6 3 4 7
T o l l   F r e e ( v o i c e ) ( 8 8 8 )   8 4 1 - 8 8 8 1
T o l l   F r e e   ( f a x )   ( 8 8 8 ) 8 4 1 - 8 8 8 3

e - m a i l   a d d r e s s :
p h e r r i c k @ h e r r i c k n i k a s . c o m

**Long Beach Office**
301 E. Ocean Blvd., Suite 530
Long Beach, California 90802

**Anchorage Office**
329 F Street, Suite 220
Anchorage, Alaska 99501

May 16, 2005

TELECOPY ONLY (202-344-1269)

FREEDOM OF INFORMATION ACT

Director
Seizures & Penalties
U S Customs & Border Protection
1300 Pennsylvania Avenue NW
Washington DC 20229

Dear Sir/Madam:

This is a request for records, including electronic records, filed pursuant to the Freedom of Information Act, 5 U.S.C. §552, *et. seq.* It is our understanding that your office disseminated a memorandum on May 5, 2005 regarding the interpretation of releasing names and addresses pursuant to 19 C.F.R. §162.45(a)(4). We want an unredacted copy of this memorandum. We agree in advance to pay for reasonable search and copy charges. Please send the memorandum to my office by fax within the time prescribed by law.

Based on a letter we received from the CBP Miami F.P. & F. Office dated May 13, 2005 it is our understanding that this memorandum directs CBP offices not to release names and addresses unless the seizure is pursuant to the navigation laws. This memorandum is in direct conflict with instructions issued by CBP's Disclosure Law Branch in March, 2005.

05  1570

1

**FILED**

AUG − 3 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Section 162.45(a)(4) is derived directly from 46 U.S.C. Appx. §327. As such it is to be read in *pari materia* with 46 U.S.C. Appx. §328 which provides:

"**§328. Recovery of forfeitures and penalties.**

All penalties and forfeitures which shall be incurred by virtue of this Title may be sued for, prosecuted, and recovered as penalties and forfeitures incurred by virtue of the laws relating to the collection of duties, and shall be appropriated in like manner; except when otherwise expressly prescribed."

Continuing with the *pari materia* analysis 19 U.S.C. §1600 provides:

"§1600. Application of the customs laws to other seizures by customs officers

The procedures set forth in sections 602-619 of the Act (19 U.S.C. 1602 through 1609) shall apply to seizures of any property effected by customs officers under **any law** enforced or administered by the Customs Service unless such law specifies different procedures." [Emphasis added].

Of course section 162.45(a)(4) was promulgated pursuant to section 1607 which is referred to procedurally in section 1600.

We request CBP to immediately rescind this conflicting memorandum and to adhere to the instructions issued by the Disclosure Law Branch for the release of the requested names and addresses. Failure to take this action we result in time consuming litigation for all parties.

Sincerely,

Peter S. Herrick

cc:   CBP Disclosure Law Branch
      CBP Office of Trade Relations
      CBP's Miami F. P. & F. Office

2

# EXHIBIT C

FROM U.S. CUSTOMS                    (FRI) 5.20'05 19:40/ST. 19:40/NO. 4861178834 P  2



U.S. Department of Homeland Security
Washington, DC 20229

**U.S. Customs and
Border Protection**

**MAY 2 0 2005**

DIS-3 RR:IT:DL
588617 JRS

Peter S. Herrick, Esq.
Herrick Nikas
3520 Crystal View Court
Miami, Florida 33133

Dear Mr. Herrick:

This is in response to your letter dated May 16, 2005, wherein you appeal two
decisions (FOIA #05-061 and 05-066) of the Port Director, Miami Service Port,
Florida, U.S. Customs and Border Protection (CBP), dated May 13, 2005,
withholding from disclosure in its entirety information responsive to your Freedom of
Information Act (FOIA) requests under exemption b(7)(A) (title 5, United States Code
(U.S.C.), section 552 (b)(7)(A)) for the names and addresses of persons who were
subject of specific seizure cases.

We are remanding to the Port Director, Miami Service Port both above-referenced
FOIA decisions for reconsideration and a determination consistent with the finding of
our appellate decision of March 17, 2005 (588391), copy enclosed. The Miami
Service Port erred by not attempting to reasonably segregate the responsive records
in both instances and withholding them in full under exemption b(7)(A). Upon receipt
of a FOIA request, the agency must process the request and use the FOIA
exemptions, as applicable, on the responsive records in existence at the time of the
request. A FOIA request may be filed on both open and closed seizure cases as
public disclosure of any other item of information concerning such cases shall only
be made in conformance with the procedures provided in 19 CFR 103.5. See 19
CFR 103.32. Both initial FOIA decisions failed to articulate how the disclosure of
certain information would interfere with a law enforcement proceeding within the
meaning of FOIA exemption b(7)(A) to the specific records requested.

Sincerely,

*Joanne Roman Stump*

Joanne Roman Stump, Chief
Disclosure Law Branch

**05 1570**

cc: Port Director, Miami Service Port
   Robert Del Toro, Acting FP&F Officer, Miami Service Port, Florida
   Office of Trade Relations, Michael K. Dean

**FILED**

AUG – 3 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# EXHIBIT D



**U.S. Department of Homeland Security**
Washington, DC 20229

**U.S. Customs and Border Protection**

JUN – 6 2005

DIS-1-OFO:FP TMF
2005F2165

Peter S. Herrick, Esquire
Herrick Nikas
Attorneys at Law
3520 Crystal View Court
Miami, Florida 33133

Dear Mr. Herrick:

This is in response to your letter of May 16, 2005, which requests, under the
Freedom of Information Act (FOIA), correspondence and documentation related
to the disclosure of names and addresses of persons who were subjects of
specific U.S. Customs and Border Protection (CBP) seizure cases. In thus, you
are requesting a redacted copy of an internal CBP policy memorandum
generated by the Seizures and Penalties Division dated May 5, 2005, regarding
the interpretation to the releasing of names and addresses pursuant to
Title 19, Code of Federal Regulations (CFR), Section 162.45(a)(4). We have
recently completed our review of this matter. Please allow me to outline our
findings.

A letter response of May 20, 2005 was sent to you from CBP's Disclosure Law
Branch, informing you that the FOIA appeals you submitted to CBP have been
remanded to the Port Director, Miami Service Port for reconsideration and
response.

Pursuant to 5 U.S.C. 552 § (b)(5), inter-agency or intra-agency communication to
include memorandums is not available at law to a party other than an agency in
litigation with the agency is exempt from CBP FOIA's. This exemption withholds
records, which reflect the deliberative thought process of the agency.

If you consider this response to constitute a denial of our request for disclosure,
you may appeal to the Assistant Commissioner, Office of Regulations and
Rulings, Customs and Border Protection, FOIA Appeal, Disclosure Law Branch,
Mint Annex, 5th Floor, 1300 Pennsylvania Avenue, NW, Washington, D.C. 20229.
Your appeal must be made in writing within 35 days after the date of this
notification.

05 1570

**FILED**

AUG – 3 2005

**NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT**

2

If you have any questions or need additional information about your request, please call Michelle Woodley at (202) 344-2746 or Miranda Casey at (202) 344-2749, Program Officers, CBP, Office of Field Operations.

Yours truly,

Lawrence J. Rosenzweig
Acting Executive Director, Trade, Compliance and Facilitation
Office of Field Operations

cc: Port Director, Miami Service Port, Florida
    Carlos Martel, FP&F Officer, Miami, Florida
    Office of Trade Relations, Michael K. Dean
    Chief, Disclosure Law Branch
    Office of Associate Chief Counsel, Miami, Florida

# EXHIBIT E

# H E R R I C K   N I K A S

### A T T O R N E Y S   A T   L A W
### R E S P O N D   T O :

Costa Mesa Office
555 Anton Blvd., 12th Floor
Costa Mesa, California 92626

San Francisco Office
Standard Oil Building
225 Bush Street, 16th Floor
San Francisco, California
94104

3520 Crystal View Court
Miami, Florida 33133
Telephone (305) 858-2332
Telecopier (305) 858-6347
Toll Free(voice)(888) 841-8881
Toll Free (fax) (888)841-8883

e-mail address:
pherrick@herricknikas.com

Long Beach Office
301 E. Ocean Blvd., Suite 530
Long Beach, California 90802

Anchorage Office
329 F Street, Suite 220
Anchorage, Alaska 99501

June 20, 2005

TELECOPY ONLY (202-572-8747)

FREEDOM OF INFORMATION ACT APPEAL

Joanne Roman Stump, Esq.
Disclosure Law Branch
U S Customs & Border Protection
1300 Pennsylvania Avenue NW
Washington, DC 20229

Dear Ms. Stump:

This is an appeal, filed pursuant to the Freedom of Information Act, of the decision of the CBP Office of Field Operations dated June 5, 2005 denying our request for their correspondence and documentation related to the publication of names and addresses of persons who were subjects of specific CBP seizure cases published in various newspapers. Copies of the May 16, 2005 and June 5, 2005 letters are enclosed.

In your letter of March 17, 2005 (File 588391 MB) you correctly interpreted 19 C.F.R. §162.45(a)(4) as requiring CBP to publish the names and addresses in its public notices of seizure and sale. Your instruction to the field on this issue has been

05 1570

1

FILED

AUG - 3 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

thwarted by instructions issued by the Office of Field Operations.

FOIA is fundamentally designed to inform the public about agency action. See, NLRB v. Sears, Roebuck & Co., 421 U.S. 132 (1975). The public wants to be informed how the Office of Field Operations could overrule the Office of Regulations and Rules involving a legal interpretation of section 162.45(a)(4).

The Office of Field Operations claims they do not have to release any portions of what has been requested based on 5 U.S.C. §(b)(5). As you know, this is a totally unacceptable analysis of the application of the (b)(5) exemption.

CBP of course may withhold deliberative material and we do not request this material. However, the Office of Field Operations must release factual material unless it can prove it is inextricably intertwined with deliberative material or that separating the material would impose a high burden on the agency. It has made neither showing. Since this field office has not met its FOIA obligations to segregate factual material from deliberative material, it must release the requested documents.

"Consistent with the Act's goal of broad disclosure, Exemption 5 has consistently [been] given a narrow compass." U. S. Department of Justice v. Tax Analysts, 492 U.S. 136, 151 (1989). For example, if this field office relied on court cases, statutes, regulations, rulings or other legal sources in its decision, this information must be released. We do not need to know how this field office concluded that its legal interpretation was correct and that of the Disclosure Law Branch was wrong.

It should be noted that several federal agencies include the names and addresses of persons from whom property is seized in their public notices. Most notably, the FBI in the Wall Street Journal. OFAC includes the names and cities of corporations it has penalized. The Department of Justice includes the names and addresses of persons in its public notices pursuant to the Rules of Admiralty.

It would seem that if the segregable portions are not promptly released within the time prescribed by law there will be litigation. It further appears, that if the CBP field office do not follow the instructions set forth in the March 17th letter there may be litigation for a declatory judgment. We hope none of this litigation will be necessary.

2

Sincerely,

Peter S. Herrick

Enclosures

cc:     CBP  Miami Port Director
        CBP  Office of Trade Relations
        CBP  Office of Field Operations

3

# EXHIBIT F

# U.S. CUSTOMS AND BORDER PROTECTION
# Department of Homeland Security

JUL 0 1 2005

FA 2005-2704-115
mk

Peter S. Herrick
3520 Crystal View Court
Miami, FL 33133

Dear Mr. Herrick:

This is in reference to your Freedom of Information Act request dated December 03, 2004 in which you ask for the addresses of individuals involved in various seizure cases. The seizure case numbers are 2004-2704-000996; 000969; 000977; 000984 and 001309.

The documents that you have requested are exempt from release pursuant to:

> 5 U.S.C. 552 (b)(7)(a) pertaining to matters which could reasonably be expected to interfere with enforcement proceedings; and

> 5 U.S.C. 552 (b) (7) (C) pertaining to matters which could reasonably be expected to constitute an unwarranted invasion of personal privacy.

You are advised that the citation of a particular exemption for withholding a document or portion thereof is not intended to indicate that other exemptions specified by the Freedom of Information Act are not applicable. You have a right to appeal any denial or partial denial of your request within 35 days after the date of this notification. This appeal should be submitted to the FOIA Appeals Officer, United States Customs Service, 1300 Pennsylvania Avenue, N.W., Washington D.C. 20229, and have the words "Freedom of Information Act Appeal" printed conspicuously on the face of the envelope. See Appendix C, 3(c) to 31 C.F.R. part 1.

05 1570

In the event the FOIA Appeals Officer should (1) fail to issue a determination of your appeal within 20 working days of its receipt (plus 10 additional working days if you are notified that an extension of time is required and applicable), or (2) deny your appeal, you may obtain judicial review pursuant to 5 U.S.C. 552(a)(4)(B) in the United States district court in the district (1) in which you reside, (2) in which your principal place of business is located, (3) in which the agency records are situated, or (4) in the District of Columbia.

FILED
AUG 3 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Vigilance* ★ *Service* ★ *Integrity*

U.S. CUSTOMS AND BORDER PROTECTION, 301 East Ocean Blvd., Long Beach, CA 90802

07/05/05

Under regulations adopted pursuant to the Freedom of Information Act, there is a charge for record search time, review time, and duplication.  In this case, however, because search and review time were negligible, there will be no charge.

Sincerely,

Robert P. Thierry
for

Peter Gordon
Acting Port Director

# U.S. CUSTOMS AND BORDER PROTECTION
# Department of Homeland Security

JUL 0 1 2005

FA 2005-2704-119
mk

Peter S. Herrick
3520 Crystal View Court
Miami, FL 33133

Dear Mr. Herrick:

This is in reference to your Freedom of Information Act request dated June 12, 2005, in which you ask for the names and addresses related to various seizure cases that are listed in a publication for forfeiture (June 30, 2005) in the Daily Journal.

The documents that you have requested are exempt from release pursuant to:

> 5 U.S.C. 552 (b)(7)(a) pertaining to matters which could reasonably be expected to interfere with enforcement proceedings; and

> 5 U.S.C. 552 (b) (7) (C) pertaining to matters which could reasonably be expected to constitute an unwarranted invasion of personal privacy.

You are advised that the citation of a particular exemption for withholding a document or portion thereof is not intended to indicate that other exemptions specified by the Freedom of Information Act are not applicable. You have a right to appeal any denial or partial denial of your request within 35 days after the date of this notification. This appeal should be submitted to the FOIA Appeals Officer, United States Customs Service, 1300 Pennsylvania Avenue, N.W., Washington D.C. 20229, and have the words "Freedom of Information Act Appeal" printed conspicuously on the face of the envelope. See Appendix C, 3(c) to 31 C.F.R. part 1.

In the event the FOIA Appeals Officer should (1) fail to issue a determination of your appeal within 20 working days of its receipt (plus 10 additional working days if you are notified that an extension of time is required and applicable), or (2) deny your appeal, you may obtain judicial review pursuant to 5 U.S.C. 552(a)(4)(B) in the United States district court in the district (1) in which you reside, (2) in which your principal place of business is located, (3) in which the agency records are situated, or (4) in the District of Columbia.

*Vigilance*    ★    *Service*    ★    *Integrity*

U.S. CUSTOMS AND BORDER PROTECTION, 301 East Ocean Blvd., Long Beach, CA 90802

07/01/05

Under regulations adopted pursuant to the Freedom of Information Act, there is a charge for record search time, review time, and duplication.  In this case, however, because search and review time were negligible, there will be no charge.

Sincerely,

Peter Gordon
Acting Port Director

# EXHIBIT G

# H E R R I C K   N I K A S
## ATTORNEYS AT LAW

Costa Mesa Office
555 Anton Blvd., 12th Floor
Costa Mesa, California 92626

San Francisco Office
Standard Oil Building
225 Bush Street, 16th Floor
San Francisco, California
94104

**RESPOND TO:**

3520 Crystal View Court
Miami, Florida 33133
Telephone   (305) 858-2332
Telecopier  (305) 858-6347
Toll Free   (866) 377-8677

e-mail address:
pherrick@herricknikas.com

Long Beach Office
301 E. Ocean Blvd., Suite 530
Long Beach, California 90802

Anchorage Office
329 F Street, Suite 220
Anchorage, Alaska 99501

July 5, 2005

## FREEDOM OF INFORMATION ACT APPEAL

TELECOPY ONLY (202-572-8747)

Joanne Roman Stump
Chief, Disclosure Law Branch
U S Customs and Border Protection
1300 Pennsylvania Avenue NW
Washington DC 20229

Re:    Freedom of Information Act Appeal
       Customs Case Nos.  Various

Dear Ms. Stump:

In a letters of December 3, 2004 and June 15, 2005we requested the Los
Angeles Port Director to provide the names and addresses of named persons from
whom CBP had seized property. These requests were denied on July 1, 2005. This
is an appeal of the denials filed pursuant to the Freedom of Information Act, 5 U.S.C.
§552, *et. seq.* We expect the names and addresses to be provided within the time
prescribe by section 552.

05 1570

**FILED**

AUG - 3 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

CBP refused the request citing to the section 552(b)(7)© and (b)(7)(a) exemptions.

CBP of course is concerned that the names and addresses would be exempt because the release may constitute an unwarranted invasion of personal privacy. "The courts have construed this provision as permitting exemption if the privacy interest at stake outweighs the public interest in disclosure." United State Dept't of Justice v. Reporters Comm. for Freedom of the Press 489 U.S. 749, 776 (1989). Further:

> "[a]lthough *Reporters Committee* and the precedent of this circuit make clear that FOIA extends only to those records which reveal something about *agency action*, the mere fact that records pertain to an individual's activities does not necessarily qualify them for exemption. Such records may still be cloaked with the public interest if the information would shed light on agency action." The Nation Magazine, et al. v. United States Customs Service, 71 F. 3d 885, 894 (D.C. Cir. 1995).

By us being able to contact the person from whom the currency was seized, we will be able to shed light on CBP's action in forfeiting all of the currency. Continuing:

> "But we do not read *Safecard* as permitting an agency to exempt from disclosure *all* of the material in an investigatory record solely on the grounds that the record includes some information which identifies a private citizen or provide that **person's name and address**. Because such a blanket exemption would reach far more broadly than is necessary to protect the identities of individuals mentioned in law enforcement files, it would be contrary to FOIA's overall purpose of disclosure, and thus is not a permissible reading of Exemption 7(C)." [Emphasis Added]. Nation, supra, p. 896.

Based on the foregoing analysis that exemption 7(C) is inapplicable we request the disclosure of the addresses. The same analysis would apply to the (b)(7)(a) exemption for which CBP gave no explanation for their reasons for applying this exemption.

---

[1] Safecard Services, Inc. v. SEC, 926 F. 2d 1197(D.C. Cir. 1991).

2

Furthermore, this failure to provide the names and addresses is a direct contradiction to the ruling letters issued by your office on March 17 & May 20, 2005 to release the names and addresses.

Sincerely,

Peter S. Herrick

Enclosures

3

# EXHIBIT H

*U. S. Customs and Border*
*Protection*
U.S. Department of Homeland Security
Port Director
555 Battery Street
San Francisco, CA 94111-2316



U.S. Customs and
Border Protection

Date: June 20, 2005
File:  05-14 FOIA

Peter S. Herrick, Esq.
3520 Crystal View Court
Miami, Florida 33133

Dear Peter S. Herrick, Esq.:

This is in reply to your Freedom of Information Act request dated May 6, 2005, regarding seizure case no. 2001-2801-000007-01. You request the name and address of the person associated with the above-referenced seizure case. Furthermore, you state that pursuant to instructions received from the CBP Disclosure Law Branch in March 2005, the names and addresses were supposed to be included with the publication of the Notice of Forfeiture.

Be advised that it is CBP's policy to not publish the name and place of residence of the person from whom property is seized, except for seizures effected under the authority of title 46 of the United States Code. However, in accordance with 19 C.F.R. 103.32, the identify of the violator may be disclosed after CBP's action is completed. The violator's name is Joseph Jacob Levin. Please be advised that the violators address is exempt from disclosure pursuant to 5 U.S.C. 552(b)(3). The citation of a particular exemption for withholding information is not intended to indicate that other exemptions in the Freedom of Information Act are not inapplicable.

Enclosed is an information sheet concerning the exemption. Because your request is partially denied, I am required to notify you that you may appeal this denial in writing within thirty five (35) days after the date of this notification to the Director, Office of Regulations and Rulings, Customs and Border Protection, 1300 Pennsylvania Avenue, N.W., Washington, D.C. 20229. In the event that the Director should (1) fail to issue an additional determination of your appeal within twenty (20) working days of its receipt (plus ten additional working days if you are notified in writing that an extension of time is required or applicable) or (2) deny your appeal, you may obtain judicial review pursuant to 5 U.S.C. 552(a)(4)(C) in the U.S. District Court in the district in which you reside or have a principal place of business, or in which the agency's records are situated, or in the U.S. District Court of the District of Columbia. If you have any questions, please contact Andrea Craig of the Fines, Penalties, and Forfeitures Office at (415) 782-9234.

Sincerely,

05 1570  **FILED**

*a. Craig*
James T. Welte
Fines, Penalties, & Forfeitures Officer

AUG - 3 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Enclosure
cc: Port Director

*06/21/05*

# EXHIBIT I

# H E R R I C K   N I K A S

### A T T O R N E Y S   A T   L A W
### R E S P O N D   T O :

**Costa Mesa Office**
555 Anton Blvd., 12th Floor
Costa Mesa, California 92626

**San Francisco Office**
Standard Oil Building
225 Bush Street, 16th Floor
San Francisco, California
94104

3520 Crystal View Court
Miami, Florida 33133
Telephone (305) 858-2332
Telecopier (305) 858-6347
Toll Free(voice)(888) 841-8881
Toll Free (fax) (888)841-8883

e-mail address:
pherrick@herricknikas.com

**Long Beach Office**
301 E. Ocean Blvd., Suite 530
Long Beach, California 90802

**Anchorage Office**
329 F Street, Suite 220
Anchorage, Alaska 99501

June 24, 2005

TELECOPY ONLY (202-572-8747)

FREEDOM OF INFORMATION ACT APPEAL

Joanne Roman Stump, Esq.
Disclosure Law Branch
U S Customs & Border Protection
1300 Pennsylvania Avenue NW
Washington, DC 20229

Dear Ms. Stump:

This is an appeal, filed pursuant to the Freedom of Information Act, of the decision of the CBP San Francisco F.P. & F. Office dated June 20, 2005 denying our request for an address. This office is relying on the 5 U.S.C. §552(b)(3) exemption. No explanation was given for the reasons the (b)(3) exemption precludes the release of the address. CBP policy is not a reason.

Sincerely,

Peter S. Herrick

Enclosure

05 1570

**FILED**

AUG - 3 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# EXHIBIT J

# H E R R I C K   N I K A S

### A T T O R N E Y S   A T   L A W
### R E S P O N D   T O :

Costa Mesa Office
555 Anton Blvd., 12th Floor
Costa Mesa, California 92626

San Francisco Office
Standard Oil Building
225 Bush Street, 16th Floor
San Francisco, California
94104

3520 Crystal View Court
Miami, Florida 33133
Telephone (305) 858-2332
Telecopier (305) 858-6347
Toll Free(voice)(888) 841-8881
Toll Free (fax) (888)841-8883

e-mail address:
pherrick@herricknikas.com

Long Beach Office
301 E. Ocean Blvd., Suite 530
Long Beach, California 90802

Anchorage Office
329 F Street, Suite 220
Anchorage, Alaska 99501

June 22, 2005

## FREEDOM OF INFORMATION ACT REQUEST

## TELECOPY ONLY (973-368-6082)

Edward P. Nagle, Director
Fines, Penalties and Forfeitures Director
U.S. Customs and Border Protection
1100 Raymond Boulevard
Newark, NJ 07102

Dear Mr. Nagle:

This is a request for records, including electronic records filed pursuant to the Freedom of Information Act, 5 U.S.C. 552, *et. seq.* We agree in advance to pay for all reasonable search and copy charges pursuant to FOIA. We request the names and addresses of the persons from whom Customs seized currency for the following cases:

| | | |
|---|---|---|
| 2004-1001-000027-01 | - | $48,300.00 |
| 2005-1001-000220-01 | - | $23,557.00 |
| 2005-1001-000223-01 | - | $23,545.00 |
| 2005-1001-000138-01 | - | $124,045.00 |
| 2005-1001-000150-01 | - | $53,080.00 & $40,876.00(money orders) |
| 2005-1001-000278-01 | - | $279,752.45 |
| 2005-1001-000277-01 | - | $279,752.45 |
| 2005-1001-000158-01 | - | $315,510.00 |
| 2005-1001-000216-01 | - | $18,759.00 |

05 1570

**FILED**

AUG - 3 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

| | | |
|---|---|---|
| 2005-1001-000244-01 | - | $203,050.00 |
| 2005-1001-000224-01 | - | $43,015.00 |
| 2005-1001-000208-01 | - | $8,335.00 |
| 2005-1001-000236-01 | - | $21,000.00 |
| 2005-1001-000237-01 | - | $75,500.00 |
| 2005-1001-000218-01 | - | $50,230.00 |

We request that the above referenced records be provided as prescribed by law.

Sincerely,

Peter S. Herrick

2

# LEGAL NOTICE

### UNITED STATES CUSTOMS AND BORDER PROTECTION

Notice is hereby given that the following merchandise has been seized on or about the date indicated for violations of Customs or other laws.

$48,300.00 in U.S. Currency, seized on October 20, 2003, (2004-1001-000027-01); $23,557.00 in U.S. Currency, seized on February 1, 2005 (2005-1001-000220-01); $23,545.00 in U.S. Currency, seized on February 16, 2005, (2005-1001-000223-01); Approx. $124,045.00 in U.S. Currency, seized on January 6, 2005,(2005-1001-000138-01); $53,080.00 in U.S. Currency, $40,876.00 in Money Orders and 2000 Jeep Grand Cherokee (VIN# 1J46W4053YC310965) DV at $11,500.00, seized on January 20, 2005,(2005-1001-000150-01); $279,752.45 in U.S. Currency, seized on April 20, 2005, (2005-1001-000278-01); $279,752.45 in U.S. Currency, seized on April 20, 2005, (2005-1001-000277-01); $315,510.00 in U.S. Currency, seized on January 28, 2005, (2005-1001-000158-01); $18,759.00 in U.S. Currency, seized on March 5, 2005, (2005-1001-000216-01); $203,050.00 in U.S. Currency, seized on March 24, 2005, (2005-1001-000244-01); $43,015.00 in U.S. Currency, seized on March 9, 2005, (2005-1001-000224-01); $8,335.00 in U.S. Currency, seized on March 1, 2005 (2005-1001-000208-01); $21,000.00 in U.S. Currency, seized on March 21, 2005, (2005-1001-000236-01); $75,500.00 in U.S. Currency, seized on March 21, 2005, (2005-1001-000237-01); $50,230.00 in U.S. Currency, seized on March 6, 2005,(2005-1001-000218-01);

Any party asserting an interest and claim to the property must appear within 20 days from the date of the first publication of this notice and file with the FP&F Director at 1100 Raymond Blvd, Newark, NJ 07102, a seized asset claim form asserting an ownership interest. In default of which the property will be forfeited to the United States Government. (#2961)

**Edward P. Nagle**
**Director of Fines, Penalties**
**and Forfeitures**

# EXHIBIT K

1100 Raymond Boulevard
Newark, NJ 07102



**U.S. Customs and
Border Protection**

JUL 2 0 2005

DIS 2:AD:N:FOIA CS

Mr. Peter S. Herrick, Esq.
Herrick Nikas
3520 Crystal View Court
Miami, FL 33133

**RE:    FOIA/PA Request
         File No. NK 05155**

Dear Mr. Herrick:

This is in reference to your Freedom of Information Act (FOIA) request, dated June 29,
2005, wherein you request documentation evidencing the names and addresses of
individuals from whom currency was seized relative to fifteen (15) Customs and Border
Protection (CBP) seizure cases.

We have located and reviewed the documents requested and determined that the
documents are exempt from disclosure pursuant to 5 U.S.C. 552(b)7(c). 5 U.S.C. 552
(b)(7)(c) pertains to records or information compiled for law enforcement purposes, the
disclosure of which could reasonably be expected to constitute an unwarranted invasion
of the personal privacy of third parties.

However, as CBP action has been completed for twelve (12) of the cases, pursuant to
19 C.F.R. 103.32, the attached information, relative to those cases is authorized for
release.

You have a right to appeal any denial or partial denial of your request with the Assistant
Commissioner, Office of Regulations and Rulings, Bureau of Customs and Border
Protection, 1300 Pennsylvania Ave., NW, Washington, DC 20229, within 35 days after
the date of this determination.

05 1570

In the event the FOIA Appeals Officer should (1) fail to issue a determination of your
appeal within twenty (20) working days of its receipt (plus ten (10) additional days if you
are notified that an extension of time is required and applicable), or (2) deny your
appeal, you may obtain judicial review, pursuant to 5 U.S.C. 552 (a)(4)(B), in the United
States District Court in the district (1) which you reside, (2) in which your principal place

**FILED**

AUG - 3 2005

**NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT**

-2-

of business is located, (3) in which the agency records are situated or (4) in the District of Columbia.

If you have any questions please contact Craig Sahl, of my staff, at (973) 368-6014.

Sincerely,

Kathleen M. Haage-Gaynor
Area Director
Newark/New York

**2004-1001-000027-01**
Violator:          Jose Cordero
Law Violated:      18 USC 981, 18 USC 1956

**2005-1001-000220-01**
Violator:          Ronald Thomas
Law Violated:      18 USC 981, 18 USC 1956

**2005-1001-000138-01**
Violator:          Ricardo Perez-Paez
Law Violated:      18 USC 981, 18 USC 1956

**2005-1001-000278-01**
Violator:          Unknown
Law Violated:      18 USC 981, 18 USC 1956

**2005-1001-000277-01**
Violator:          Unknown
Law Violated:      18 USC 981, 18 USC 1956

**2005-1001-000158-01**
Violator:          David Crespo
Law Violated:      18 USC 981, 18 USC 1956

**2005-1001-000216-01**
Violator:          Freddy Rodriguez
Law Violated:      18 USC 981, 18 USC 1956

**2005-1001-000244-01**
Violator:          Pablo Garcia
Law Violated:      18 USC 981, 18 USC 1956

**2005-1001-000224-01**
Violator:          Jose Pena
Law Violated:      18 USC 981, 18 USC 1956, 21 USC 846

**2005-1001-000208-01**
Violator:          Priscilian Gutierrez
Law Violated:      18 USC 981, 18 USC 1956, 21 USC 846

# EXHIBIT L

# H E R R I C K   N I K A S
## A T T O R N E Y S   A T   L A W

Costa Mesa Office
555 Anton Blvd., 12th Floor
Costa Mesa, California 92626

San Francisco Office
Standard Oil Building
225 Bush Street, 16th Floor
San Francisco, California
94104

### R E S P O N D   T O :

3 5 2 0   C r y s t a l   V i e w   C o u r t
M i a m i ,   F l o r i d a   3 3 1 3 3
Telephone   (305) 858-2332
Telecopier   (305) 858-6347
Toll Free    (866) 377-8677

e - m a i l   a d d r e s s :
p h e r r i c k @ h e r r i c k n i k a s . c o m

Long Beach Office
301 E. Ocean Blvd., Suite 530
Long Beach, California 90802

Anchorage Office
329 F Street, Suite 220
Anchorage, Alaska 99501

July 25, 2005

## FREEDOM OF INFORMATION ACT APPEAL

## TELECOPY ONLY (202-572-8747)

Joanne Roman Stump
Chief, Disclosure Law Branch
U S Customs and Border Protection
1300 Pennsylvania Avenue NW
Washington DC 20229

Re:    Freedom of Information Act Appeal
       Customs Case Nos. Various

Dear Ms. Stump:

In a letter of June 22, 2005 we requested the CBP Newark F.P. & F. Office to provide the names and addresses of named persons from whom CBP had seized property, copy enclosed. In a letter of July 20, 2005, copy enclosed, the CBP Newark Area Director refused to release the names and addresses in (3) cases and released only the names but not the addresses in the other (12) cases. This is an appeal of the denials filed pursuant to the Freedom of Information Act, 5 U. S.C. §552, *et. seq.* We expect the names and addresses to be provided within the time prescribe by section

05 1570

1

**FILED**

AUG - 3 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

552.

CBP refused the request citing to the section 552(b)(7)(c) exemption.

CBP of course is concerned that the names and addresses would be exempt because the release may constitute an unwarranted invasion of personal privacy and/or is a law enforcement record. "The courts have construed this provision as permitting exemption if the privacy interest at stake outweighs, the public interest in disclosure." United State Dept't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 776 (1989). Further:

> "[a]lthough *Reporters Committee* and the precedent of this circuit make clear that FOIA extends only to those records which reveal something about *agency action*, the mere fact that records pertain to an individual's activities does not necessarily qualify them for exemption. Such records may still be cloaked with the public interest if the information would shed light on agency action." The Nation Magazine, et al. v. United States Customs Service 71 F. 3d 885, 894 (D.C. Cir. 1995).

By us being able to contact the person from whom the currency was seized, we will be able to shed light on CBP's action in forfeiting all of the currency. Continuing:

> "But we do not read *Safecard*[1] as permitting an agency to exempt from disclosure *all* of the material in an investigatory record solely on the grounds that the record includes some information which identifies a private citizen or provide that **person's name and address**. Because such a blanket exemption would reach far more broadly than is necessary to protect the identities of individuals mentioned in law enforcement files, it would be contrary to FOIA's overall purpose of disclosure, and thus is not a permissible reading of Exemption 7(C)." [Emphasis Added]. Nation, supra, p. 896.

Based on the foregoing analysis that exemption 7(C) is inapplicable as is the (b)(7)(c) exemption, we request the disclosure of the addresses.

---

[1] Safecard Services, Inc. v. SEC 926 F. 2d 1197(D.C. Cir. 1991).

2

Furthermore, this failure to provide the names and addresses is a direct contradiction to the ruling letters issued by your office on March 17 & May 20, 2005 to release the names and addresses.

We have previously advised your office that if we do not begin receiving the requested names and addresses from the ports and/or have the names and addresses published by August 1, 2005, we will commence litigation in the U. S. District Court for the District of Columbia for these records. Again we are hopeful this is not necessary.

Sincerely,

Peter S. Herrick

Enclosures

3