### THE U.S. DEPARTMENT OF HOMELAND SECURITY
#### Press Office

**FOR IMMEDIATE RELEASE**                                    **JANUARY 30, 2003**

## BORDER REGORGANIZATION
## FACT SHEET

While visiting several hundred future Department of Homeland Security employees in Miami, Secretary Ridge highlighted the Department's strategic goals for building a nation where Americans are protected from the evil of terrorism. These include:

- integrating departmental functions,
- bolstering our support for state and local emergency preparedness,
- streamlining and strengthening information sharing,
- establishing and nurturing private sector partnerships, and
- improving and protecting immigration practices.

One of the top priorities is to integrate specific departmental functions to enhance efficiencies and create greater accountability in one seamless border service. To accomplish this, today President Bush submitted to Congress a modification to the Department of Homeland Security Reorganization Plan which establishes the organizational framework for the Department's Border and Transportation Security mission.

The Congress recognized the potential need to reorganize and included a statutory provision in the Homeland Security Act of 2002 so the Department could submit such modifications. The modification submitted today presents a structural change, but does not consolidate, discontinue, or diminish transferred agencies' current operations in the field.

### Border and Transportation Security Reorganization

Our country shares a 5,252-mile border with Canada and a 1,989-mile border with Mexico, with a combined total of more than 300 international land-based ports-of-entry. Intertwined with our borders is a maritime system that includes 95,000 miles of coastline and navigable waterways and a global transportation network – with over 300 seaports, 429 commercial airports and several hundred thousand miles of highways and railroads – that connects to virtually every community in America.

Today, border security and inspections are performed by three separate agencies: The Immigration and Naturalization Service (Department of Justice) including the Border Patrol, the United States Customs Service (Department of Treasury) and the Animal and Plant Health Inspection Services (Department of Agriculture).

Different priorities and divergent policies coupled with various leadership structures, has led to inconsistent inspections and lapses of information. The Department of Homeland Security was established to unite the incoming agencies in the mission of protecting the homeland; yet more must be done.

GOVERNMENT
EXHIBIT
1
CARDOZA 800-783-0399

The President's modification will enable Department leadership to establish coherent policies for the incoming agencies and will provide the opportunity to reduce duplication of efforts and to ensure improved information-sharing.

The President proposes this modification to facilitate the Border and Transportation Security Directorate's ability to meet the strategic goals of improving border security, while at the same time facilitating the unimpeded and reliable flow of commerce and people across our borders and through our ports.

The Department of Homeland Security will bring together the various border agencies into the **Bureau of Customs and Border Protection** and rename the Bureau of Border Security (as indicated in the Homeland Security Act of 2002) the **Bureau of Immigration and Customs Enforcement** to refocus homeland security inspection and investigation functions. The bureaus will be organized in the Department's Border and Transportation Directorate.

These two new bureaus will break down barriers to communication and provide a direct line of authority to the Department's headquarters and give homeland security employees a clear mission. It will join the investigators with the investigators and the inspectors with the inspectors to capitalize on expertise and resources.

## Bureau of Customs and Border Protection

This new Bureau will bring together approximately 30,000 employees including 17,000 inspectors in the Agricultural Quarantine Inspection program, INS inspection services, Border Patrol and the Customs Service, including canine enforcement officers. It will be headed by the Commissioner of Customs who will report to the Under Secretary for Border and Transportation Security.

The Bureau will focus its operations on the movement of goods and people across our borders. Over the next several months, we will work with employees and other stakeholders to ensure that the goal of consistent inspection procedures and greatly improved communication and information sharing create the highest levels of service and accountability.

## Bureau of Immigration and Customs Enforcement

This Bureau will bring together the enforcement and investigation arms of the Customs Service, the investigative and enforcement functions of Immigration and Naturalization Service and the Federal Protective Services. The reorganization involves approximately 14,000 employees, including 5,500 criminal investigators, 4,000 employees for immigration and deportation services and 1,500 Federal Protective Service personnel that will focus on the mission of enforcing the full range of immigration and customs laws within the interior of the United States in addition to protecting specified federal buildings. The air and marine enforcement functions of the Customs Service will also be a part of this bureau.

By unifying the previously fragmented investigation functions, the new Bureau will enhance information sharing with the Federal Bureau of Investigation and develop stronger relationships with the U.S. Attorneys' Office.

This Bureau will be headed by an Assistant Secretary who will report directly to the Undersecretary for Border and Transportation Security and will advise the Under Secretary on any policy or operation of the Bureau that may affect the Bureau of Citizenship and Immigration Services.

The Bureau of Citizenship and Immigration Services, a separate bureau that was created by the Homeland Security Act, will allow the Department to greatly improve the administration of benefits and immigration services for applicants by focusing exclusively on immigration and citizenship services.

The Transportation Security Administration will build on its success of hiring, training and deploying new professional federal screeners to our nation's 429 commercial airports and continue to protect and secure the nation's transportation systems. TSA will benefit from the reorganization by enhanced information sharing with the new BTS bureaus.

**Timing and Funding**

This new structure will be implemented when the agencies move to the Department of Homeland Security on March 1, 2003. However, full integration of the new agencies will be a collaborative effort undertaken over the next few months between employees, stakeholders, and the DHS senior leadership.

Funding to effectively implement the reorganization plan as well as support the Department's other key initiatives and missions will be included in the President's FY 2004 budget request.

Secretary Ridge also announced that the President is committed to funding Department of Homeland Security efforts at the appropriate levels, so that, as he said in his State of the Union address, we will be ready to "answer every danger and every enemy that threatens the American people."

Specifically the President will request $ 41.3 billion for homeland defense and security. The Department of Homeland Security's funding request of $ 36.2 billion represents a 64 percent increase in funding and resources from 2002.

###

# Department of Homeland Security – Major Components*

(budget authority in millions of dollars)

| | FY 2003 Budget |
|---|---|

## Border and Transportation Security – Total Funding

### Customs and Border Protection
| | |
|---|---|
| Immigration and Naturalization Service (DOJ) | 3,387 |
| Customs Service (Treasury) | 2,784 |
| Animal and Plant Health Inspection Service (USDA) | 224 |
| Total Funding, Customs and Border Protection | 6,395 |

### Immigration and Customs Enforcement
| | |
|---|---|
| Immigration and Naturalization Service (DOJ) | 1,248 |
| Border-related Detention Funding (DOJ/Detention Trustee) | 615 |
| Customs Service (Treasury) | 429 |
| Federal Protective Service (GSA) | 411 |
| Total Funding, Immigration and Customs Enforcement | 2,703 |

## Border and Transportation Security – Net Discretionary Funding

### Customs and Border Protection
| | |
|---|---|
| Immigration and Naturalization Service (DOJ) | 2,809 |
| Customs Service (Treasury) | 2,454 |
| Animal and Plant Health Inspection Service (USDA) | 45 |
| Total Funding, Customs and Border Protection | 5,308 |

### Immigration and Customs Enforcement
| | |
|---|---|
| Immigration and Naturalization Service (DOJ) | 942 |
| Border-related Detention Funding (DOJ/Detention Trustee) | 615 |
| Customs Service (Treasury) | 380 |
| Federal Protective Services (GSA) | 411 |
| Total Funding, Immigration and Customs Enforcement | 2,348 |

*Note: Component totals to not match estimates included in the original reorganization plan (dated 11/25/2002) due to revised estimates of discretionary collections and revised expectations of programmatic splits between INS enforcement and services activities.

# Department of Homeland Security -- Major Components

(agency estimates of unobligated balances as of September 30, 2002 in millions of dollars)

|  | FY 2003 Estimated |
|---|---|
| **Border and Transportation Security** | |
| Customs and Border Protection | |
| Immigration and Naturalization Service (DOJ)................ | 185 |
| Customs Service (Treasury)................................ | 894 |
| Animal and Plant Health Inspection Service (USDA)........ | -- |
| Total Unobligated Balances, Customs and Border Protection ... | 1,079 |
| | |
| Immigration and Customs Enforcement | |
| Immigration and Naturalization Service (DOJ)............... | 96 |
| Border-related Detention Funding (DOJ/Detention Trustee)... | -- |
| Customs Service (Treasury)................................ | 162 |
| Federal Protective Service (GSA)......................... | 10 |
| Total Unobligated Balances, Immigration and Customs Enforcement... | 268 |

# Customs and Border Protection FOIA Reference Guide

11/01/2001

## I. Introduction

The Freedom of Information Act (FOIA), which can be found in Title 5 of the United States Code, section 552, was enacted in 1966 and provides that any person has the right to request access to federal agency records or information. All agencies of the United States government are required to disclose records upon receiving a written request for them, except for those records that are protected from disclosure by the nine exemptions and three exclusions of the FOIA. This right of access is enforceable in court. The federal FOIA does not, however, provide access to records held by state or local government agencies, or by private businesses or individuals. All states have their own statutes governing public access to state and local records; state agencies should be consulted for further information about them.

This Reference Guide is designed to familiarize you with the specific procedures for making a FOIA request to Customs and Border Protection. The process is neither complicated nor time consuming. Following the guidance below will make it more likely that you will receive the information you are seeking in the shortest amount of time. This guide also may include descriptions of the types of records maintained by different parts of the CBP, some of which are available through means other than the FOIA.

Initially, it is important to understand that there is no central office in the government which processes FOIA requests for all federal agencies. Each agency responds to requests for its own records. Therefore, before sending a request to the Customs Service you should determine whether this agency is likely to have the records you are seeking. Each agency should have its own FOIA reference guide, so if the records you are interested in are kept by another agency you may wish to request a copy of that agency's guide from its FOIA office or view it on that agency's FOIA site on the World Wide Web. Here is a list of the FOIA offices of other agencies.

Other general sources of information about how to make a FOIA request include:

- "Your Right to Federal Records," available for 50¢ from the Federal Consumer Information Center, Department 320JJ, Pueblo CO 81009 or by calling 1 (888) 8 PUEBLO, that's 1-888-878-3256. The publication can also be ordered on the FCIC website, http://www.pueblo.gsa.gov/cic_text/fed_prog/ foia/foia.htm.

- "A Citizen's Guide on Using the Freedom of Information Act and the Privacy Act of 1974 to Request Government Records." This report is published by the Committee on Government Reform of the House of Representatives. It is available from the U.S. Government Printing Office, stock number 052-071-01287-7. It also can be accessed on the World Wide Web at http://thomas.loc.gov/ cgi-bin/cpquery/z?cp106:hr50.106:.

In addition, the "Consumer Action Handbook" describes which federal agencies are responsible for specific consumer problems and where to write for assistance. Free single copies of the



GOVERNMENT EXHIBIT

2

CARDELS 800-783-0399

current Consumer Action Handbook are available by writing Handbook, Federal Consumer Information Center, Pueblo, CO 81009 or by calling 1 (888) 8 PUEBLO, that's 1-888-878-3256. The handbook can also be ordered on the FCIC website, http://www.pueblo.gsa.gov, and viewed there free of charge at http://www.pueblo.gsa.gov/ crh/respref.htm.

The formal rules for the making of FOIA requests to the Customs Service are set forth in Part 103 of Volume 19 of the Code of Federal Regulations. This multiple-volume set is available in all law libraries and federal depository libraries. These regulations also can be accessed at http://www.access.gpo.gov/nara/cfr/waisidx_01/19cfr103_01.html on the World Wide Web. However, in most cases this Reference Guide should provide you with the basic information that you will need.

## II. Access to Certain Records Without a FOIA Request

All agencies are required by statute to make certain types of records, created by the agency on or after November 1, 1996, available electronically. If you have access to the World Wide Web, you will not need to make a FOIA request to obtain access to these records. Such records include: (1) final opinions and orders made in adjudicating cases; (2) final statements of policy and interpretations which have not been published in the Federal Register; (3) administrative staff manuals and instructions to staff that affect a member of the public; (4) copies of records that have been the subject of a FOIA request and that are of sufficient public interest or curiosity that the agency believes other persons are likely to request them; and (5) the agency's annual FOIA report--which includes such information as the number of requests received by the agency, the amount of time taken to process requests, the total amount of fees collected by the agency, information regarding the backlog of pending requests, and other information about the agency's handling of FOIA requests. (Such records that were created prior to November 1, 1996, may be inspected in an agency reading room. Here is a listing of the Customs Service reading room locations.)

The Customs Service has a site on the World Wide Web which can be accessed at www.customs.gov, and which contains FOIA-related information. This site also includes a link to the Customs Service Government Information Locator Service (GILS) site. Another good general source of information can be found under "Publications."

The Customs Service maintains a FOIA home page which can be accessed at www.customs.gov/top/foia. htm. This site includes or links to the Customs Service annual FOIA report, various reference materials, information on how to make a FOIA request, and copies of the relevant statutes. Additionally, this site provides links to the reading room which contains the geographic addresses of the conventional reading rooms, as well as links to records required by the FOIA to be made electronically available.

The Customs Service also makes certain information, such as publications, available in paper copy without requiring a formal FOIA request. These types of materials are described here.

A listing of Customs major information systems can be found here.

## III. Where to Make a FOIA Request

The Customs Service is organized into a number of offices. Within the Customs Service, each office processes its own records. Therefore, your request will receive the quickest possible response if it is addressed directly to the office that you believe has the records you are seeking. Here is a description of Customs Service offices and their addresses.

Because, over time, individual employees of the Customs Service may change job positions, it is not recommended that you address your request to a specific person. Rather, you should include the notation "Freedom of Information Act Request" on the front of your request envelope and also at the beginning of your request letter. In this way you will be sure that the responsible individual receives your request without delay.

If you believe that the Customs Service does maintain the records you are seeking, but are uncertain about which office has the records, you may send your request to: Freedom of Information Act Request, U.S. Customs Service, 1300 Pennsylvania Avenue, NW., Washington, DC 20229. Requests may be hand-delivered to the Disclosure Law Officer, U.S. Customs Service, Headquarters, Washington, DC. Personnel in that office will then forward your request to the office of the Customs Service that they believe are most likely to maintain the records you are seeking.

## IV. How to Make a FOIA Request

A FOIA request can be made for any agency record. This does not mean, however, that the Customs Service will disclose any record sought. As noted above, there are statutory exemptions that authorize the withholding of information of a sensitive nature. When the Customs Service does withhold information from you, it ordinarily must specify which exemption of the FOIA permits the withholding. As a matter of policy, the Customs Service will consider making a discretionary disclosure of exempt information whenever possible. You should be aware that the FOIA does not require agencies to do research for you, to analyze data, to answer written questions, or to create records in order to respond to a request.

Although, as discussed immediately below, certain information may be required from a FOIA requester, no special form is required by the Customs Service. Requests must be in writing, either handwritten or typed. While requests may be submitted by fax, most offices of the Customs Service have not yet developed the capability to accept FOIA requests submitted through the World Wide Web.

*http://www.cbp.gov/xp/cgov/admin/fl/foia/making_a_request/reference_guide.xml*

In order to protect your privacy, whenever you request information about yourself you will be asked to provide either a notarized statement or a statement signed under penalty of perjury stating that you are the person that you claim to be. If you request information about yourself and do not follow one of these procedures, your request cannot be processed. This requirement helps to ensure that private information about you will not be disclosed to anyone else.

Likewise, files relating to another person regarding a matter that would invade that person's privacy ordinarily will not be disclosed. For example, if you seek information that would show that someone else (including even your spouse or another member of your immediate family) has ever been the subject of a criminal investigation--or even was mentioned in a criminal file--you will be requested to provide either: (1) a statement by that other person authorizing the release of the information to you which has been signed by that person and either was witnessed by a notary or includes a declaration made under penalty of perjury (using the language quoted in the preceding paragraph), or (2) evidence that the subject of your request is deceased, such as a death certificate, a newspaper obituary, or some comparable proof of death. Without proof of death or the subject's consent, in almost all cases offices of the Customs Service will respond to a request made for information concerning another person's role in a law enforcement matter by advising that it will "neither confirm nor deny" the existence of responsive records. Such law enforcement information about a living person is released without that person's consent only when no privacy interest would be invaded by disclosing the information, when the information is already public or required to be made public, or when there is such a strong public interest in the disclosure that it overrides the individual's privacy interest.

In making your request you should be as specific as possible with regard to names, dates, places, events, subjects, etc. In addition, if you want records about a court case, you should provide the title of the case, the court in which the case was filed, and the nature of the case. If known, you should include any file designations or descriptions for the records that you want. You do not have to give a requested record's name or title, but the more specific you are about the record or types of records that you want, the more likely it will be that the Customs Service will be able to locate those records. For example, if you have been interviewed in connection with a law enforcement investigation and you wish to request a copy of the interview report, your listing of the date and location of the interview, and the name of the interviewing agent and subject of the investigation, if known, will be helpful to the office in determining where to search and in determining which records respond to your request. Additionally, you should be aware that the Customs Service ordinarily will use the date upon which they begin a record search as the "cut-off" date for including records.

When a Customs Service office receives your FOIA request, it ordinarily will send you a letter acknowledging the request and assigning it an initial request number. If you do not provide the necessary information, the office will not process your request, but will advise you of what additional information is required.

Under certain circumstances you may be entitled to receive more information under the Privacy Act of 1974 (a separate federal statute) than under the FOIA. Under the FOIA anyone can

4

request any agency record. Privacy Act requests are more limited and can be made only (1) by U.S. citizens or aliens lawfully admitted for permanent U.S. residence, (2) who are seeking information about themselves, (3) which is in a system of records maintained under their names or other personal identifiers. Even if a request does not mention the Privacy Act, however, the Customs Service automatically treats requests as being made under both the FOIA and the Privacy Act whenever it is appropriate to do so. In this way, requesters receive the maximum amount of information available to them by law.

## V. Response Times

Under the statute, all federal agencies are required to respond to a FOIA request within twenty business days, excluding Saturdays, Sundays, and legal holidays. This period does not begin until the request is actually received by the FOIan office that maintains the records sought. An agency is not required to send out the releasable documents by the last business day; it can send you a letter informing you of its decision and then send out the documents within a reasonable time afterward.

Some offices of the Customs Service receive thousands of requests each year. Many of these requests require a line-by-line review of hundreds and even thousands of pages of documents. Although the Customs Service is making every effort to respond to FOIA requests as promptly as possible, in some cases it simply cannot do so within the specified time period. This may be due either to the size of the request or to the fact that the office has a backlog of previously received requests that are awaiting processing. Some offices use "multitrack processing" queues to deal with their heavy FOIA workloads.

Under the FOIA, Customs may extend the response time for an additional ten business days when: (1) the office needs to collect responsive records from field offices; (2) the request involves a "voluminous" amount of records which must be located, compiled, and reviewed; or (3) the office must consult with another agency which has a substantial interest in the responsive material or among two or more other offices of the Customs Service. When such a time extension is needed, the office may notify you of this in writing and offer you the opportunity to modify or limit your request. Alternatively, you may agree to a different timetable for the processing of your request.

When a determination on your request is not made within the deadline described above and you have not agreed to a different response deadline, you may file suit in federal court to obtain a response. If, however, the court concludes that you have unreasonably refused to limit your request or to accept an alternate timetable for response, the court may find that the office's failure to comply within the statutory time period is justified. The court also may approve a delay if it concludes that the office is experiencing an unexpected, substantial increase in the number of requests received. In addition, the court may excuse the lack of a timely response if the office demonstrates that it has a backlog of requests that were received before yours, that it processes its requests on a first-come/first-served basis, and that it is making reasonable progress in

5

reducing its backlog. In such cases, the court may postpone its consideration of your lawsuit until the agency reaches your request in its processing backlog.

## VI. Expedited Processing

Under certain conditions you may be entitled to have your request processed on an expedited basis. However, you should realize that whenever a FOIA request is expedited for a particular requester, it results in an additional delay for previous requesters who have been waiting for a response. Therefore, in an effort to treat all requesters equitably, the Customs Service ordinarily will process a FOIA request ahead of others only in cases in which there will be a threat to someone's life or physical safety, or where an individual will suffer the loss of substantial due process rights if the records are not processed on an expedited bases. In most cases, a request will not be expedited simply because the requester is facing a court deadline in some judicial proceeding. In both criminal prosecutions and civil litigation there is a process known as "discovery," which gives the parties certain rights to obtain relevant information apart from the FOIA. These discovery rights are usually sufficient to protect the requester's due process rights. In administrative proceedings that do not include such procedures for obtaining access to necessary information, expedited access may be granted when time is of the essence.

The FOIA also requires that requests be processed on an expedited basis if made by a person primarily engaged in disseminating information to the public and the information is urgently needed to inform the public concerning some actual or alleged government activity. Requests are not expedited under this provision merely because the requester is a representative of the news media. Similarly, the Customs Service also expedites requests when the subject is of widespread and exceptional media interest and the information sought involves possible questions about the government's integrity which affect public confidence.

A request for expedited processing must be accompanied by a statement setting forth the reasons why your request should be expedited. You should certify that the reasons you have given are true and correct. The office will be required to notify you of its decision about whether to grant expedited processing within no more than ten days after receiving your letter. If the office denies your request for expedited processing, you will be advised of your right to submit an administrative appeal of that denial, which will be handled expeditiously.

## VII. Fees

There is no initial fee to file a FOIA request and, in the majority of requests made to the Customs Service, no fees are ever charged. By law, however, an agency is entitled to charge certain fees, which depend on the category of requester you fall into.

For the purposes of fees only, the FOIA divides requesters into three categories. Commercial requesters may be charged fees for searching for records, processing the records, and

photocopying them. On the other hand, educational or noncommercial scientific institutions and representatives of the news media are charged only for photocopying expenses, after the first 100 pages of copies. Requesters who do not fall into either of these two categories are not charged for processing; they are charged only for record searches and photocopying--and there is no charge for the first two hours of search time or for the first 100 pages of photocopies. The Customs Service currently charges 20 cents per page for photocopying (but no charge for Privacy Act searches). In all cases, if the total fee does not exceed a minimum amount, currently $14.00, the Customs Service will not charge any fee at all.

You may always include in your request letter a specific statement limiting the amount that you are willing to pay in fees. If you do not do so, the Customs Service will assume that you are willing to pay fees of up to $25. If an office estimates that the total fees for processing your request will exceed $25, it will notify you in writing of the estimate and offer you an opportunity to narrow your request in order to reduce the fees. If you continue to want all of the records involved, you will be asked to express your commitment to pay the estimated fees and the processing of your request will be suspended until you agree to do so. You ordinarily will not be required to actually pay the fees until the records have been processed and are ready to be sent to you. If, however, you have failed to pay fees within 30 days of billing in the past, or if the estimated fees exceed $250, you may be required to pay the estimated fees in advance, that is, before the records are processed. If you agree to pay fees and then fail to do so within 30 days of billing, you may be charged interest on your overdue balance and the Customs Service will not process any further requests from you until payment has been made in full. If you agree to pay fees for searching for records, be aware that you may be required to pay such fees even if the search does not locate any responsive records or, if records are located, they are withheld as entirely exempt.

## VIII. Fee Waivers

If you expect or are advised that a fee will be charged, you may request a waiver of those fees. However, fee waivers are limited to situations in which a requester can show that the disclosure of the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations and activities of the government and is not primarily in the commercial interest of the requester. Requests for fee waivers from individuals who are seeking records pertaining to themselves usually are denied under this standard because such disclosures usually will not result in any increase of the public's understanding of government operations and activities. In addition, a requester's inability to pay fees is not a legal basis for granting a fee waiver.

## IX. Initial Request Determinations

Once the office has processed your request and any fee issues have been resolved, the office will send you a written initial determination. In the vast majority of cases, Customs Service offices

7

will include any documents that can be disclosed along with the determination letter, although in exceptional cases the documents themselves may be sent within a reasonable time afterward. The FOIA provides access to all federal agency records (or portions of those records), except for those records that are withheld under any of nine exemptions or three exclusions (reasons for which an agency may withhold records from a requester). The determination letter will advise you of whether any information is being withheld pursuant to one or more of the exemptions. When a page is being withheld in its entirety, the office usually either will specify the number of pages being withheld or will make a reasonable effort to estimate the volume of the withheld information.

The exemptions authorize federal agencies to withhold information covering: (1) classified national defense and foreign relations information; (2) internal agency rules and practices; (3) information that is prohibited from disclosure by another federal law; (4) trade secrets and other confidential business information; (5) inter-agency or intra-agency communications that are protected by legal privileges; (6) information involving matters of personal privacy; (7) certain types of information compiled for law enforcement purposes; (8) information relating to the supervision of financial institutions; and (9) geological information on wells. The three exclusions, which are rarely used, pertain to especially sensitive law enforcement and national security matters. Even if information may be withheld under the FOIA, the office still may disclose it as a matter of administrative discretion if that is not prohibited by any law and would not cause any foreseeable harm, although the office is not legally obligated to do so. The Customs Service strives to achieve maximum responsible information disclosure through this discretionary disclosure policy.

## X. Appeals

You may file an administrative appeal if you are not satisfied with the office's initial response. You may disagree with the office's withholding of information or you may believe that there are additional records responsive to your request that the office failed to locate. You also may file an administrative appeal if you have requested expedited processing or a fee waiver and the office has not granted your request. You may also appeal a determination that a record does not exist, that a record is not readily reproducible in the form requested, that the requested information is not a record subject to the FOIA, or any disputed fee matter. You should be advised of your right to file an appeal in the initial determination letter sent by the office or in the letter denying your request for expedited processing or a fee waiver. Ordinarily, your appeal must be received within sixty days of the date of the office's determination letter. This time may be extended if the office failed to notify you of your right to appeal in its determination letter. All appeals must be made in writing and addressed to:

**FOIA Appeals Officer**
**United States Customs Service**
**1300 Pennsylvania Avenue, NW**
**Washington, D.C. 20229**

8

Both the front of the envelope and the appeal letter should contain the notation "Freedom of Information Act Appeal."

There is no specific form or particular language needed to file an administrative appeal. You should include the initial request number that the office assigned to your request and the date of the office's action. If no request number has been assigned, it will help if you enclose a copy of the office's determination letter. Please do not attach copies of released documents unless they pertain to some specific point you are raising in your appeal. You may explain the reasons why you disagree with the office's action, but a simple statement that you are appealing the decision ordinarily is sufficient. If, however, you are appealing because you believe there are additional records that have not been located in response to your request, you should specify why you think such records exist and, if possible, where you believe they might be located.

Appeals from all offices of the Customs Service are reviewed by an attorney in the Office of Regulations & Rulings. The attorney will ordinarily have available all of the documents processed in connection with your request and will make an independent determination as to whether the office has properly processed your request.

Under the FOIA, the Office of Regulations & Rulings is required to make a determination on your administrative appeal within twenty business days. The Office of Regulations & Rulings may take one of several actions on your appeal. It may affirm the office's action in full, in which case it will identify which exemptions (if any) have been appropriately claimed. Or it may affirm part of the office's action (identifying the applicable exemptions), but order the release of other information previously withheld. Finally, under some circumstances, it may return or "remand" the request to the office for complete reprocessing. When a case is remanded, you will have an opportunity again to appeal to the Office of Regulations & Rulings after the office has reprocessed the records if you remain dissatisfied with the office's action in any respect.

## XI. Judicial Review

If you still believe that the Customs Service has not handled your FOIA request in accordance with the law after your appeal has been decided, you have the right to challenge the agency's action in a lawsuit filed in federal court, through the litigation process known as "judicial review." Before doing so, you ordinarily will be required first to have filed an administrative appeal and to have received a response. If the Customs Service fails to respond to either your initial request or your appeal within the time limits discussed above, however, you may file suit as soon as the time limits have expired.

If you do bring a court action, you may file your suit in a federal district court in any of the following places: (1) where you reside, (2) where you have your principal place of business (if any), (3) in the District of Columbia, or (4) where the records are located, if they are not located in the District of Columbia. If you have waited until you have received an administrative appeal

9

determination, that final administrative response letter will advise you of your right to seek judicial review and will specify where you can do so. You have six years to file suit from the time your right to sue begins. Lastly, please understand that attorneys and employees of the Customs Service are prohibited from giving legal advice to members of the public on any matters, including Freedom of Information Act litigation.

10

# H E R R I C K   N I K A S

## A T T O R N E Y S   A T   L A W
### R E S P O N D   T O :

Costa Mesa Office
555 Anton Blvd., 12th Floor
Costa Mesa, California 92626

San Francisco Office
Standard Oil Building
225 Bush Street, 16th Floor
San Francisco, California
94104

3520 Crystal View Court
Miami, Florida 33133
Telephone (305) 858-2332
Telecopier (305) 853-6347
Toll Free(voice)(888) 841-3381
Toll Free (fax) (888)841-3383

e-mail address:
pherrick@herricknikas.com

Long Beach Office
301 E. Ocean Blvd., Suite 530
Long Beach, California 90802

Anchorage Office
329 F Street, Suite 220
Anchorage, Alaska 99501

June 12, 2005

TELECOPY ONLY (562-628-7900)

FREEDOM OF INFORMATION ACT

Vera Adams
Port Director
U S Customs and Border Protection
301 East Ocean Blvd.
Suite 620
Long Beach CA 90802

Dear Ms. Adams:

This is a request for records, including electronic records, filed pursuant to the Freedom of Information Act, 5 U.S.C. §552, *et. seq.* We agree in advance to pay for reasonable search and copy charges. We request the names and addresses from whom CBP seized property set forth in the attachment to this letter which were published on June 10, 2005.

Sincerely

Peter S. Herrick



GOVERNMENT EXHIBIT 3

Ad

**Print Email Close**

NOTICE IS HEREBY GIVEN that the following merchandise was seized in or near the port of Los Angeles for violations of various sections of the United States Code. Any person having a legal interest in and desiring to claim the seized merchandise must appear in the office of the Director of Fines & Penalties, 301 E. Ocean Blvd., Suite 620, Long Beach, CA, and file a claim for such property and post a bond on the form prescribed by the Commissioner of Customs in the amount of $5000.00 or 10 percent of the value of the claimed property, whichever is lower, but not less than $250.00 on or before **June 30, 2005**. If no claim is filed within the period specified, the property will be forfeited and disposed of in accordance with the law.
2005-2720-000079/01RLC Girl's Woven pants, 1,200ea seized on 01/12/2005 pursuant to 19USC1526(e) at Los Angeles / Long Beach Harbor. 2005-2704-000140/01YB Marlboro Red 100's, 118ea; Marlboro light 100's, 46ea; Shuang XI, 123ea seized on 12/10/2004 pursuant to 19USC1526(e), 19USC1595a(c) or 15USC1333 at Long Beach Harbor. 2005-2704-000253/01RLC Towel set, 3,600pc seized on 01/20/2005 pursuant to 19USC1595a(c)(1)(A) at Los Angeles / Long Beach Harbor. 2005-2704-000277/01WB Bean Curd products, 7,978ea seized on 01/21/2005 pursuant to 19USC1595a(c) at Los Angeles / Long Beach Harbor. 2005-2704-000278/01RLC TV Cartridge games, 9,880pc seized on 01/24/2005 pursuant to 19USC1526(e), and 19USC1595a(c)(2)(C), and 19USC1595a(c)(2)(A) at Los Angeles / Long Beach Harbor. 2005-2704-000282/01WB Mens 100% Cotton pants, 2,405pc(93ctn) seized on 01/25/2005 pursuant to 19USC1526(e) at Los Angeles / Long Beach Harbor. 2005-2704-000289/01WB. Salted vegetables, 10,500ea(210ctn); Rice cake, 1,200ea(50ctn); Noodles(Beef flavor); 360ea (20ctn); Noodles(Chicken flavor), 360ea(20ctn); Pickled Products w/Chili, 3,840ea(160ctn); Chili paste, 3,500ea(100ctn); Bean Curd sauce, 240ea(4ctn) seized on 01/26/2005 pursuant to 19USC1595a(c)(1)(A), 19USC1595a(c) at Los Angeles / Long Beach Harbor. 2005-2704-000308/01WB Rocawear Joggings suits (tops) 010; 11,412pc(868ctn); Rocawear Jogging suits (bottoms) 011; 11,412pc; Rocawear Jogging suits (tops) 020; 4,212pc; Rocawear Jogging suits (bottoms) 060; 4,212pc seized on 02/02/2005 pursuant to 19USC1526(e) at Los Angeles / Long Beach Harbor. 2005-2704-000321/01RLC Battery Charger kits, 450pc(15ctn) seized on 02/04/2005 pursuant to 19USC1526(e) at Los Angeles / Long Beach Harbor. 2005-2704-000329/01NDA Textile Handbags(Coach), 6,540pc(287ctn); Textile Handbags(Kate spade), 357pc(12ctn) seized on 02/08/2005 pursuant to 19USC1526(e) and 19USC1595a(c)(2)(C) on 02/08/2005 at Los Angeles / Long Beach Harbor. 2005-2704-000345/01MK Jackets, 3,920pc(196ctn); Pants, 3,920pc seized on 02/14/2005 pursuant to 19USC1595a(c) at Los Angeles / Long Beach

Harbor.   2005-2704-000346/01YB,   Electric   Scooters
w/Adapters, 104ea(104ctn) seized on 02/14/2005 pursuant to
19USC1526(e) at Los Angeles / Long Beach Harbor.
2005-2704-000347/01YB,   Electric   Scooters   w/Adapters,
80ea(80ctn) seized on 02/14/2005 pursuant to 19USC1526(e)
at Los Angeles / Long Beach Harbor.
2005-2704-000352/01MK Video Games used w/Television,
14,440pc(572ctn)   seized   on   02/15/2005   pursuant   to
19USC1595a(c)(2)(C) at Los Angeles / Long Beach Harbor.
2005-2704-000355/01YB Playing cards, 24,000ea(100ctn);
PVC bags, 10,800ea (90ctn); Gloves, 3,360pr(10ctn) seized on
02/15/2005   pursuant   to   19USC1595a(c)(2)(C)   or
19USC1526(e) at Los Angeles / Long Beach Harbor.
2005-2704-000373/01RLC   Electric   Alarm   clocks,
2,920pc(50ctn); Electric Wall clocks, 2,280(80ctn); Pencils,
4,944pc(35ctn)   seized   on   02/23/2005   pursuant   to
19USC1595a(c)(2)(C) at Los Angeles / Long Beach Harbor.
2005-2704-000394/01WB Playing cards, 168,000ea(350ctn)
seized on 02/28/2005 pursuant to 19USC1595a(c)(2)(C) at Los
Angeles / Long Beach Harbor. 2005-2704-000396/01EF
Counterfeit   Yu-Gi-Oh   trading   cards,   4,318pc(10ctn);
Counterfeit  Yu-Gi-Oh  Duelist  card  file,  1,653pc(2ctn);
Counterfeit   Yu-Gi-Oh   stickers,   216pc(1ct);   Counterfeit
Yu-Gi-Oh digital toys, 128pc(2ctn); Counterfeit Pokemon
Nokebook sets, 351pc(3ctn); Counterfeit Gundam Wing
stickers, 106pc(1ct); Counterfeit Dora the Exporer binders,
66pc(3ctn);   Counterfeit   Dragonball   Z   toys,   60pc(1ct);
Counterfeit Barbie Pencil Lead tubes, 43pc(1ct); Counterfeit
Sailormoon clocks, 27pc(1ct); Counterfeit Spiderman figurines,
18pc(1ct) seized on 03/02/2005 pursuant to 19USC1526(e) at
Los Angeles / Long Beach Harbor. 2005-2704-000398/01EF
Plastic toys, 8,400pc(150ctn); Plastic toys, 21,600pc(500ctn);
Plastic toys, 2,400pc(100ctn) seized on 03/01/2005 pursuant
to 19USC1595a(c) at Los Angeles / Long Beach Harbor.
2005-2704-000399/01MK Video Games used w/Television,
11,420pc(571ctn)   seized   on   03/01/2005   pursuant   to
19USC1595a(c)(2)(C) at Los Angeles / Long Beach Harbor.
2005-2704-000401/01 YB Handbags, 620pc(17ctn) seized on
03/01/2005 pursuant to 19USC1526(e) at Los Angeles / Long
Beach Harbor. 2005-2704-000421/01WB, Spiderman toys,
57,240pc(236ctn); Plastic toys (#829), 1,044pc(29ctn) seized
on 03/10/2005 pursuant to 19USC1959a(c)(2)(C) at Los
Angeles / Long Beach Harbor. 2005-2704-000422/01EF
Spiderman toys, 32,832pc(235ctn) seized on 03/10/2005
pursuant to 19USC1595a(c)(2)(C) at Los Angeles / Long Beach
Harbor.
2005-2704-000430/01RLC Trading cards, 12,480pc(40ctn)
seized on 03/15/2005 pursuant to 19USC1595a(c)(2)(C) at Los
Angeles / Long Beach Harbor. 2005-2770-000001/01PL Chanel
handbags, 590ea(10ctn); Fendi handbags, 100ea seized on
10/13/2004 pursuant to 19USC1526(e) at Los Angeles.
2005-2704-000419/01MK Plastic toys (#1001), 707pc(20ctn)
seized on 03/10/2005 pursuant to 19USC1595a(c) at Los

** TOTAL PAGE.17 **

# U.S. CUSTOMS AND BORDER PROTECTION
# Department of Homeland Security

JUL 0 1 2005

FA 2005-2704-119
mk

Peter S. Herrick
3520 Crystal View Court
Miami, FL 33133

Dear Mr. Herrick:

This is in reference to your Freedom of Information Act request dated June 12, 2005, in which you ask for the names and addresses related to various seizure cases that are listed in a publication for forfeiture (June 30, 2005) in the Daily Journal.

The documents that you have requested are exempt from release pursuant to:

   5 U.S.C. 552 (b)(7)(a) pertaining to matters which could reasonably be expected to interfere with enforcement proceedings; and

   5 U.S.C. 552 (b) (7) (C) pertaining to matters which could reasonably be expected to constitute an unwarranted invasion of personal privacy.

You are advised that the citation of a particular exemption for withholding a document or portion thereof is not intended to indicate that other exemptions specified by the Freedom of Information Act are not applicable. You have a right to appeal any denial or partial denial of your request within 35 days after the date of this notification. This appeal should be submitted to the FOIA Appeals Officer, United States Customs Service, 1300 Pennsylvania Avenue, N.W., Washington D.C. 20229, and have the words "Freedom of Information Act Appeal" printed conspicuously on the face of the envelope. See Appendix C, 3(c) to 31 C.F.R. part 1.

In the event the FOIA Appeals Officer should (1) fail to issue a determination of your appeal within 20 working days of its receipt (plus 10 additional working days if you are notified that an extension of time is required and applicable), or (2) deny your appeal, you may obtain judicial review pursuant to 5 U.S.C. 552(a)(4)(B) in the United States district court in the district (1) in which you reside, (2) in which your principal place of business is located, (3) in which the agency records are situated, or (4) in the District of Columbia.

*Vigilance*  ★  *Service*  ★  *Integrity*

U.S. CUSTOMS AND BORDER PROTECTION, 301 East Ocean Blvd., Long Beach, C

GOVERNMENT EXHIBIT
CARDELLS 800 783-0359
4

Under regulations adopted pursuant to the Freedom of Information Act, there is a charge for record search time, review time, and duplication. In this case, however, because search and review time were negligible, there will be no charge.

Sincerely,

Robert P. Gieury

Peter Gordon
Acting Port Director

# HERRICK NIKAS
### ATTORNEYS AT LAW

__Costa Mesa Office__
555 Anton Blvd., 12th Floor
Costa Mesa, California 92626

__San Francisco Office__
Standard Oil Building
225 Bush Street, 16th Floor
San Francisco, California
94104

**RESPOND TO:**

3520 Crystal View Court
Miami, Florida 33133
Telephone   (305) 858-2332
Telecopier  (305) 858-6347
Toll Free   (866) 377-8677

e-mail address:
pherrick@herricknikas.com

__Long Beach Office__
301 E. Ocean Blvd., Suite 530
Long Beach, California 90802

__Anchorage Office__
329 F Street, Suite 220
Anchorage, Alaska 99501

July 5, 2005

## FREEDOM OF INFORMATION ACT APPEAL

## TELECOPY ONLY (202-572-8747)

Joanne Roman Stump
Chief, Disclosure Law Branch
U S Customs and Border Protection
1300 Pennsylvania Avenue NW
Washington DC 20229

Re:   Freedom of Information Act Appeal
      Customs Case Nos.  Various

Dear Ms. Stump:

In a letters of December 3, 2004 and June 15, 2005 we requested the Los Angeles Port Director to provide the names and addresses of named persons from whom CBP had seized property. These requests were denied on July 1, 2005. This is an appeal of the denials filed pursuant to the Freedom of Information Act, 5 U. S.C. §552, *et. seq.* We expect the names and addresses to be provided within the time prescribe by section 552.

1


GOVERNMENT EXHIBIT
5
CARDLES 800-783-0399

CBP refused the request citing to the section 552(b)(7)© and (b)(7)(a) exemptions.

CBP of course is concerned that the names and addresses would be exempt because the release may constitute an unwarranted invasion of personal privacy. "The courts have construed this provision as permitting exemption if the privacy interest at stake outweighs the public interest in disclosure." United State Dept't of Justice v. Reporters Comm. for Freedom of the Press 489 U.S. 749, 776 (1989). Further:

> "[a]lthough *Reporters Committee* and the precedent of this circuit make clear that FOIA extends only to those records which reveal something about *agency action*, the mere fact that records pertain to an individual's activities does not necessarily qualify them for exemption. Such records may still be cloaked with the public interest if the information would shed light on agency action." The Nation Magazine, et al. v. United States Customs Service, 71 F. 3d 885, 894 (D.C. Cir. 1995).

By us being able to contact the person from whom the currency was seized, we will be able to shed light on CBP's action in forfeiting all of the currency. Continuing:

> "But we do not read *Safecard*[1] as permitting an agency to exempt from disclosure *all* of the material in an investigatory record solely on the grounds that the record includes some information which identifies a private citizen or provide that **person's name and address**. Because such a blanket exemption would reach far more broadly than is necessary to protect the identities of individuals mentioned in law enforcement files, it would be contrary to FOIA's overall purpose of disclosure, and thus is not a permissible reading of Exemption 7(C)." [Emphasis Added]. Nation, supra, p. 896.

Based on the foregoing analysis that exemption 7(C) is inapplicable we request the disclosure of the addresses. The same analysis would apply to the (b)(7)(a) exemption for which CBP gave no explanation for their reasons for applying this exemption.

---

[1] Safecard Services, Inc. v. SEC, 926 F. 2d 1197 (D.C. Cir. 1991).

Furthermore, this failure to provide the names and addresses is a direct contradiction to the ruling letters issued by your office on March 17 & May 20, 2005 to release the names and addresses.

Sincerely,

Peter S. Herrick

Enclosures

3

# U.S. CUSTOMS AND BORDER PROTECTION
# Department of Homeland Security

JUL 0 1 2005

FA 2005-2704-115
mk

Peter S. Herrick
3520 Crystal View Court
Miami, FL  33133

Dear Mr. Herrick:

This is in reference to your Freedom of Information Act request dated December 03, 2004 in which you ask for the addresses of individuals involved in various seizure cases.  The seizure case numbers are 2004-2704-000996; 000969; 000977; 000984 and 001309.

The documents that you have requested are exempt from release pursuant to:

> 5 U.S.C. 552 (b)(7)(a) pertaining to matters which could reasonably be expected to interfere with enforcement proceedings; and

> 5 U.S.C. 552 (b) (7) (C) pertaining to matters which could reasonably be expected to constitute an unwarranted invasion of personal privacy.

You are advised that the citation of a particular exemption for withholding a document or portion thereof is not intended to indicate that other exemptions specified by the Freedom of Information Act are not applicable.  You have a right to appeal any denial or partial denial of your request within 35 days after the date of this notification.  This appeal should be submitted to the FOIA Appeals Officer, United States Customs Service, 1300 Pennsylvania Avenue, N.W., Washington D.C. 20229, and have the words "Freedom of Information Act Appeal" printed conspicuously on the face of the envelope.  See Appendix C, 3(c) to 31 C.F.R. part 1.

In the event the FOIA Appeals Officer should (1) fail to issue a determination of your appeal within 20 working days of its receipt (plus 10 additional working days if you are notified that an extension of time is required and applicable), or (2) deny your appeal, you may obtain judicial review pursuant to 5 U.S.C. 552(a)(4)(B) in the United States district court in the district (1) in which you reside, (2) in which your principal place of business is located, (3) in which the agency records are situated, or (4) in the District of Columbia.

*Vigilance*    ★    *Service*    ★    *Integrity*

U.S. CUSTOMS AND BORDER PROTECTION, 301 East Ocean Blvd., Long Beach, CA 90802

07/05/05

Under regulations adopted pursuant to the Freedom of Information Act, there is a charge for record search time, review time, and duplication. In this case, however, because search and review time were negligible, there will be no charge.

Sincerely,

*Robert P. Thierry*
*for*

Peter Gordon
Acting Port Director

# U.S. CUSTOMS AND BORDER PROTECTION
# Department of Homeland Security

JUL 0 1 2005

FA 2005-2704-119
mk

Peter S. Herrick
3520 Crystal View Court
Miami, FL 33133

Dear Mr. Herrick:

This is in reference to your Freedom of Information Act request dated June 12, 2005, in which you ask for the names and addresses related to various seizure cases that are listed in a publication for forfeiture (June 30, 2005) in the Daily Journal.

The documents that you have requested are exempt from release pursuant to:

> 5 U.S.C. 552 (b)(7)(a) pertaining to matters which could reasonably be expected to interfere with enforcement proceedings; and

> 5 U.S.C. 552 (b) (7) (C) pertaining to matters which could reasonably be expected to constitute an unwarranted invasion of personal privacy.

You are advised that the citation of a particular exemption for withholding a document or portion thereof is not intended to indicate that other exemptions specified by the Freedom of Information Act are not applicable. You have a right to appeal any denial or partial denial of your request within 35 days after the date of this notification. This appeal should be submitted to the FOIA Appeals Officer, United States Customs Service, 1300 Pennsylvania Avenue, N.W., Washington D.C. 20229, and have the words "Freedom of Information Act Appeal" printed conspicuously on the face of the envelope. See Appendix C, 3(c) to 31 C.F.R. part 1.

In the event the FOIA Appeals Officer should (1) fail to issue a determination of your appeal within 20 working days of its receipt (plus 10 additional working days if you are notified that an extension of time is required and applicable), or (2) deny your appeal, you may obtain judicial review pursuant to 5 U.S.C. 552(a)(4)(B) in the United States district court in the district (1) in which you reside, (2) in which your principal place of business is located, (3) in which the agency records are situated, or (4) in the District of Columbia.

*Vigilance* ★ *Service* ★ *Integrity*

U.S. CUSTOMS AND BORDER PROTECTION, 301 East Ocean Blvd., Long Beach, CA 90802

07/01/05

Under regulations adopted pursuant to the Freedom of Information Act, there is a charge for record search time, review time, and duplication. In this case, however, because search and review time were negligible, there will be no charge.

Sincerely,

Robert C. Thierry
for

Peter Gordon
Acting Port Director