# HERRICK NIKAS
### ATTORNEYS AT LAW
RESPOND TO:

| Costa Mesa Office | | Long Beach Office |
|---|---|---|
| 555 Anton Blvd., 12th Floor | 3520 Crystal View Court | 301 E. Ocean Blvd., Suite 530 |
| Costa Mesa, California 92626 | Miami, Florida 33133 | Long Beach, California 90802 |
| | Telephone (305) 858-2332 | |
| San Francisco Office | Telecopier (305) 858-6347 | Anchorage Office |
| Standard Oil Building | Toll Free(voice)(888) 841-8881 | 329 F Street, Suite 220 |
| 225 Bush Street, 16th Floor | Toll Free (fax) (888) 841-8883 | Anchorage, Alaska 99501 |
| San Francisco, California 94104 | | |

e-mail address:
pherrick@herricnikas.com

RECEIVED CBP 05 JUN 22 PM 12:11 FP C F OFFICE

May 24, 2005

<u>TELECOPY ONLY (562-628-7900)</u>

<u>FREEDOM OF INFORMATION ACT</u>

Vera Adams
Port Director
U S Customs and Border Protection
301 East Ocean Blvd.
Suite 620
Long Beach CA 90802

Dear Ms. Adams:

This is a request for records, including electronic records, filed pursuant to the Freedom of Information Act, 5 U.S.C. §552, *et. seq.* We agree in advance to pay for reasonable search and copy charges. We request the names and addresses from whom CBP seized property set forth in the attachment to this letter which were published on May 24, 2005.

We do not understand why we have to make this request. Your office was directed by the CBP Disclosure Law Branch in a letter of March 17, 2005, copy enclosed, to publish the names and addresses as required by 19 C.F.R. §162.45(a)(4).

1



These instructions to release the names and addresses was restated in a letter from the CBP Disclosure Law Branch in a letter of May 20, 2005, copy enclosed.

Because your office recently implemented these instructions and published the names and addresses, we advised the Disclosure Law Branch that we were withdrawing our pending appeals for the names and addresses. We need to know immediately if your office intends to follow the instructions from your attorneys.

Sincerely,

Peter S. Herrick

Enclosures
cc:  Office of Trade Relations

2

## Long Beach Customs Attachment

*Herrick's attachment*

| Customs Case No.: | Property Seized |
|---|---|
| 2004-2704-000966 MK | 1 Ferrari |
| 2004-2704-000969 MK | 1 Mercedes Benz<br>1 Ford Fairlane<br>1 Chevy Impala<br>1 Harley Davidson Motorcyle |
| 2004-2704-00977 MK | 104 Cashier's Checks<br>Silver-Covered Metal Brick |
| 2004-2704-000984 MK | Two Checks |
| 2004-2704-001309 RLC | $149,700.00 U.S. Currency |



U.S. Department of Homeland Security
Washington, DC 20229

U.S Customs and
Border Protection

MAR 17 2005

DIS 4-02 RR:IT:DL
588404 MB

Peter S. Herrick, P.A.
Attorney At Law
3520 Crystal View Court
Miami, Florida 33133

Dear Mr. Herrick:

This is in response to your letter dated September 1, 2004, wherein you appeal the decision (FA 2004-2704-150 mk) of the Port Director, Port of Long Beach, California, U.S. Customs and Border Protection (CBP), dated August 23, 2004, withholding from disclosure in its entirety information responsive to your Freedom of Information Act (FOIA) request for the addresses of 16 persons (that you name) from whom merchandise and/or currency was seized by CBP. In that decision, the Port Director asserted that the addresses of these persons are exempt from release pursuant to 5 U.S.C. 552(b)(7)(C).

We reverse the decision of the Port Director, Long Beach, California. Upon review of this matter, we have determined that CBP can provide the addresses that you have requested pursuant to 19 C.F.R. 162.45(a)(4). Since in the 16 seizure cases that are the subject of your appeal, the addresses are known to the Fines, Penalties, and Forfeitures Officer at the Port of Long Beach, they should be published. We are also instructing the FP&F Officer at Long Beach that in the future, it should include this type of information in its public notices of seizure and sale as it is a regulatory requirement.

The following is a list of the addresses you have requested for the 16 named persons, together with their seizure case numbers, from whom Customs seized merchandise/currency:

- 2002-2720-000365: Marhaf Maida, 43334 32nd St. West, #41, Lancaster, CA 93539

- 2003-2704-000937: Haggar Clothing Ltd., 6113 Lemon Ave., Dallas, TX 75209

- 2004-2704-000146: Jafael Jerome Winston, 5451 Hermitage, #4, Valley Village, CA 91607

03/14/05

2

- 2004-2704-000148: Leonor De Rodriguez Morales, 8401 Hickory St., Los Angeles, CA 90001

- 2004-2704-000173: Xiomara Rodrigurz-Espinoza, 8333 Hickory St., Los Angeles, CA 90001

- 2004-2704-000360: Corina Reyes Duarte, 1255 Dunrobin Avenue, Downey, CA 90242

- 2004-2704-000360: Benjamin Y. Duarte, 1255 Dunrobin Avenue, Downey, CA 90242

- 2004-2704-000392: Los Angeles Bail Bonds, 511 ½ E. Broadway Ave., Glendale, CA 91205

- 2004-2704-000394: Nader Amer, 2220 David St., San Leandro, CA 94577

- 2004-2713-000042: Mehdi Mohammad Humkar, 280 Hazelridge Ct., Simi Valley, CA 93065

- 2004-2704-000588: Erick Gutierrez-Ramos, 4114 Camino De La Plaza, San Ysidro, CA 92173

- 2004-2713-000020: Ruben Candejas Estrada, 822 4th Street, Fillmore, CA 93015

- 2004-2704-000191: Billy Jo Manes, 864 Jarrow Avenue, Hacienda Heights, CA 91745

- 2004-2704-000199: Craig Allen Egerton, 9903 Santa Monica Blvd., #564M, Beverly Hills, CA 90212

- 2004-2720-000249: Karlo Bagon, (notification address) Los Angeles Metropolitan Detention Center, 535 N. Alameda Ave., Los Angeles, CA 90012, (place of residence): Oceanside Blvd., Santa Monica, CA 90250

- 2004-2713-000026: Enrique Bravo Lopez, 1503 S. Wallis Avenue, Santa Monica, CA 93458

Inasmuch as you consider this to be a denial of your appeal, you may obtain judicial review of this decision pursuant to 5 U.S.C. 552(a)(4)(B) in the United States District Court in the district in which you reside, have a principal place of

3

business, in the agency where the records are situated, or in the United States District Court for the District of Columbia

Sincerely,

*Joanne Rowan Stump*

Joanne R. Stump, Chief
Disclosure Law Branch

cc: Robert Thierry, FP&F Officer, LA Long Beach, CA

FROM U.S. CUSTOMS         (FRI) 5.20'05 19:40/ST. 19:40/NO. 4861178834 P 2

U.S. Department of Homeland Security
Washington, DC 20229



U.S. Customs and
Border Protection

MAY 20 2005

DIS-3 RR:IT:DL
588617 JRS

Peter S. Herrick, Esq.
Herrick Nikas
3520 Crystal View Court
Miami, Florida 33133

Dear Mr. Herrick:

This is in response to your letter dated May 16, 2005, wherein you appeal two decisions (FOIA #05-061 and 05-066) of the Port Director, Miami Service Port, Florida, U.S. Customs and Border Protection (CBP), dated May 13, 2005, withholding from disclosure in its entirety information responsive to your Freedom of Information Act (FOIA) requests under exemption b(7)(A) (title 5, United States Code (U.S.C.), section 552 (b)(7)(A)) for the names and addresses of persons who were subject of specific seizure cases.

We are remanding to the Port Director, Miami Service Port both above-referenced FOIA decisions for reconsideration and a determination consistent with the finding of our appellate decision of March 17, 2005 (588391), copy enclosed. The Miami Service Port erred by not attempting to reasonably segregate the responsive records in both instances and withholding them in full under exemption b(7)(A). Upon receipt of a FOIA request, the agency must process the request and use the FOIA exemptions, as applicable, on the responsive records in existence at the time of the request. A FOIA request may be filed on both open and closed seizure cases as public disclosure of any other item of information concerning such cases shall only be made in conformance with the procedures provided in 19 CFR 103.5. See 19 CFR 103.32. Both initial FOIA decisions failed to articulate how the disclosure of certain information would interfere with a law enforcement proceeding within the meaning of FOIA exemption b(7)(A) to the specific records requested.

Sincerely,

Joanne Roman Stump

Joanne Roman Stump, Chief
Disclosure Law Branch

cc: Port Director, Miami Service Port
Robert Del Toro, Acting FP&F Officer, Miami Service Port, Florida
Office of Trade Relations, Michael K. Dean

## U.S. CUSTOMS AND BORDER PROTECTION
## Department of Homeland Security

JUL 01 2005

FA 2005-2704-115
mk

Peter S. Herrick
3520 Crystal View Court
Miami, FL 33133

Dear Mr. Herrick:

This is in reference to your Freedom of Information Act request dated December 03, 2004 in which you ask for the addresses of individuals involved in various seizure cases. The seizure case numbers are 2004-2704-000996; 000969; 000977; 000984 and 001309.

The documents that you have requested are exempt from release pursuant to:

> 5 U.S.C. 552 (b)(7)(a) pertaining to matters which could reasonably be expected to interfere with enforcement proceedings; and

> 5 U.S.C. 552 (b) (7) (C) pertaining to matters which could reasonably be expected to constitute an unwarranted invasion of personal privacy.

You are advised that the citation of a particular exemption for withholding a document or portion thereof is not intended to indicate that other exemptions specified by the Freedom of Information Act are not applicable. You have a right to appeal any denial or partial denial of your request within 35 days after the date of this notification. This appeal should be submitted to the FOIA Appeals Officer, United States Customs Service, 1300 Pennsylvania Avenue, N.W., Washington D.C. 20229, and have the words "Freedom of Information Act Appeal" printed conspicuously on the face of the envelope. See Appendix C, 3(c) to 31 C.F.R. part 1.

In the event the FOIA Appeals Officer should (1) fail to issue a determination of your appeal within 20 working days of its receipt (plus 10 additional working days if you are notified that an extension of time is required and applicable), or (2) deny your appeal, you may obtain judicial review pursuant to 5 U.S.C. 552(a)(4)(B) in the United States district court in the district (1) in which you reside, (2) in which your principal place of business is located, (3) in which the agency records are situated, or (4) in the District of Columbia.

*Vigilance* ★ *Service* ★ *Integrity*

U.S. CUSTOMS AND BORDER PROTECTION, 301 East Ocean Blvd., Long Beach, CA 90


GOVERNMENT EXHIBIT 7

Under regulations adopted pursuant to the Freedom of Information Act, there is a charge for record search time, review time, and duplication. In this case, however, because search and review time were negligible, there will be no charge.

Sincerely,

Robert P. Huerry
for

Peter Gordon
Acting Port Director

# HERRICK NIKAS
## ATTORNEYS AT LAW
### RESPOND TO:

**Costa Mesa Office**
555 Anton Blvd., 12th Floor
Costa Mesa, California 92626

**San Francisco Office**
Standard Oil Building
225 Bush Street, 16th Floor
San Francisco, California 94104

3520 Crystal View Court
Miami, Florida 33133
Telephone (305) 858-2332
Telecopier (305) 858-6347
Toll Free(voice)(888) 841-8881
Toll Free (fax) (888) 841-8883

e-mail address:
pherrick@herricnikas.com

**Long Beach Office**
301 E. Ocean Blvd., Suite 630
Long Beach, California 90802

**Anchorage Office**
329 F Street, Suite 220
Anchorage, Alaska 99501

May 6, 2005

TELECOPY ONLY (415-705-1656)

FREEDOM OF INFORMATION ACT

James T. Welte
Fines, Penalties & Forfeitures Officer
U S Customs & Border Protection
555 Battery Street
San Francisco CA 94111

Dear Mr. Welte:

We request the name and address from whom Customs seized the following currency/merchandise: Case No. 2001(sic)-2801-000007-01      $100,000

Pursuant to instructions your office received from the CBP Disclosure Law Branch in March, 2005, you were supposed to publish the names and addresses with the publication of the Notice of Forfeiture. You have not done this. For your convenience I am enclosing a copy of the letter authorizing release of the names and addresses.

Sincerely,

Peter S. Herrick

GOVERNMENT EXHIBIT
CARDELS 800-783-0399
8

U. S. Customs and Border
Protection
U.S. Department of Homeland Security
Port Director
555 Battery Street
San Francisco, CA 94111-2316



U.S. Customs and
Border Protection

Date: June 20, 2005
File: 05-14 FOIA

Peter S. Herrick, Esq.
3520 Crystal View Court
Miami, Florida 33133

Dear Peter S. Herrick, Esq.:

This is in reply to your Freedom of Information Act request dated May 6, 2005, regarding seizure case no. 2001-2801-000007-01. You request the name and address of the person associated with the above-referenced seizure case. Furthermore, you state that pursuant to instructions received from the CBP Disclosure Law Branch in March 2005, the names and addresses were supposed to be included with the publication of the Notice of Forfeiture.

Be advised that it is CBP's policy to not publish the name and place of residence of the person from whom property is seized, except for seizures effected under the authority of title 46 of the United States Code. However, in accordance with 19 C.F.R. 103.32, the identify of the violator may be disclosed after CBP's action is completed. The violator's name is Joseph Jacob Levin. Please be advised that the violators address is exempt from disclosure pursuant to 5 U.S.C. 552(b)(3). The citation of a particular exemption for withholding information is not intended to indicate that other exemptions in the Freedom of Information Act are not inapplicable.

Enclosed is an information sheet concerning the exemption. Because your request is partially denied, I am required to notify you that you may appeal this denial in writing within thirty five (35) days after the date of this notification to the Director, Office of Regulations and Rulings, Customs and Border Protection, 1300 Pennsylvania Avenue, N.W., Washington, D.C. 20229. In the event that the Director should (1) fail to issue an additional determination of your appeal within twenty (20) working days of its receipt (plus ten additional working days if you are notified in writing that an extension of time is required or applicable) or (2) deny your appeal, you may obtain judicial review pursuant to 5 U.S.C. 552(a)(4)(C) in the U.S. District Court in the district in which you reside or have a principal place of business, or in which the agency's records are situated, or in the U.S. District Court of the District of Columbia. If you have any questions, please contact Andrea Craig of the Fines, Penalties, and Forfeitures Office at (415) 782-9234.

Sincerely,

*A. Craig*
for James T. Welte
Fines, Penalties, & Forfeitures Officer


GOVERNMENT
EXHIBIT
9

Enclosure
cc: Port Director

## INFORMATION CONCERNING EXEMPTIONS FROM DISCLOSURE
## UNDER THE FREEDOM OF INFORMATION ACT - 5 U.S.C. 552

### EXEMPTIONS

Pursuant to 5 U.S.C. 552(b), the Freedom of Information Act does not apply to matters that are -

(1)(A)  specifically authorized under rules established by an Executive Order to be kept secret in the interest of national defense or foreign policy and (b) are in fact properly classified under such order;

(2)  related solely to the internal personnel rules and practices of an agency;

(3)  specifically exempt from disclosure by statute, provided that such statute -

    (A)  requires that the matters be withheld from the public so as to leave no discretion on the issue, or
    (B)  establishes particular criteria for withholding or refers to particular kinds of matters to be withheld;

(4)  trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(5)  inter-agency or intra-agency memoranda or letters which would not be available by law to a party other than an agency in litigation with the agency;

(6)  personnel and medical files and similar files the disclosure of which constitutes a clearly unwarranted invasion of personal privacy;

(7)  records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information -

    (A)  could reasonably be expected to interfere with enforcement proceedings,
    (B)  could reasonably be expected to deprive a person of a right to a fair trial or impartial adjudication,
    (C)  could reasonably be expected to constitute an unwarranted invasion of personal privacy,
    (D)  could reasonably be expected to disclose the identity of a confidential source including a state, local, or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information foreign agency or compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, confidential information furnished by a confidential source,
    (E)  would disclose techniques and procedures for law enforcement investigations or

    prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or

 (F) could reasonably be expected to endanger the life or physical safety of any individual;

(8) contained in or related to examination, operating, or condition reports prepared by or for any agency responsible for the regulation or supervision of financial institutions; or

(9) geological and geophysical information about wells, including maps.

Case 1:05-cv-01570-AK-AK    Document 17-6    Filed 12/13/2005    Page 14 of 14

19 CFR 103.32

§ 103.32 Information concerning fines, penalties, and forfeitures cases.

    Except as otherwise provided in these regulations or in other directives (including those published as Treasury Decisions), port directors and other Customs officers shall refrain from disclosing facts concerning seizures, investigations, and other pending cases until Customs action is completed. After the penalty proceeding is closed by payment of the claim amount, payment of a mitigated amount, or judicial action, the identity of the violator, the section of the law violated, the amount of penalty assessed, loss of revenue, mitigated amount (if applicable), and the amount of money paid may be disclosed to the public by the appropriate port director. Public disclosure of any other item of information concerning such cases, whether open or closed, shall only be made in conformance with the procedures provided in § 103.5.

