# HERRICK NIKAS
### ATTORNEYS AT LAW
### RESPOND TO:

3520 Crystal View Court
Miami, Florida 33133
Telephone (305) 858-2332
Telecopier (305) 858-6347
Toll Free(voice)(888) 841-8881
Toll Free (fax) (888)841-8883

e-mail address:
pherrick@herricknikas.com

Costa Mesa Office
555 Anton Blvd., 12th Floor
Costa Mesa, California 92626

San Francisco Office
Standard Oil Building
225 Bush Street, 16th Floor
San Francisco, California
94104

Long Beach Office
301 E. Ocean Blvd., Suite 530
Long Beach, California 90802

Anchorage Office
329 F Street, Suite 220
Anchorage, Alaska 99501

June 24, 2005

<u>TELECOPY ONLY (202-572-8747)</u>

<u>FREEDOM OF INFORMATION ACT APPEAL</u>

Joanne Roman Stump, Esq.
Disclosure Law Branch
U S Customs & Border Protection
1300 Pennsylvania Avenue NW
Washington, DC 20229

Dear Ms. Stump:

    This is an appeal, filed pursuant to the Freedom of Information Act, of the decision of the CBP San Francisco F.P. & F. Office dated June 20, 2005 denying our request for an address. This office is relying on the 5 U.S.C. §552(b)(3) exemption. No explanation was given for the reasons the (b)(3) exemption precludes the release of the address. CBP policy is not a reason.

Sincerely,

Peter S. Herrick

Enclosure



# HERRICK NIKAS
### ATTORNEYS AT LAW
### RESPOND TO:

3520 Crystal View Court
Miami, Florida 33133
Telephone (305) 858-2332
Telecopier (305) 858-6347
Toll Free (voice) (888) 841-8881
Toll Free (fax) (888) 841-8883

e-mail address:
pherrick@herricknikas.com

**Costa Mesa Office**
555 Anton Blvd., 12th Floor
Costa Mesa, California 92626

**San Francisco Office**
Standard Oil Building
225 Bush Street, 16th Floor
San Francisco, California
94104

**Long Beach Office**
301 E. Ocean Blvd., Suite 530
Long Beach, California 90802

**Anchorage Office**
329 F Street, Suite 220
Anchorage, Alaska 99501

June 22, 2005

**FREEDOM OF INFORMATION ACT REQUEST**

**TELECOPY ONLY (973-368-6082)**

Edward P. Nagle, Director
Fines, Penalties and Forfeitures Director
U.S. Customs and Border Protection
1100 Raymond Boulevard
Newark, NJ 07102

Dear Mr. Nagle:

    This is a request for records, including electronic records filed pursuant to the Freedom of Information Act, 5 U.S.C. 552, *et. seq.* We agree in advance to pay for all reasonable search and copy charges pursuant to FOIA. We request the names and addresses of the persons from whom Customs seized currency for the following cases:

| | | |
|---|---|---|
| 2004-1001-000027-01 | - | $48,300.00 |
| 2005-1001-000220-01 | - | $23,557.00 |
| 2005-1001-000223-01 | - | $23,545.00 |
| 2005-1001-000138-01 | - | $124,045.00 |
| 2005-1001-000150-01 | - | $53,080.00 & $40,876.00 (money orders) |
| 2005-1001-000278-01 | - | $279,752.45 |
| 2005-1001-000277-01 | - | $279,752.45 |
| 2005-1001-000158-01 | - | $315,510.00 |
| 2005-1001-000216-01 | - | $18,759.00 |

1



```
2005-1001-000244-01    -    $203,050.00
2005-1001-000224-01    -    $43,015.00
2005-1001-000208-01    -    $8,335.00
2005-1001-000236-01    -    $21,000.00
2005-1001-000237-01    -    $75,500.00
2005-1001-000218-01    -    $50,230.00
```

We request that the above referenced records be provided as prescribed by law.

Sincerely,

Peter S. Herrick

2

## LEGAL NOTICE

### UNITED STATES CUSTOMS AND BORDER PROTECTION

Notice is hereby given that the following merchandise has been seized on or about the date indicated for violations of customs or other laws.

$48,300.00 in U.S. Currency, seized on October 20, 2003, (2004-1001-000027-01); $23,557.00 in U.S. Currency, seized on February 1, 2005 (2005-1001-000220-01); $23,545.00 in U.S. Currency, seized on February 16, 2005, (2005-1001-000273-01); Approx. $124,045.00 in U.S. Currency, seized on January 6, 2005, (2005-1001-000138-01); $53,080.00 in U.S. Currency, $40,876.00 in Money Orders, and 2000 Jeep Grand Cherokee (VIN# 1J4GW40S3YC310965) DV at $11,500.00, seized on January 20, 2005, (2005-1001-000150-01); $279,752.45 in U.S. Currency, seized on April 20, 2005, (2005-1001-000278-01); $279,752.45 in U.S. Currency, seized on April 20, 2005, (2005-1001-000277-01); $315,510.00 in U.S. Currency, seized on January 28, 2005, (2005-1001-000158-01); $18,759.00 in U.S. Currency, seized on March 5, 2005, (2005-1001-000216-01); $203,050.00 in U.S. Currency, seized on March 24, 2005, (2005-1001-000244-01); $43,015.00 in U.S. Currency, seized on March 9, 2005, (2005-1001-000224-01); $8,335.00 in U.S. Currency, seized on March 1, 2005, (2005-1001-000208-01); $21,000.00 in U.S. Currency, seized on March 21, 2005, (2005-1001-000236-01); $75,500.00 in U.S. Currency, seized on March 21, 2005, (2005-1001-000237-01); $50,230.00 in U.S. Currency, seized on March 6, 2005, (2005-1001-000218-01);

Any party asserting an interest and claim to the property must appear within 20 days from the date of the first publication of this notice and file with the FP&F Director at 1100 Raymond Blvd., Newark, NJ 07102, a seized asset claim form asserting an ownership interest in default of which the property will be forfeited to the United States Government. (#2961)

Edward P. Nagle
Director of Fines, Penalties
and Forfeitures

1100 Raymond Boulevard
Newark, NJ 07102



U.S. Customs and
Border Protection

JUL 2 0 2005

DIS 2:AD:N:FOIA CS

Mr. Peter S. Herrick, Esq.
Herrick Nikas
3520 Crystal View Court
Miami, FL 33133

RE:  **FOIA/PA Request**
     **File No. NK 05155**

Dear Mr. Herrick:

This is in reference to your Freedom of Information Act (FOIA) request, dated June 29, 2005, wherein you request documentation evidencing the names and addresses of individuals from whom currency was seized relative to fifteen (15) Customs and Border Protection (CBP) seizure cases.

We have located and reviewed the documents requested and determined that the documents are exempt from disclosure pursuant to 5 U.S.C. 552(b)7(c). 5 U.S.C. 552 (b)(7)(c) pertains to records or information compiled for law enforcement purposes, the disclosure of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties.

However, as CBP action has been completed for twelve (12) of the cases, pursuant to 19 C.F.R. 103.32, the attached information, relative to those cases is authorized for release.

You have a right to appeal any denial or partial denial of your request with the Assistant Commissioner, Office of Regulations and Rulings, Bureau of Customs and Border Protection, 1300 Pennsylvania Ave., NW, Washington, DC 20229, within 35 days after the date of this determination.

In the event the FOIA Appeals Officer should (1) fail to issue a determination of your appeal within twenty (20) working days of its receipt (plus ten (10) additional days if you are notified that an extension of time is required and applicable), or (2) deny your appeal, you may obtain judicial review, pursuant to 5 U.S.C. 552 (a)(4)(B), in the United States District Court in the district (1) which you reside, (2) in which your principal place



GOVERNMENT
EXHIBIT
13

-2-

of business is located, (3) in which the agency records are situated or (4) in the District of Columbia.

If you have any questions please contact Craig Sahl, of my staff, at (973) 368-6014.

Sincerely,

Kathleen M. Haage-Gaynor
Area Director
Newark/New York

**2004-1001-000027-01**
Violator:        Jose Cordero
Law Violated:    18 USC 981, 18 USC 1956

**2005-1001-000220-01**
Violator:        Ronald Thomas
Law Violated:    18 USC 981, 18 USC 1956

**2005-1001-000138-01**
Violator:        Ricardo Perez-Paez
Law Violated:    18 USC 981, 18 USC 1956

**2005-1001-000278-01**
Violator:        Unknown
Law Violated:    18 USC 981, 18 USC 1956

**2005-1001-000277-01**
Violator:        Unknown
Law Violated:    18 USC 981, 18 USC 1956

**2005-1001-000158-01**
Violator:        David Crespo
Law Violated:    18 USC 981, 18 USC 1956

**2005-1001-000216-01**
Violator:        Freddy Rodriguez
Law Violated:    18 USC 981, 18 USC 1956

**2005-1001-000244-01**
Violator:        Pablo Garcia
Law Violated:    18 USC 981, 18 USC 1956

**2005-1001-000224-01**
Violator:        Jose Pena
Law Violated:    18 USC 981, 18 USC 1956, 21 USC 846

**2005-1001-000208-01**
Violator:        Priscilian Gutierrez
Law Violated:    18 USC 981, 18 USC 1956, 21 USC 846

**2005-1001-000236-01**
Violator:         Hector Sanchez
Law Violated:     18 USC 981, 18 USC 1956

**2005-1001-000237-01**
Violator:         Josandi Jenao
Law Violated:     18 USC 981, 18 USC 1956

# HERRICK NIKAS
## ATTORNEYS AT LAW

<u>Costa Mesa Office</u>
555 Anton Blvd., 12th Floor
Costa Mesa, California 92626

<u>San Francisco Office</u>
Standard Oil Building
225 Bush Street, 16th Floor
San Francisco, California
94104

**RESPOND TO:**

3520 Crystal View Court
Miami, Florida 33133
Telephone   (305) 858-2332
Telecopier  (305) 858-6347
Toll Free   (866) 377-8677

<u>Long Beach Office</u>
301 E. Ocean Blvd., Suite 530
Long Beach, California 90802

<u>Anchorage Office</u>
329 F Street, Suite 220
Anchorage, Alaska 99501

e-mail address:
pherrick@herricknikas.com

July 25, 2005

<u>FREEDOM OF INFORMATION ACT APPEAL</u>

<u>TELECOPY ONLY (202-572-8747)</u>

Joanne Roman Stump
Chief, Disclosure Law Branch
U S Customs and Border Protection
1300 Pennsylvania Avenue NW
Washington DC 20229

Re:   Freedom of Information Act Appeal
      Customs Case Nos. Various   (NK 05155)

Dear Ms. Stump:

    In a letter of June 22, 2005 we requested the CBP Newark F.P. & F. Office to provide the names and addresses of named persons from whom CBP had seized property, copy enclosed. In a letter of July 20, 2005, copy enclosed, the CBP Newark Area Director refused to release the names and addresses in (3) cases and released only the names but not the addresses in the other (12) cases. This is an appeal of the denials filed pursuant to the Freedom of Information Act, 5 U.S.C. §552, *et. seq*. We expect the names and addresses to be provided within the time prescribe by section

1



552.

    CBP refused the request citing to the section 552(b)(7)(c) exemption.

    CBP of course is concerned that the names and addresses would be exempt because the release may constitute an unwarranted invasion of personal privacy and/or is a law enforcement record. "The courts have construed this provision as permitting exemption if the privacy interest at stake outweighs, the public interest in disclosure." United State Dept't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 776 (1989). Further:

> "[a]lthough *Reporters Committee* and the precedent of this circuit make clear that FOIA extends only to those records which reveal something about *agency action*, the mere fact that records pertain to an individual's activities does not necessarily qualify them for exemption. Such records may still be cloaked with the public interest if the information would shed light on agency action." The Nation Magazine, et al. v. United States Customs Service, 71 F. 3d 885, 894 (D.C. Cir. 1995).

By us being able to contact the person from whom the currency was seized, we will be able to shed light on CBP's action in forfeiting all of the currency. Continuing:

> "But we do not read *Safecard*[1] as permitting an agency to exempt from disclosure *all* of the material in an investigatory record solely on the grounds that the record includes some information which identifies a private citizen or provide that **person's name and address**. Because such a blanket exemption would reach far more broadly than is necessary to protect the identities of individuals mentioned in law enforcement files, it would be contrary to FOIA's overall purpose of disclosure, and thus is not a permissible reading of Exemption 7(C)." [Emphasis Added]. Nation, supra, p. 896.

    Based on the foregoing analysis that exemption 7(C) is inapplicable as is the (b)(7)(c) exemption, we request the disclosure of the addresses.

---

[1] Safecard Services, Inc. v. SEC, 926 F. 2d 1197(D.C. Cir. 1991).

Furthermore, this failure to provide the names and addresses is a direct contradiction to the ruling letters issued by your office on March 17 & May 20, 2005 to release the names and addresses.

We have previously advised your office that if we do not begin receiving the requested names and addresses from the ports and/or have the names and addresses published by August 1, 2005, we will commence litigation in the U. S. District Court for the District of Columbia for these records. Again we are hopeful this is not necessary.

Sincerely,

Peter S. Herrick

Enclosures

3

## Presidential Documents

Executive Order 12600 of June 23, 1987

Predisclosure Notification Procedures for Confidential Commercial Information

By the authority vested in me as President by the Constitution and statutes of the United States of America, and in order to provide predisclosure notification procedures under the Freedom of Information Act concerning confidential commercial information, and to make existing agency notification provisions more uniform, it is hereby ordered as follows:

Section 1. The head of each Executive department and agency subject to the Freedom of Information Act shall, to the extent permitted by law, establish procedures to notify submitters of records containing confidential commercial information as described in section 3 of this Order, when those records are requested under the Freedom of Information Act (FOIA), 5 U.S.C. 552, as amended, if after reviewing the request, the responsive records, and any appeal by the requester, the department or agency determines that it may be required to disclose the records. Such notice requires that an agency use good-faith efforts to advise submitters of confidential commercial information of the procedures established under this Order. Further, where notification of a voluminous number of submitters is required, such notification may be accomplished by posting or publishing the notice in a place reasonably calculated to accomplish notification.

Sec. 2. For purposes of this Order, the following definitions apply:

(a) "Confidential commercial information" means records provided to the government by a submitter that arguably contain material exempt from release under Exemption 4 of the Freedom of Information Act, 5 U.S.C. 552(b)(4), because disclosure could reasonably be expected to cause substantial competitive harm.

(b) "Submitter" means any person or entity who provides confidential commercial information to the government. The term "submitter" includes, but is not limited to, corporations, state governments, and foreign governments.

Sec. 3. (a) For confidential commercial information submitted prior to January 1, 1988, the head of each Executive department or agency shall, to the extent permitted by law, provide a submitter with notice pursuant to section 1 whenever:

(i) the records are less than 10 years old and the information has been designated by the submitter as confidential commercial information; or

(ii) the department or agency has reason to believe that disclosure of the information could reasonably be expected to cause substantial competitive harm.

(b) For confidential commercial information submitted on or after January 1, 1988, the head of each Executive department or agency shall, to the extent permitted by law, establish procedures to permit submitters of confidential commercial information to designate, at the time the information is submitted to the Federal government or a reasonable time thereafter, any information the disclosure of which the submitter claims could reasonably be expected to cause substantial competitive harm. Such agency procedures may provide for the expiration, after a specified period of time or changes in circumstances, of designations of competitive harm made by submitters. Additionally, such



Federal Register / Vol. 52, No. 122 / Thursday, June 25, 1987 / Presidential Documents

procedures may permit the agency to designate specific classes of information that will be treated by the agency as if the information had been so designated by the submitter. The head of each Executive department or agency shall, to the extent permitted by law, provide the submitter notice in accordance with section 1 of this Order whenever the department or agency determines that it may be required to disclose records:

(i) designated pursuant to this subsection; or

(ii) the disclosure of which the department or agency has reason to believe could reasonably be expected to cause substantial competitive harm.

Sec. 4. When notification is made pursuant to section 1, each agency's procedures shall, to the extent permitted by law, afford the submitter a reasonable period of time in which the submitter or its designee may object to the disclosure of any specified portion of the information and to state all grounds upon which disclosure is opposed.

Sec. 5. Each agency shall give careful consideration to all such specified grounds for nondisclosure prior to making an administrative determination of the issue. In all instances when the agency determines to disclose the requested records, its procedures shall provide that the agency give the submitter a written statement briefly explaining why the submitter's objections are not sustained. Such statement shall, to the extent permitted by law, be provided a reasonable number of days prior to a specified disclosure date.

Sec. 6. Whenever a FOIA requester brings suit seeking to compel disclosure of confidential commercial information, each agency's procedures shall require that the submitter be promptly notified.

Sec. 7. The designation and notification procedures required by this Order shall be established by regulations, after notice and public comment. If similar procedures or regulations already exist, they should be reviewed for conformity and revised where necessary. Existing procedures or regulations need not be modified if they are in compliance with this Order.

Sec. 8. The notice requirements of this Order need not be followed if:

(a) The agency determines that the information should not be disclosed;

(b) The information has been published or has been officially made available to the public;

(c) Disclosure of the information is required by law (other than 5 U.S.C. 552);

(d) The disclosure is required by an agency rule that (1) was adopted pursuant to notice and public comment, (2) specifies narrow classes of records submitted to the agency that are to be released under the Freedom of Information Act, and (3) provides in exceptional circumstances for notice when the submitter provides written justification, at the time the information is submitted or a reasonable time thereafter, that disclosure of the information could reasonably be expected to cause substantial competitive harm;

(e) The information requested is not designated by the submitter as exempt from disclosure in accordance with agency regulations promulgated pursuant to section 7, when the submitter had an opportunity to do so at the time of submission of the information or a reasonable time thereafter, unless the agency has substantial reason to believe that disclosure of the information would result in competitive harm; or

(f) The designation made by the submitter in accordance with agency regulations promulgated pursuant to section 7 appears obviously frivolous; except that, in such case, the agency must provide the submitter with written notice of any final administrative disclosure determination within a reasonable number of days prior to the specified disclosure date.

Sec. 9. Whenever an agency notifies a submitter that it may be required to disclose information pursuant to section 1 of this Order, the agency shall also notify the requester that notice and an opportunity to comment are being

Federal Register / Vol. 52, No. 122 / Thursday, June 23, 1987 / Presidential Documents    23783

provided the submitter. Whenever an agency notifies a submitter of a final decision pursuant to section 5 of this Order, the agency shall also notify the requester.

Sec. 10. This Order is intended only to improve the internal management of the Federal government, and is not intended to create any right or benefit, substantive or procedural, enforceable at law by a party against the United States, its agencies, its officers, or any person.

*Ronald Reagan*

THE WHITE HOUSE,
*June 23, 1987*

[FR Doc. 87-14902
Filed 6-22-87; 4:36 pm]
Billing code 3195-01-M