**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**SEIZED PROPERTY RECOVERY**
**CORPORATION**
**3520 Crystal View Court**
**Miami, Florida 33133,**

　　　　　　**Plaintiff,**

**v.**　　　　　　　　　　　　**Civil Action No. 05-1570(PLF)**

**U. S. CUSTOMS AND**
**BORDER PROTECTION,**
**1300 Pennsylvania Avenue, NW**
**Washington, D. C. 20229,**

　　　　　　**Defendant.**
_____/

I, Peter S. Herrick, upon information and belief make the following declaration:

1.　　Pursuant to the Freedom of Information Act I have filed numerous requests for names and addresses with the U. S. Customs and Border Protection ["Customs"] either on behalf of Peter S. Herrick, P.A. or the defendant, Seized Property Recovery Corp. ["SPRC"].

2.　　These requests for names and addresses pertained to parties from whom Customs had seized property and Customs had published notices of seizure in a local newspaper.

3.　　Numerous of these requests were denied by Customs and the appeals

1

were denied and are included in several of the allegations in the Amended Complaint.

4.    In a letter to me of March 17, 2005 Customs notified me that they were releasing the names and addresses of (5) persons for whom I had filed an appeal of the decision of the Miami Customs Port Director refusing to release the requested information. I was also notified that Customs was "instructing the F.P. & F. Officer at the Miami Service Port that in the future, it should include this type of information in its public notices of seizure and sale as it is a regulatory requirement." The regulatory requirement referred to was 19 C.F.R. §162.45(a)(4). A copy of this letter is enclosed as Exhibit A.

5.    In a letter of May 20, 2005 Customs notified me that they were reminding the Port Director, Miami Service Port that the names and addresses were to be released and published in accordance with the March 17, 2005 letter. A copy of the May 20, 2005 letter is enclosed as Exhibit B.

6.    In a letter of June 8, 2005 Customs notified me it was releasing the names and addresses in (2) cases based on 19 C.F.R.§103.32. A copy of this letter is enclosed as Exhibit C.

7.    In a letter to me of March 17, 2005 Customs notified me that they were releasing the names and addresses of (16) persons for whom I had filed an appeal of the decision of the Long Beach Customs Port Director refusing to release the

requested information. I was also notified that Customs was "instructing the F.P. &
F. Officer at Long Beach that in the future, it should include this type of information
in its public notices of seizure and sale as it is a regulatory requirement." The
regulatory requirement referred to was 19 C.F.F. §162.45(a)(4). A copy of this letter
is enclosed as Exhibit D.

8.    Subsequent to the March 17, 2005 the Ports of Miami and Long Beach
began publishing the names and addresses with their public notices for a short period
of time. Examples of the publication of names and addresses by Customs in the Los
Angeles Daily Journal for April, 2005 which are enclosed as Exhibit E.

9.    On or about May 5, 2005 the Ports of Miami and Long Beach ceased
publishing the names and addresses of parties from whom Customs seized property.
This change seems to have occurred based on a Memorandum dated May 5, 2005 to
Customs' Directors, Field Operations from the Customs' Acting Executive Director,
Trade Compliance and Facilitation. According to this Memorandum, the Customs'
Ports were to stop publishing and releasing the requested names and addresses based
on the Seized Asset Management and Enforcement Procedures Handbook.[1] A copy

---

[1] In passing there is currently pending in the U. S. District Court for the
District of Columbia FOIA litigation for the release, in its entirety, the Seized
Asset Management and Enforcement Procedures Handbook. Peter S. Herrick's
Customs and International Trade Newsletter v. Customs and Border Protection
Bureau, Civil Action No. 04-00377(JDB).

3

of this Memorandum is enclosed as Exhibit F. Once this memorandum went into effect either I and/or SPRC resumed filing FOIA requests for names and addresses.

10. Other Federal State and Local law enforcement agencies publish the names and addresses of parties from whom they have seized property as follows:

a.    U. S. Treasury Department of Internal Revenue - Los Angeles Daily Journal enclosed as Exhibit G and New York Post enclosed as Exhibit H.

b.    Department of the Attorney General, State of Hawaii - Hawaii Star Bulletin enclosed as Exhibit I.

c.    U. S. Department of Justice, Federal Bureau of Investigation, U. S. Secret Service & U. S. Postal Service - Wall Street Journal enclosed as Exhibit J.

d.    Miami-Dade Police Department, Miami-Dade, Florida - Daily Business Review enclosed as Exhibit K.

e.    U. S. Attorney Notice of Forfeiture - Wall Street Journal enclosed as Exhibit L.

11. There are Customs' Notices of Seizure for which no names or addresses are provided. New York Post for the Ports of Newark and JFK enclosed as Exhibit M.

12. Other examples where Customs publishes notices of seizure without including the names and addresses may be found in Miami in the Daily Business

4

Review; in Los Angeles in the Daily Journal; in San Francisco in the CAL LAW; and, in San Juan in El Nuevo Dia.

13.    From 1967 through 1977 I was employed as an attorney by Customs in their Office of Rules and Regulations and Office of Chief Counsel. Since 1977 I have concentrated my practice on representing corporations and individuals on issues pending with Customs. In my experience after Customs seizes property they will defer any administrative proceeding if there is a pending related criminal matter. Thereafter, Customs will conduct an administrative proceeding and when it concludes they will publish a notice of forfeiture for 3 consecutive weeks. In my opinion, when a notice of forfeiture has been published there is no longer any ongoing law enforcement proceeding.

14.    Once Customs began publishing the names and addresses I discontinued filing FOIA requests for names and addresses. See for example enclosed Exhibit N.

15.    In their motion for summary judgment the government claims they have begun a "reverse FOIA" process in response to SPRC's requests for names and addresses. After being apprised of this new process, SPRC sent letters to Customs dated October 9, November 1 & 9, 2005 for the results of the process, copies enclosed as Exhibit O. To date there has been no response from Customs to these letters.

5

16.    The Customs' mitigation guidelines for seized property are set forth, *inter alia,* in their informed compliance publication dated February, 2004 and entitled <u>Customs Administrative Enforcement Process:  Fines, Penalties, Forfeitures and Liquidated Damages</u>.  At pages 22 & 23 of this publication are the mitigation guidelines for currency and monetary instrument seizures. Enclosed as Exhibit P.  It is obvious from this exhibit that it is Customs' policy to return at least 95% of the currency seized.  An example of the mitigation guidelines for currency seizures are set forth in the attached Exhibit P.

I declare, under penalty of perjury, that the matter and facts set forth in this Declaration and the exhibits enclosed herein are based upon my personal knowledge, information, and belief, and are correct and true.

Executed on this 4th day of January, 2006 in Miami, Florida.

Peter S. Herrick