# EXHIBIT O

# SEIZED PROPERTY RECOVERY CORPORATION
3520 Crystal View Court
Miami, Florida 33133
Tel. 305-428-0855

October 9, 2005

TELECOPY ONLY (202-572-8747)

FREEDOM OF INFORMATION ACT APPEALS

Joanne R. Stump, Chief
Disclosure Law Branch
U S Customs & Border Protection
1300 Pennsylvania Avenue NW
Washington DC 20229

Dear Ms. Stump:

In your letter to this office received on August 8, 2005, you advised that you had sent letters to 28 importers pursuant to 19 C.F.R. §103.35 to ascertain if they wanted their names and addresses released. Please advise the results of these 28 letters.

Sincerely,

Peter S. Herrick

Enclosures

# SEIZED PROPERTY RECOVERY CORPORATION
3520 Crystal View Court
Miami, Florida 33133
Tel. 305-428-0855

November 1, 2005

TELECOPY ONLY (202-572-8747)

FREEDOM OF INFORMATION ACT

John E. Elkins, Chief
FOIA Appeals, Policy & Litigation Branch
Office of Regulations and Rulings
U. S. Customs and Border Protection
1300 Pennsylvania Avenue NW
Washington, DC 20229

Dear Mr. Elkins:

    During the past few months your office has been notifying business submitters, pursuant to Executive Order 12,600 and 19 C.F.R. §103.35, that we have filed FOIA requests for their name and address. Please provide me with the results of your notifications.

                                    Sincerely,

                                    Peter S. Herrick

# SEIZED PROPERTY RECOVERY CORPORATION
3520 Crystal View Court
Miami, Florida 33133
Tel. 305-428-0855

November 9, 2005

<u>TELECOPY ONLY (202-572-8747)</u>
<u>FREEDOM OF INFORMATION ACT</u>

John E. Elkins, Chief
FOIA Appeals, Policy & Litigation Branch
Office of Regulations and Rulings
U. S. Customs and Border Protection
1300 Pennsylvania Avenue NW
Washington, DC 20229

Re:   Currency Seizure
      Your Ref. 588733 RH
      Customs Case No. 2005-2104-000033-01

Dear Mr. Elkins:

You notified the petitioner in the referenced matter that the Seized Property Recovery Corp. had filed a FOIA request for the name and address of the petitioner. The petitioner's attorney contacted me and advised that petitioner has legal counsel. We therefore withdraw our FOIA request for the name and address of this petitioner.

During the past few months your office has been notifying business submitters, pursuant to Executive Order 12,600 and 19 C.F.R. §103.35, that we have filed FOIA requests for their name and address. Please provide me with the results of your notifications.

Sincerely,

Peter S. Herrick

cc:   Collins Akukwe, Esq.

# EXHIBIT P

*What Every Member of the Trade Community Should Know About:*
# Customs Administrative Enforcement Process: Fines, Penalties, Forfeitures and Liquidated Damages



AN INFORMED COMPLIANCE PUBLICATION

FEBRUARY 2004

**U.S. CUSTOMS and BORDER PROTECTION**

If first offense, involving absolutely duty-free articles: From one to five percent of the domestic value, but not less than $50 (or the domestic value, whichever, is less) nor more than $1,000.

If mitigating factors are present: Customs may reduce the mitigated amount to a lower figure.

If aggravating factors are present: For conditionally free articles, from one to two times the duty (but not less than $100), or the domestic value, whichever is lower, and for absolutely free articles, from five to ten percent of the domestic value (but not less than $100).

For the remission of goods subject to forfeiture in cases of **monetary instrument or currency reporting violations under 31 U.S.C. 5316 and 5317**, Customs, generally, will release the monetary instrument or currency transported (where the reporting violation has no connection to illegal activity) upon payment of the following standard amounts. These standard amounts are based on the amount being transported:

- Transport of $15,000 or less:           $500 standard amount;

- Transport of $15,001 - $25,000:         $1,000 standard amount;

- Transport of $25,001 - $40,000:         $2,500 standard amount;

- Transport of $40,001 - $70,000:         $5,000 standard amount;

- Transport of $70,001 - $120,000:        $10,000 standard amount;

- Transport of $120,001 - $200,000:       $20,000 standard amount;

- Transport of $200,001 - $500,000:       $30,000 standard amount;

- Transport of $500,001 - $1,000,000:     $50,000 standard amount;

- Transport of more than $1,000,000:      decided in accordance with Customs Treasury delegations and policy.

[Note that Treasury approval is required in cases where the forfeiture value is greater than $500,000.]

With regard to the disposition of any forfeiture case, **mitigating factors**, when applicable, may decrease the penalty amount the petitioner must pay for remission of the forfeiture by up to ten (10) percent of the standard amount for each factor present, but by no more than thirty (30) percent of the standard amount. Extraordinary mitigating

22

factors may warrant remission of all, or a significant portion of the standard amount. Generally, mitigating factors include:

- inexperience;
- cooperation with, or voluntary disclosure of a violation to, Customs officers;
- contributory Customs negligence; and
- impaired communication with violator (because of language barrier, mental condition, or physical ailment).

In any cases where either Customs denies the petitioner any relief or the petitioner fails to comply with the relief granted by Customs, the case either will be referred to the U.S. Attorney for judicial forfeiture or will be processed administratively by Customs for administrative forfeiture disposition.

Claims for forfeiture of monetary instruments under 31 U.S.C. §§ 5316 and 5317 are subject to the provisions of CAFRA. As is the condition for all remissions, the claimant for remission of such forfeiture must pay costs of seizure and storage (absent extraordinary circumstances), as well as paying any remission amount, execute a hold harmless agreement, and comply with any terms and conditions that are deemed appropriate.

CAFRA provisions further allow for the granting of attorneys fees, interest and costs in any case where a claimant "substantially prevails" in any civil proceeding relating to forfeited property. In no case will a remission of the forfeiture be considered "substantially prevailing" for purposes of paying attorneys fees, interests or costs. Hence, these fees, interests, and costs, will only be granted by a court to a claimant who has substantially prevailed in a civil judicial proceeding.

With regard to excessive fines and proportionality review, CAFRA's amendments of 18 U.S.C. § 983(g) provide that a claimant may petition the court to determine whether the forfeiture was constitutionally excessive. In this regard, CAFRA has codified the standard set forth in U.S. v.Bajakajian, 524 U.S. 324 (1998).

## G. Statute of Limitations For Civil Forfeiture Actions

CAFRA modifies 19 U.S.C. § 1621 and provides the time limit in which the Government can bring an action for forfeiture. This amendment applies to all Customs seizures for forfeiture and provides the same five (5) year limitation, from the discovery of the violation, but adds a provision requiring the commencement of the proceeding within the above-cited five (5) year period, or within two (2) years of discovery of the property's involvement in the crime, whichever is later.

[See next page for a chart of the seizure process]