## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SEIZED PROPERTY RECOVERY CORPORATION, | ) ) ) | Civil Action No: 1:05 CV-01570 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| U.S. CUSTOMS AND BORDER PROTECTION | ) ) ) | |
| Defendant | ) ) | |

## DECLARATION OF MARSHALL H. FIELDS JR.

### INTRODUCTION

1.      I, Marshall H. Fields, Jr. make the following statement, under penalty of perjury, pertinent to the above styled and numbered cause, and being over 18 years of age, am fully competent to make the statements contained in this declaration.

2.      I am the Chief of the FOIA/PA Section, Information Disclosure Unit, Mission Support Division, Office of Investigations, GS-14, for U.S. Immigration and Customs Enforcement (ICE) within the Department of Homeland Security (DHS). I have held this position since July 2004. My office is located at 425 I Street, NW, Washington DC.

3.      Among other things, the official duties and responsibilities of my position include the general management, oversight, and supervision of the Freedom of Information Act/Privacy Act (FOIA/PA) section of the Information Disclosure Unit. The FOIA/PA section processes the FOIA/PA requests received throughout ICE Headquarters (HQ) and the various field offices of all the components within ICE.

4.      Effective March 1, 2003, the United States Customs Service (USCS) (formerly a component of the United States Department of Treasury) became part of DHS. Functions previously performed by USCS transferred to two components of DHS: U.S. Customs and Border Protection (CBP), which has primary inspections responsibility at U.S. airports, seaports, and land border crossings; and ICE, which has primary investigative jurisdiction in the enforcement of immigration and customs laws.

5.      This declaration is based upon my personal review and information conveyed to me in the course of my official duties. I am familiar with the facts of this case through discussions with ICE Counsel who has had previous discussions with the United States Attorneys Office and CBP counsel. I understand that CBP has already disclosed some information that is responsive to Plaintiff's request, but has withheld other information pursuant to FOIA exemption (b)(7)(A) in order to protect from disclosure information that could interfere with ongoing ICE investigations. This declaration is in support of CBP's assertion of FOIA exemption (b)(7)(A).

## FREEDOM OF INFORMATION EXEMPTION

6.      Exemption (b)(7) Threshold: ICE information contained in these records meets the threshold requirement of exemption 7. ICE is a law enforcement agency. *See* 19 U.S.C. § 1589a and 8 U.S.C. § 1357; *see also* Transitional Authorities and Savings Provisions of the Homeland Security Act of 2002 (6 U.S.C. § 551, *et seq.*). Pursuant to the Homeland Security Act of 2002 and the subsequent organization of DHS, the enforcement and investigation arms of USCS and the enforcement and investigative functions of the U.S. Immigration and Naturalization Service and the Federal Protective Service, including special agents of those organizations, were combined into ICE. *See* U.S. Department of Homeland Security, "Border Reorganization Fact Sheet," January 30, 2003, Exhibit 1, *supra*. ICE is the largest investigative arm of DHS, and is

**DECLARATION OF MARSHALL H. FIELDS JR.**                                         **Page 2**

responsible for identifying and eliminating vulnerabilities in the nation's border, economic, transportation and infrastructure security. The information CBP has withheld in this matter has become incorporated into ICE files relating to ongoing investigations of criminal or civil violations of law.

7.    Exemption (b)(7)(A): FOIA Exemption (b)(7)(A) allows the withholding of "records or information compiled for law enforcement purposes" to the extent that their release "could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). In its earlier response to Plaintiff, CBP withheld information relating to certain seizure numbers based on Exemption (b)(7)(A) because the subjects associated with those seizure numbers are being investigated by ICE for various violations of the law that may or may not have been associated with those particular seizures. Those seizure numbers are as follows: 2005-2704-000079; 2005-2704-000253; 2005-2704-000277; 2005-2704-000278; 2005-2704-000282; 2005-2704-000289; 2005-2704-000308; 2005-2704-000321; 2005-2704-000329; 2005-2704-000345; 2005-2704-000346; 2005-2704-000347; 2005-2704-000352; 2005-2704-000355; 2005-2704-000373; 2005-2704-000; 2005-2704-000394; 2005-2704-000396; 2005-2704-000419; 2005-2704-000430; 2005-2704-000422; 2005-2704-000399; 2005-2704-000398; 2005-2704-000421; 2005-2704-000401; 2005-2704-000026; 2005-2704-000133; 2005-2720-000110; 2005-2720-000104; 2005-2704-000449; 2005-2704-000434; 2005-2704-000429; 2005-2704-000405; 2005-2704-000383; 2005-2704-000372; 2005-2704-000369; 2005-2704-000332; 2005-2704-000303; 2005-2704-000247; 2005-2704-000474; 2005-2704-000232; 2005-2704-000225; 2003-2720-000632; 2005-2720-000362; 2003-2704-000993; 2005-2704-000329; 2001-2704-000392; 2003-2704-000314; 2004-2704-000074; 2005-2704-000058; 2005-2704-000138; 2005-2704-000270; 2005-2704-000350; 2005-2704-000407; 2005-2704-000469; 2005-2704-000478; 2005-2704-

000481; 2005-2704-000506; 2005-2704-000517; 2005-2704-000526; 2004-2720-000178; 2005-2720-000194; 2002-2720-000173; 2005-2720-000419; 2005-2704-000348; 2005-2704-000402; 2005-2704-000425; 2005-2704-000463; 2005-2704-000514; 2005-2704-000539; 2005-2704-000543; 2005-2720-000091; 2005-2720-000159; 2005-2770-000026; 2005-2775-000010; 2005-2775-000011; 2004-2704-000862; 2005-2704-000070; 2005-2704-000101; 2005-2720-000208; 2005-2704-000370; 2005-2704-000388; 2005-2704-000413; 2005-2704-000433; 2005-2704-000446; 2005-2704-000448; 2005-2704-000500; 2005-2704-000510; and 2005-2704-000556.

8.      Releasing or publishing the name and addresses of entities associated with the seizure numbers listed above may lead to third party recipients of that information, including Plaintiff, reaching out to the named entity.  That named entity may, in turn, become suspicious of other enforcement proceedings, even if the matter that is the subject of the contact is not currently under investigation.  As a result, there is a reasonable expectation that the entity will alter its practices, i.e., attempt to divert merchandise through different ports of entry, change parties with whom it conducts business such as the foreign shipper or supplier, or change a relationship with any confidential informant, and thus do irreparable harm to an existing criminal investigation. Moreover, now that these seizure numbers have been clearly identified as being associated with entities that are under investigation, ICE has reason to believe that the entities associated with the seizure numbers, who are either unaware or do not have confirmation that they are targets of ICE investigations, will be put on notice, or receive confirmation, of the ongoing ICE investigations. Such notice or confirmation could lead the entities that are subjects of ongoing investigations to modify their behavior, destroy evidence, interfere with potential witnesses, or take other actions that would devastate the ability of ICE to uncover information relevant to the investigations.

DECLARATION OF MARSHALL H. FIELDS JR.                                      Page 4

Executed on this 2nd day of February, 2006, in Washington, D.C.

Marshall H. Fields, Jr.