UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SEIZED PROPERTY RECOVERY CORPORATION | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1570 (PLF) |
| | ) | |
| UNITED STATES CUSTOMS AND BORDER PROTECTION | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN DISPUTE AND STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

Pursuant Local Rule 7(h), defendant submits the following response to Plaintiff's Statement of Material Facts in Dispute and Statement of Material Facts Not in Dispute:[1]

1. This is a statement of law, not a statement of fact. In addition, the cited record evidence (Declaration of Peter Herrick at ¶ 16) does not by itself support this statement. Defendant would further note that individuals who have had their property seized by Customs and Border Protection do receive notice of the proceedings. See 19 U.S.C. § 1607(a).

2. Defendant disputes. The release of a list of names and addresses does not reveal the activities or operations of CBP in any manner. All it would reveal is who had their goods seized, their address at the times those goods were seized, and the fact that the goods are now subject to forfeiture proceedings.

3. Defendant disputes, and refers the Court to the Declaration of Marshall Fields. See

_____

[1]Paragraphs 1-4 of Plaintiff's Statement of Material Facts in Dispute and Statement of Material Facts Not In Dispute are identical.

Declaration of Marshall Fields at ¶ 7.

4. Defendant disputes, and refers the Court to the Declarations of John Elkins and Marshall Fields, which explain that the release of the names and addresses might result in a third party (such as SPRC here) reaching out to the commercial entity whose goods have been seized, which might cause that entity to become suspicious of other enforcement proceedings. See Elkins Dec. at ¶ 35; Fields Dec. at ¶ 8. This may result in the company altering its practices; i.e., attempting to divert merchandise through different ports of entry, changing parties with whom it conducts business such as the foreign shipper or supplier, or changing a relationship with a confidential informant, and thus do irreparable harm to an existing criminal investigation. See id. Moreover, the relevant legal standard is not whether release will cause harm to ongoing law enforcement investigations, but rather whether release could reasonably be expected to cause harm to ongoing law investigations. See 5 U.S.C. § (b)(7)(A).

5. Defendant does not dispute; however, this fact is not material. CBP's regulations do not require publication of names or addresses, unless the seizure is done under the navigation laws. See 19 C.F.R. § 162.45.

6. This is a statement of law, not a statement of fact. Defendant disputes that this is an accurate characterization of the agency's statutory obligations, and refers to Part III of its Opposition/Reply Memorandum for a discussion of this issue.

7. Defendant disputes. While this statement is not material, Plaintiff's statements at paragraph 7 of Plaintiff's Statement of Material Facts Not in Dispute, and in Mr. Herrick's Declaration at paragraph 16 are factually incorrect. SPRC misrepresents the text of the exhibit it attaches which describes remission and mitigation procedures. The text does not describe any

"obvious" minimum 95% return.  Rather, the procedures he cites provide a sliding scale of remission amounts and mitigation factors for civil forfeitures of currency and monetary instrument reporting violations.  See Pl. Exh. P.   .

8.  This is a statement of law, not a statement of fact.  Defendant does not dispute that, to date, the courts have declined to find that the privacy interests encompassed by exemptions 6 and 7(C) of the FOIA extend to corporate or commercial entities.

9.  This is a statement of law, not a statement of fact.  Customs does not dispute that when a seizure is effected under the authority of Title 46 of the United States Code, CBP does include the name and place of residence.  See 19 C.F.R. § 162.45(a)(4).

Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN , D.C. Bar # 451058
United States Attorney


_____/s/_____
R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney


_____/s/_____
PETER D. BLUMBERG, Bar # 463247
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7157

Dated: February 2, 2006

-3-