UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SEIZED PROPERTY RECOVERY CORPORATION** | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) Civil Action No. 05-1570 (AK) ) |
| **UNITED STATES CUSTOMS AND BORDER PROTECTION** | ) ) ) |
| **Defendant.** | ) ) |

DEFENDANT'S STATUS REPORT AND
MOTION TO WITHDRAW MOTION FOR SUMMARY JUDGMENT

Pursuant to this Court's Order of July 19, 2006 Defendant United States Customs and Border Protection ("CBP") hereby files this Status Report, and incorporated Motion to Withdraw Motion for Summary Judgment.

1. In this Freedom of Information Act ("FOIA") matter, 5 U.S.C. § 552, plaintiff Seized Property Recovery Corporation ("SPRC") has made a number of requests seeking release of the names and addresses of persons and business entities from whom CBP has seized property, and for whom forfeiture notices have been published in various newspapers.

2. Defendants' fully briefed Motion for Summary Judgment is currently pending before the Court.

3. Subsequent to the completion of summary judgment briefing, plaintiff raised additional questions with defendant concerning the degree to which CBP asserted Exemption (b)(7)(A) in those instances where the entity associated with the seizure is a commercial/business entity.[1] Specifically,

---

[1] For individuals, defendant has relied principally on Exemptions (b)(6) and (b)(7)(C).

SPRC informed defendant that it does not believe that there are ongoing law enforcement investigations involving each of the entities associated with the seizure numbers listed in the Declaration of Marshall Fields (filed with defendant's reply memorandum). Plaintiff expressed an interest in taking discovery on this issue in communications with defendant.

4. As represented in defendant's Consent Motion for a Temporary Stay (filed July 18, 2006), CBP has over the past two weeks engaged in a process of further exploring, with United States Immigration and Customs Enforcement ("ICE") whether there are, in fact, ongoing law enforcement investigations associated with each of the entities set forth in Mr. Fields' declaration.[2] ICE has determined, and communicated to CBP that for a number of entities associated with these seizures, there no longer is an ongoing law enforcement action associated with the CBP seizure numbers.

5. When defendant initially went about the process of ascertaining which of the entities associated with each of the seizure numbers might be subject to ongoing enforcement proceedings, it was necessary to seek information from ICE, another component within DHS. CBP sought information from a number of different ICE Special Agents in ICE's field offices. The FOIA is specific as to what is meant by a "pending" or "prospective" law enforcement proceeding. It has now become clear that this specific legal definition was not fully understood by all of the individual ICE agents contacted with respect to this FOIA request. As such, defendant now acknowledges that a number of the withholdings cannot be sustained under the FOIA, and that an additional release of

---

[2]Due to the formation of the Department of Homeland Security as authorized by the Homeland Security Act, P.L. 107-296, 116 Stat. 2310 (2002), and as detailed in the Reorganization Plan Modification for the Department of Homeland Security promulgated pursuant to Sec. 1502 of the Act, CBP no longer conducts investigations; this function was assigned to ICE, a distinct agency created under the Homeland Security Act. Although CBP works closely with ICE, ICE has the sole responsibility for all customs-related investigations.

responsive names and addresses is appropriate.

6. Given: 1) this additional anticipated release; 2) the need for defendant to resubmit declarations from Marshall Fields, and possibly John Elkins[3]; and 3) this Court's August 2, 2006 Order calling for additional briefing on the test for non-disclosure under Exemption 6 as refined by <u>Lepelletier v. FDIC</u>, 164 F.3d 37 (D.C. Cir. 1999), defendant submits that the most efficient approach would be for defendant to withdraw its summary judgment motion at this time, and re-submit a motion that properly reflects any subsequent releases and addresses this Court's request for an analysis under <u>Lepelletier.</u>

7. Defendant thus requests that this Court adopt the following schedule for summary judgment briefing:

    Defendant's Motion:    September 21, 2006

    Plaintiff's Opposition/Cross Motion: October 5, 2006

    Defendant's Opposition/Reply:    October 19, 2006

    Plaintiff's Reply:    November 2, 2006

8. Defendant's counsel has made several attempts to reach plaintiff's counsel with respect to the relief requested pursuant to LcVR 7m, but has not been able to reach him.

For these reasons, defendant requests that the Court grant defendant's Motion to Withdraw the pending Motion for Summary Judgment, and enter the foregoing schedule as the schedule in this matter.

---

[3] Mr. Elkins has subsequently retired from the federal government and therefore is no longer employed by CBP. If there is a modification to his Declaration, Mr. Elkins' successor will be the appropriate declarant.

        Respectfully submitted,

        /s/
KENNETH L. WAINSTEIN , D.C. Bar # 451058
United States Attorney

        /s/
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

        /s/
PETER D. BLUMBERG, Bar # 463247
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7157

Dated: August 9, 2006