UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SEIZED PROPERTY RECOVERY CORPORATION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 05-1570(AK) |
| UNITED STATES CUSTOMS AND BORDER PROTECTION, | ) ) ) ) |
| Defendant. | ) |

**PLAINTIFF'S SUPPLEMENTAL BRIEFING PURSUANT TO THIS COURT'S ORDER OF AUGUST 2, 2006**

Plaintiff, Seized Property Recovery Corporation ["SPRC"], by and through its undersigned attorney, hereby files this supplemental briefing on the application of the test for nondisclosure under FOIA's Exemption 6 as refined by *Lepelletier v. FDIC*, 164 F. 3d 37, 47-49 (D.C. Cir. 1999).

**Privacy Interests**

To begin, SPRC estimates that more than 75% of the names and addresses it seeks are businesses. As such these businesses have no privacy interest. As noted in Washington Post Co. v. U. S. Dept. of Agriculture, 943 F. Supp. 31, 37 n 6 (D.D.C. 1996):

1

"n6 The Court notes that even if the release of the individuals' names, addresses and subsidy amounts constituted a clearly unwarranted invasion of privacy under Exemption 6, the Post still would be entitled to the names, addresses and subsidy amounts of all the business entity recipients, since corporations, businesses and partnerships have no privacy interest whatsoever under Exemption 6...National Parks and Conservation Ass'n v. Kleppe, 178 U.S. App. D.C. 376, 547 F. 2d 673, 685 n. 44 D.C. Cir. 1976)."

In *Lepelletier* at page 48 the court stated: "[a]ccordingly, we hold that the FOIA analysis under Exemption 6 must include consideration of any interest the individual might have in the release of the information, particularly when the individuals who are 'protected' under this exemption are likely unaware of the information that could benefit them." We believe this analysis needs some expansion. It is possible that the individuals are aware of the information that could benefit them. However, unlike the FDIC, the U. S. Customs and Border Protection ["Customs"] is not a benign federal agency. Customs is a very aggressive law enforcement agency. The names and addresses being sought by SPRC are for those individuals from whom Customs has seized their property. Customs is on the verge of forfeiting their property when they send out and/or publish the notices. These individuals may already have been the subject of a criminal investigation. Quite possibly, unless they know there is a professional organization that can represent their interests they are likely intimidated to take on the Government.

What these individuals need to know is that there is professional and legal assistance available to help them regain their property. The only way this can occur is for contact to be made with them by a business such as SPRC.

**Minimum Dollar Amount vis-a-vis An Individual's Privacy Right**

Customs already has three dollar break points under the laws they enforce. If the appraised value of the seized property is less than $2,500 then notice of the pending forfeiture is posted at the Customshouse. If the value is between $2,500 and $500,000 then notice of the impending forfeiture is mailed and/or published in the newspaper. If the value is in excess of $500,00 then the case must be automatically referred to the U. S. Attorney for judicial forfeiture proceedings.

While the appellant court remanded the case to the district court to determine the dollar amount below which an individual's privacy interest should be deemed to outweigh his or her interest, it is not known if the district court made this determination. There is no mention of this determination in the district court's order of March 3, 2000. In reading Robert Lepelletier, Jr. v. FDIC, 23 Fed. Appx.4; 2001 U.S. App. LEXIS 25874 (D.C. Cir. 2001) there is no reference to this determination being made. The appeals court noted that the FDIC provided Lepelletier, Jr. with all of the requested names and addresses and there were no further documents to be released.

It therefore appears that a minimum dollar amount is a nonissue.

## Whether The Written Notice Of Seizure Is Sufficient

While the Court has referred to a "written notice of seizure",[1] SPRC's interest is in the Customs' notice of its intent to forfeit the merchandise and will respond accordingly. We will address the Mathews v. Eldridge, 424 U.S. 319 (1976) factors referred to in *Lepelletier* at page 46.

## The Private Interest That Will Be Affected By The Official Action

The merchandise which Customs intends to forfeit has been seized from the owner, possessor or a person with a similar interest. If the person does not file a claim and cost bond [2] within 20 days of the notice the merchandise will become forfeit. Generally federal courts will not accept jurisdiction in these circumstances. The private interest in the property will become forfeit.

## The Risk Of An Erroneous Deprivation Of Such Interest Through The Procedure Used

If the person is unaware that its property interest is about to be forfeited and

---

[1] SPRC is not taking issue with Customs' notices of seizure in this litigation.

[2] It is important to note that the Customs seizures most often suffered by individuals is that of their currency and/or monetary instruments when they are entering or departing the United States. Pursuant to the Civil Asset Forfeiture Reform Act of 2000 a claim and cost bond does not have to be posted to stop these forfeitures.

that if it could file a claim and cost bond to stop the forfeiture proceeding then the erroneous deprivation would be avoided. For example, Customs at the Port of JFK in its notices of intent to forfeit advises that a claim and cost bond must be posted for currency seizures is wrong. Secondly, Customs publishes its notices of intent to forfeit in obscure publications such as the Miami Daily Business Review which has limited readership.

Publication of the names and addresses in the newspapers will permit entities such as SPRC to attempt to contact these persons and advise them of their rights to avoid any erroneous deprivations.

**The Probable Value, If Any, Of Additional Or Substitute Procedural Safeguards**

The first substitute procedural safeguard is to publish the name and address of the person in the newspapers used by Customs. When this is not done, and a FOIA request must be made to obtain this information, even if Customs responded diligently to the FOIA request, which it never does with the exception of the Port of Miami, the merchandise will already have been forfeited by the time SPRC received the information.[3]

Additionally, if Customs is mailing notices of intent to forfeit to persons they

---

[3] There is a possibility Customs might use its discretion to extend the time of forfeiture if it receives timely notice of a claim.

5

are aware have an interest in the property, many times their mailing information is wrong. As an example, of the limited number of names and addresses provided to SPRC by Customs 38 mailings have been returned as undeliverable. Enclosed as Exhibit A are copies of these returned envelopes. It is quite unbelievable that with the available resources of the Government, they cannot locate the correct address from whom they seized property.

**The Government's Interest, Including The Function Involved And The Fiscal And Administrative Burdens That The Additional Or Substitute Procedural Requirement Would Entail**

Customs should publish the names and addresses of the persons who have an interest in the seized property at the time of the publication of the notices in the newspaper. This would be no burden to Customs because the person preparing this notice has the name and address with the additional information at that time. By publishing the names and addresses, SPRC for one, would immediately discontinue making FOIA requests for the names and addresses. This would be a welcome relief for Customs, especially at the Port of Los Angeles/Long Beach, who constantly complain that the requests are too burdensome.

The Court has considered whether additional criteria should be considered in undertaking this balancing. SPRC wants to undertake the same business opportunity as Lepelletier, *viz.* to notify persons that they may be able to prevent the forfeiture of

their property with professional and legal representation.

>Respectfully submitted,
>
>Peter S. Herrick
>Attorney for SPRC
>3520 Crystal View Court
>Miami, Florida 33133
>Tel. 305-858-2332
>Fax. 305-858-6347
>Email pherrick@bellsouth.net
>D C Bar 137935