UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SEIZED PROPERTY RECOVERY CORPORATION** | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 05-1570 (AK) ) |
| **UNITED STATES CUSTOMS AND BORDER PROTECTION** | ) ) ) ) |
| Defendant. | ) |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE IN SUPPORT OF RENEWED MOTION FOR SUMMARY JUDGMENT**

Pursuant Local Rule 7(h), defendant submits the following statement of material facts as to which there is no genuine issue, with references to the part of the record relied upon to support the statement:

1. Plaintiff Seized Property Recovery Corporation ("SPRC") has sent at least eighteen separate FOIA requests to Customs and Border Protection ("CBP") in several ports in the United States seeking the names and addresses of persons and commercial entities from whom CBP has seized property. See Amended Complaint ("Am. Comp.") at ¶¶ 6, 21-109; Declaration of Richard Chovanec ("Chovanec Dec.") at ¶ 10, 13, 16, 19, 25-26.

2. CBP is a law enforcement agency, with full authority to assess penalties and liquidated damages, seize merchandise for violation of CBP laws or those of other federal agencies that are enforced by CBP, remit forfeitures, mitigate penalties, decide petitions, and cancel claims. See Chovanec Dec. at ¶ 3 (citing 19 U.S.C. §§ 1598a, 1592, 1595, and 1595a); id. at ¶ 34.

3. Individuals have a personal privacy interest in not having their names and addresses

released to third parties, and in not being personally associated with CBP seizures. See Chovanec Dec. at ¶ 28; see also id. at ¶¶ 23 & 23(a)-(g) and Exhibits 23-29 thereto.

4. Public release of the names and addresses of individuals would not directly reveal the operations or activities of the federal government. See Chovanec Dec. at ¶ 32.

5. CPB is charged with the enforcement of several criminal statutes, including 18 U.S.C. § 541 (entry of goods falsely classified); 18 U.S.C. § 542 (entry by means of false statements); 18 U.S.C. § 543 (entry of goods for less than legal duty) 18 U.S.C. § 545 (Smuggling goods into the United States); 18 U.S.C. § 549 (Removing goods from Customs custody); 18 U.S.C. § 553 (Importation or exportation of stolen motor vehicles); 18 U.S.C. §§ 831, 836 (Dangerous Cargo Act); 18 U.S.C. § 841-848 (Importation of Explosive Materials); 18 U.S.C. §§ 981-982, 984, 1956, 1957, 1960 (Money laundering); 18 U.S.C. § Trafficking in counterfeit goods or services). See Chovanec Dec. at ¶ 34.

6. In addition to the seizure matters published in the newspaper that form the basis for plaintiff's requests, the entities whose property has been seized could also be the subject of an ongoing law enforcement investigation or proceeding for various violations of the law that may or may not have been associated with those particular seizures. See Declaration of Gloria Marshall ("Marshall Dec.") at ¶ 6.

7. Releasing or publishing the name and address of an individual or company may lead to third party recipients of that information reaching out to the named party. See Marshall Dec. at ¶ 7.

8. It is plaintiffs' intent to reach out to the entities subject to forfeiture proceedings. See Chovanec Dec. at ¶ 31 and Ex. 14 thereto.

9. That named entity may, in turn, become suspicious of other enforcement proceedings, even if the proceeding that is the basis for the contact is not currently under investigation. See Marshall Dec. at ¶ 7. As a result, there is a reasonable expectation that the company or individual will alter its practices, *i.e.*, attempt to divert merchandise through different ports of entry, change parties with whom it conducts business such as the foreign shipper or supplier, or change a relationship with any confidential informant. See id. The release of such information thus could be expected to interfere with these proceedings. Id.

10. Because the only information sought by SPRC is the names and addresses of the individuals or business entities who have had the seizure notices published in the newspaper, there is no segregable material that can be separated from the exempt information and provided to plaintiff. See Amend. Comp. at ¶ 6 (acknowledging that what is being sought through these FOIA requests are exclusively names and addresses).

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

PETER D. BLUMBERG, Bar # 463247
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7157

Dated: October 11, 2006