UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

SEIZED PROPERTY RECOVERY CORPORATION )

Plaintiff

v.

UNITED STATES CUSTOMS AND
BORDER PROTECTION

Defendant

Civil Action No. 1:05CV01570

## DECLARATION OF RICHARD F. CHOVANEC

I, Richard F. Chovanec, hereby declare the following to be true and correct:

### I. BACKGROUND

1. I am the acting Freedom of Information Act Appeals Officer and acting Branch Chief of the FOIA Appeals, Policy & Litigation Branch (FAPLB), Regulations and Disclosure Law Division, Office of Regulations and Rulings (OR&R), U.S. Customs and Border Protection (CBP or Customs), Department of Homeland Security (DHS).

2. CBP is the unified border agency within the Department of Homeland Security. Created by the Homeland Security Act of 2002, CBP combined the inspectional workforces and broad border authorities of the U.S. Customs Service, U.S. Immigration and Naturalization Service, the U.S. Department of Agriculture's Animal and Plant Health Inspection Service, and the U.S. Border Patrol. *See* Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135; *see also*, U.S. Department of Homeland Security, "Border Reorganization Fact Sheet," January 30, 2003, *see* Exhibit 1.

3. CBP is a law enforcement agency, with full authority to assess penalties and liquidated damages, seize merchandise for violation of CBP laws or those of other federal agencies that are enforced by CBP, remit forfeitures, mitigate penalties, decide petitions, and cancel claims. *See, e.g.*, 19 U.S.C. §§ 1589a, 1592, 1595, 1595a, and 1618. Moreover, as a law enforcement agency, many of the files created and maintained by CBP are directly related to law enforcement investigations and operations, such as the administrative fines, penalties, and forfeitures files established in the instant case.

4. U.S. Immigration and Customs Enforcement (ICE) is a law enforcement agency. *See* 19 U.S.C. § 1589a and 8 U.S.C. § 1357; *see also* Transitional Authorities and Savings Provisions of the Homeland Security Act of 2002 (6 U.S.C. § 551, *et seq.*). Pursuant to the Homeland Security Act of 2002 and the subsequent organization of DHS, the enforcement and investigation arms of the U.S. Customs Service and the enforcement and investigative functions of the U.S. Immigration and Naturalization Service and the Federal Protective Service, including special agents of those organizations, were combined into ICE. *See* U.S. Department of Homeland Security, "Border Reorganization Fact Sheet," January 30, 2003, *see* Exhibit 1, *supra*.

5. The FAPLB is the office within DHS/CBP that is charged at all times pertinent to this litigation with the responsibility of managing and responding to administrative appeals of the Freedom of Information Act (FOIA), 5 U.S.C. § 552, responses of offices within CBP. *See* Customs and Border Protection FOIA Reference Guide, Section X, Appeals," November 1, 2001, http://www.cbp.gov/xp/cgov/admin/fl/foia/making_a_request/reference_guide.xml, *see* Exhibit 2.

6. As the acting Chief, FAPLB, I am responsible for the overall supervision and management of the FAPLB (formerly the Disclosure Law Branch, Office of Regulations &

2

Rulings, U.S. Customs Service, U.S. Department of the Treasury). My responsibilities include, *inter alia*: 1) reviewing initial FOIA decisions that are subject to administrative appeal; 2) giving guidance and instructions to CBP personnel regarding the processing of FOIA requests; 3) adjudicating administrative appeals that concern FOIA requests; and 4) overseeing all CBP activities related to information disclosure.

7. The statements I make in this Declaration are based upon my personal knowledge, which includes knowledge acquired through, and agency files reviewed in, the course of my official duties.

8. Due to the nature of my official duties, I am familiar with the procedures followed by CBP in responding to requests and subsequent appeals for information from its files pursuant to the provisions of the FOIA; specifically, I am familiar with the procedures followed in responding to the initial FOIA requests and subsequent appeal of Plaintiff Seized Property Recovery Corporation (the "Plaintiff").

9. This Declaration serves to advise the court of CBP's processing of Plaintiff's FOIA appeals.

## II. INITIAL CBP ACTION

### Count I - Appeal of Los Angeles Port Decision 2005-2704-119 mk

10. By letter dated June 12, 2005, Plaintiff submitted a FOIA request to the Port of Los Angeles requesting the names and addresses of the parties from whom seizures were made relating to the following twenty-six (26) Fines, Penalties & Forfeitures ("FP&F") case file numbers that CBP published in a Notice of Forfeiture in the <u>Los Angeles Daily Journal</u> on June 10, 2005: case numbers 2005-2720-00079-01; 2005-2704-000140-01; 2005-2704-000253-01;

2005-2704-000277-01; 2005-2704-000278-01; 2005-2704-000282-01; 2005-2704-000289-01;

2005-2704-000308-01; 2005-2704-000320-01; 2005-2704-000329-01; 2005-2704-000345-01;

2005-2704-000346-01; 2005-2704-000347-01; 2005-2704-000352-01; 2005-2704-000355-01;

2005-2704-000373-01; 2005-2704-000394-01; 2005-2704-000396-01; 2005-2704-000419-01;

2005-2770-000001-01; 2005-2704-000430-01; 2005-2704-000422-01; 2005-2704-000399-01;

2005-2704-000398-01; 2005-2704-000421-01; 2005-2704-000401-01, *see* Exhibit 3.

11.  On July 1, 2005, the Port of Los Angeles in Port Decision 2005-2704-119 mk, denied Plaintiff's request for the names and addresses under 5 U.S.C. § 552 (b)(7)(A) (pertaining to matters which could reasonably be expected to interfere with enforcement proceedings) and 5 U.S.C. § 552(b)(7)(C) (pertaining to matters which could be expected to constitute an unwarranted invasion of personal privacy), *see* Exhibit 4.

12.  On July 5, 2005, Plaintiff filed an administrative appeal of Los Angeles Port Decision 2005-2704-119 mk, dated July 1, 2005, with the FAPLB, *see* Exhibit 5.

### Count I - Appeal of Los Angeles Port Decision 2005-2704-115 mk

13.  By letter dated May 24, 2005, Plaintiff submitted a FOIA request to the Port of Los Angeles requesting the names and addresses from whom CBP seized property in the following six (6) FP&F case numbers that CBP published in a Notice of Forfeiture in the <u>Los Angeles Daily Journal</u> on May 24, 2005: case numbers 2004-2704-000966-01; 2004-2704-000977-01; 2004-2704-000984-01; 2004-2704-000969-01; 2004-2704-001309-01; 2004-2704-000996-01, *see* Exhibit 6.

14.  On July 1, 2005, the Port of Los Angeles in Port Decision 2005-2704-115 mk denied Plaintiff's request for the names and addresses under 5 U.S.C. § 552 (b)(7)(A) (pertaining to matters which could reasonably be expected to interfere with enforcement proceedings) and 5

4

U.S.C. § 552(b)(7)(C) (pertaining to matters which could be expected to constitute an unwarranted invasion of personal privacy), see Exhibit 7.

15. On July 5, 2005, Plaintiff filed an administrative appeal of Los Angeles Port Decision 2005-2704-115 mk, dated July 1, 2005, see Exhibit 5.

### Count II – Appeal of San Francisco Port Decision 05-14 FOIA

16. By letter dated May 6, 2005, Plaintiff submitted a FOIA request to the Port of San Francisco requesting the name and address of the party in FP&F case number 2001-2801-000007-01, see Exhibit 8.

17. On June 20, 2005, the Port of San Francisco in Port Decision 05-14 FOIA, released the name of the party involved, see Exhibit 9, and stated that this was in accordance with 19 C.F.R. § 103.32, see Exhibit 10. The Port denied the Plaintiff's request for the address of the party involved under 5 U.S.C. § 552(b)(3) (exempt from disclosure by statute).[1]

18. On June 24, 2005, the Plaintiff filed an administrative appeal of San Francisco Port Decision 05-14 FOIA, dated June 20, 2005, with the FAPLB, see Exhibit 11.

### Count III – Appeal of Newark Port Decision NK-05155I

19. By a letter dated June 22, 2005, Plaintiff submitted a FOIA request to the Port of Newark requesting the names and addresses from whom CBP seized currency relating to the following fifteen (15) FP&F case numbers: 2005-1001-000027-01; 2005-1001-000220-01; 2005-1001-000223-01; 2005-1001-000138-01; 2005-1001-000150-01; 2005-1001-000158-01; 2005-1001-000216-01; 2005-1001-000244-01; 2005-1001-000224-01; 2005-1001-000208-01; 2005-1001-000236-01; 2005-1001-000237-01; 2005-1001-000277-01; 2005-1001-000278-01, 2005-1001-000218-01, see Exhibit 12.

---

[1] The port in all likelihood meant that the information was exempt under 19 C.F.R. § 103.32, see Exhibit 10.

20. On July 20, 2005, in Port Decision No. NK-05155, the Port of Newark denied Plaintiff's request for the names and addresses under 5 U.S.C. § 552(b)(7)(C) (pertaining to matters that could be expected to constitute an unwarranted invasion of personal privacy) in three (3) of the cases: 2005-1001-000223-01; 2005-1001-000150-01; 2005-1001-000218-01, *see* Exhibit 13. The port further stated that CBP action had been completed for twelve (12) of the cases, and pursuant to 19 C.F.R. 103.32, *see* Exhibit 10, it released the names of the parties involved, but not the addresses, in the following case numbers: 2005-1001-000220-01; 2005-1001-000138-01; 2005-1001-000158-01; 2005-1001-000216-01; 2005-1001-000244-01; 2005-1001-000224-01; 2005-1001-000208-01; 2005-1001-000236-01; 2005-1001-000237-01; 2005-1001-000027-01; 2005-1001-000277-01; and 2005-1001-000278-01.

21. On July 25, 2005, Plaintiff filed an administrative appeal of Newark Port Decision NK 05155, dated July 20, 2005, with the FAPLB, *see* Exhibit 14.

### III. OR&R ACTION FOR COUNTS I-III

22. On July 7, 2005, OR&R began a Reverse FOIA Process in response to Plaintiff's FOIA appeals. In accordance with Executive Order 12,600, *see* Exhibit 15, as implemented by 19 C.F.R. § 103.35 (CBP Reverse FOIA procedures), *see* Exhibit 16, letters were mailed to the parties identified by CBP for the FP&F cases requested by Plaintiff in Counts I-III of Plaintiff's Complaint[2], in which the parties were advised of Plaintiff's FOIA request. In those letters, the parties were provided with the opportunity to respond as to why the requested information should not be disclosed by CBP to the Plaintiff. The letters state that absent a response from the party requesting that their information be withheld from Plaintiff, their information may be disclosed. Examples of these letters are at Exhibits 17 through 22.

23. Several parties receiving OR&R's letters requested that CBP/OR&R withhold their information from Plaintiff:

    a. By letter dated October 17, 2005, the party involved in case number 2005-2704-00419-01 requested that CBP not release its records pending its review of the seizure case, *see* redacted Exhibit 23.

    b. By facsimile dated October 20, 2005, the party involved in case number 2005-2704-000320-01 requested that CBP "decline the request for information", *see* redacted Exhibit 24.

    c. In a letter dated October 24, 2005, via facsimile, from John Pelligrini of McGuireWoods LLP, on behalf of his client for case number 2005-2704-000345-01, objecting to the release of the his client's name and address, *see* redacted Exhibit 25. Counsel contends that

---

[2] Counts I-III of Plaintiff's Complaint for Injunctive and Declaratory Relief (filed August 3, 2005, are identical in substance to Counts I-III of Plaintiff's Amended Complaint for Injunctive and Declaratory Relief (filed October 14, 2005) in that the Plaintiff appeals CBP's denial of information through the FOIA, and seeks the names and addresses of parties from whom CBP seized property.

release of the client's name and address is exempt under 5 U.S.C. § 522(b)(4) (trade secrets and commercial or financial information) and that release of the information could harm the client's competitive position and/or adversely impact the company's reputation as a purveyor of first quality merchandise. Additionally, counsel cites *Michael J. O'Kane v. United States Customs Service*, 169 F.3d. 1308 (11th Cir. 1999), wherein the court rebuffed the efforts of an attorney to obtain the name and address of a company from whom Customs seized merchandise for the purposes of soliciting their business.

  d. On October 21, 2005, a letter was received from the Law Offices of Ramsey & Price, on behalf of the party in case number 2005-2704-000140-01, objecting to the release of the name and address of the client, *see* redacted Exhibit 26. Counsel claims, among other things, that the release of the information would invade the right to privacy of his client and his client's family.

  e. On October 10, 2005, a letter was received from the party involved in case numbers 2005-2704-000346-01 and 2005-2704-000347-01 objecting to the release of name and address, stating that the seized merchandise was "pre-marketing samples...not for retail," *see* redacted Exhibit 27.

  f. On October 15, 2005, a reply was received from the Law Office of Kirt J. Hopson, on behalf of his client, for case numbers 2004-2704-000966-01, 2004-2704-000977-01, and 2004-2704-000984-01. Counsel objects to the disclosure of information requested by the Plaintiff stating, among other things, that release of the information could endanger his client's family as the individual named has provided information to the United States Attorney's Office in Los Angeles for the investigation, arrest and prosecution of individuals suspected of illegal drug trafficking, *see* redacted Exhibit 28.

g. On October 12, 2005, we received a letter from the Law Offices of Arnold Silverstein, on behalf of his client, concerning case number 2005-1001-000158-01, objecting to the release of the name and address of his client. Counsel asserts that release of the information would be an invasion of his client's privacy and could possibly endanger his client and/or his client's family, *see* redacted Exhibit 29.

24. The remaining letters sent to the parties associated with the remaining case numbers for Counts I-III were returned to sender, marked "not deliverable as addressed," "forwarding order expired," "attempted not known," and/or "unable to forward;" or otherwise a response has not been received by OR&R.

### IV. OR&R's COURSE OF ACTION FOR COUNTS IV THROUGH XVIII

25. Plaintiff filed an Amended Complaint For Injunctive Relief And Declaratory Relief on October 14, 2005 ("Amended Complaint"), which, in part, amends Count IV of the original Complaint and substitutes new Counts IV through XVIII. A copy of the Amended Complaint was received in the FAPLB on October 24, 2005.

26. To the best of my information and belief, the challenge presented in the amended Counts IV through XVIII are in all material respects identical to the factual basis alleged in Counts I through III, in that the Plaintiff seeks the names and addresses of parties from whom CBP seized property.

27. Letters similar to those contained in Exhibits 17 through 22 were sent to the persons from whom property was seized for the cases Plaintiff listed in Counts IV through XVIII of its Amended Complaint.

## V. BALANCING TEST FOR RELEASE OF INDIVIDUALS' NAMES AND ADDRESSES

28. Where it has been determined that the party for which Plaintiff requests information in this matter is an individual, CBP has identified and evaluated the privacy interest implicated. First, CBP ascertained whether a protectible privacy interest exists that would be threatened by disclosure. If no privacy interest is found, further analysis is unnecessary and the information at issue may be disclosed. In this case, CBP submits that individuals who have been involved in seizure proceedings have a significant privacy interest in their names and addresses. For example, with respect to individuals, case law has long recognized that the mention of an individual's name in a law enforcement file will engender comment and speculation and carries a stigmatizing connotation.

29. Once CBP determined that a personal privacy interest exists, CBP made a determination regarding the public interest in disclosure. The standard of public interest to be considered is limited to the FOIA's core purpose of shedding light on an agency's performance of its statutory duties. Information that does not directly reveal the operations or activities of the federal government falls outside the ambit of the public interest that the FOIA was enacted to serve.

30. Once CBP determined both the privacy interest at stake and the public interest in disclosure, CBP weighed the two competing interests against one another. In other words, CBP determined which is the greater result of disclosure: the harm to personal privacy or the benefit to the public. The public interest in disclosure must be sufficiently compelling, on balance, to outweigh legitimate privacy interests.

31. Because disclosure must benefit the public overall and not just the requester himself, and the public interest must be sufficient to overcome the clear privacy interest an individual has in

10

his or her name and home address, names and addresses may be protected, especially where the request is clearly for the purpose of soliciting business or for other commercial purposes. It is CBP's belief, based on Plaintiff's assertions in Plaintiff's July 25, 2005, administrative appeal of Newark Port Decision NK 05155, dated July 20, 2005, that Plaintiff seeks the requested information in order to solicit business from the parties from whom CBP seized merchandise in various forfeiture proceedings, *see* Exhibit 14.

32. After review and discussion within CBP it has been administratively determined that under law and regulation, including the FOIA statute and implementing CBP FOIA regulations, that a protectible privacy interest exists that would be threatened by disclosure, and that the names and addresses of the individuals 1) do not directly reveal the operations or activities of the federal government and 2) fall outside the ambit of the public interest that the FOIA was enacted to serve. In addition, the individuals' interest in their privacy outweighs any interest Plaintiff has in this information as a third party.

33. Accordingly, after review and discussion within CBP, CBP determined that the release of individuals' names and addresses pursuant to the Plaintiff's FOIA requests identified in Counts I through XVIII of Plaintiff's Complaint is not proper; therefore, I am informed that the names and addresses of individuals associated with the following seizure numbers are being withheld under FOIA Exemptions b(6) and b(7)(C): 2005-2704-000140-01, 2005-2770-000001-01, 2004-2704-000966-01, 2004-2704-000977-01, 2004-2704-000984-01, 2004-2704-000969-01, 2004-2704-001309-01, 2005-1001-000220-01, 2005-1001-000223-01, 2005-1001-000138-01, 2005-1001-000150-01, 2005-1001-000158-01, 2005-1001-000216-01, 2005-1001-000244-01, 2005-1001-000224-01, 2005-1001-000208-01, 2005-1001-000236-01, 2005-1001-000237-01, 2005-1001-000027-01, 2005-1001-000218-01, 2005-2402-001356-01, 2005-2402-001395-01, 2005-2402-

000051-01, 2005-5301-000126-01, 2005-4913-000006-01, 2005-4913-000005-01, 2005-4913-000003-01, 2005-4909-000025-01, 2005-4909-000009-01, 2005-4904-000009-01, 2005-2002-000119-01, 2005-2104-000033-01, 2004-5301-000291-01, 2004-4701-001437-01, 2005-4701-000299-01, 2004-2713-000019-01, 2005-2720-000127-01, 2005-2720-000158-01, 2005-2720-100118-01, 2004-2704-000119-01, 2004-2704-000010-01, 2004-2704-001097-01, 2004-2775-100246-01, 2005-2704-000454-01, 2005-2770-000024-01, 2005-2720-000100-01, 2005-2720-000160-01, 2005-2720-000242-01, 2005-2720-100535-01, 2005-2720-100611-01, 2005-2704-100222-01, 2005-2704-100239-01, 2005-2709-100038-01, 2005-2709-100048-01, 2005-2770-000012-01, 2005-2770-100030-01, 2005-2770-100031-01, 2005-2770-100032-01, 2005-2722-100059-01, 2005-2775-000010-01, 2005-2775-000012-01, 2005-2775-100018-01, 2005-2775-100019-01, 2005-2775-100020-01, 2005-2775-100021-01, 2005-2704-000441-01, 2005-2720-000233-01, 2005-2809-000525-01, 2005-3201-000072-01, 2005-3201-000074-01, 2005-3201-000075-01, 2005-3201-000076-01, 2005-3202-000020-01, 2005-3202-000019-01, 2005-3202-000030-01, 2005-3210-000019-01, 2005-3210-000024-01, 2005-5301-000096, 2005-2104-000033-01, 2004-1001-000030-01, 2004-1001-000427-01, 2003-4701-000829, 2001-4701-002198, 2002-4701-000329, 2003-4701-000740-01, 2004-4701-000789, 2004-4701-001025, 2005-4701-000205, 2005-4701-000210, 2005-4701-000528, 2004-4701-001603-01, 2004-4701-001805-01, 2003-4701-000582, 2003-4701-001696, 2004-4701-000810, 2004-4701-001063, 2005-4701-000407, 2003-4701-000904-01, 2004-4701-000784-01, 2004-4701-001848-01, 2005-4701-000331-01, 2005-4701-000802-01. The name associated with the following seizure number was released, but address was withheld: 2001-2801-000007-01. This information was released in response to the original FOIA request made to CBP at the Port of San Francisco, prior

OCT-11-2006 19:31 From:OFC OF CHIEF COUNSEL 2023442950 To:85148780 P.14/15
FROM U.S. CUSTOMS Case 1:05-cv-01570-AK-AK Document 36-8 (WED) 11' 56 19:40/ST/ 19:43/NO. 4861178125 P 14 Filed 10/31/2006 Page 18 of 14

to appeal and prior to this litigation. The address is now being withheld under FOIA Exemptions b(6) and b(7)(C).

## VI. RELEASE OF COMMERCIAL ENTITIES' NAMES AND ADDRESSES

34. After review and discussion within CBP it has been administratively determined that under law and regulation, the release of the names and addresses of business entities pursuant to the Plaintiff's FOIA requests identified in Counts I through XVIII may be proper, if no open law enforcement action exists involving that entity, under the provisions of 5 U.S.C. § 552(b)(7)(A). CBP enforces crimes under Title 18 of the United States Code including, *inter alia*, 18 U.S.C. § 541 (Entry of goods falsely classified); 18 U.S.C. § 542 (Entry by means of false statements); 18 U.S.C. § 543 (Entry of goods for less than legal duty); 18 U.S.C. § 545 (Smuggling goods into the United States); 18 U.S.C. § 549 (Removing goods from Customs custody); 18 U.S.C. § 553 (Importation or exportation of stolen motor vehicles); 18 U.S.C. §§ 831, 836 (Dangerous Cargo Act); 18 U.S.C. § 841-848 (Importation of Explosive Materials); 18 U.S.C. §§ 981-982, 984, 1956, 1957, 1960 (Money laundering); 18 U.S.C. § 2320 (Trafficking in counterfeit goods or services).

35. Because CBP no longer conducts investigations, CBP coordinated with ICE, checking each individual file in order to verify that no open criminal investigation remains at issue for each matter. Where an open investigation was found, ICE requested that CBP withhold the name and address of the business entity under Exemption b(7)(A). ICE supports this withholding in the Declaration of Gloria Marshall, *see* Marshall Declaration.

36. If no enforcement action involving the commercial entity in question was open, CBP has disclosed or is in the process of disclosing the commercial entity names and addresses in supplemental releases to Plaintiff.

I declare, under penalty of perjury, that the foregoing is true and correct.

Signed on October __11__, 2006

*Richard F. Chovanec*

Richard F. Chovanec