# EXHIBIT 5

# HERRICK NIKAS
### ATTORNEYS AT LAW

Costa Mesa Office
555 Anton Blvd., 12th Floor
Costa Mesa, California 92626

San Francisco Office
Standard Oil Building
225 Bush Street, 16th Floor
San Francisco, California
94104

**RESPOND TO:**

3520 Crystal View Court
Miami, Florida 33133
Telephone  (305) 858-2332
Telecopier  (305) 858-6347
Toll Free    (866) 377-8677

Long Beach Office
301 E. Ocean Blvd., Suite 530
Long Beach, California 90802

Anchorage Office
329 F Street, Suite 220
Anchorage, Alaska 99501

e-mail address:
pherrick@herricknikas.com

July 5, 2005

## FREEDOM OF INFORMATION ACT APPEAL

## TELECOPY ONLY (202-572-8747)

Joanne Roman Stump
Chief, Disclosure Law Branch
U S Customs and Border Protection
1300 Pennsylvania Avenue NW
Washington DC 20229

Re:   Freedom of Information Act Appeal
      Customs Case Nos. Various

Dear Ms. Stump:

     In a letters of December 3, 2004 and June 15, 2005 we requested the Los Angeles Port Director to provide the names and addresses of named persons from whom CBP had seized property. These requests were denied on July 1, 2005. This is an appeal of the denials filed pursuant to the Freedom of Information Act, 5 U.S.C. §552, *et. seq.* We expect the names and addresses to be provided within the time prescribe by section 552.

1

CBP refused the request citing to the section 552(b)(7)© and (b)(7)(a) exemptions.

CBP of course is concerned that the names and addresses would be exempt because the release may constitute an unwarranted invasion of personal privacy. "The courts have construed this provision as permitting exemption if the privacy interest at stake outweighs, the public interest in disclosure." United State Dept't of Justice v. Reporters Comm. for Freedom of the Press 489 U.S. 749, 776 (1989). Further:

> "[a]lthough *Reporters Committee* and the precedent of this circuit make clear that FOIA extends only to those records which reveal something about *agency action*, the mere fact that records pertain to an individual's activities does not necessarily qualify them for exemption. Such records may still be cloaked with the public interest if the information would shed light on agency action." The Nation Magazine, et al. v. United States Customs Service, 71 F. 3d 885, 894 (D.C. Cir. 1995).

By us being able to contact the person from whom the currency was seized, we will be able to shed light on CBP's action in forfeiting all of the currency. Continuing:

> "But we do not read *Safecard*[1] as permitting an agency to exempt from disclosure *all* of the material in an investigatory record solely on the grounds that the record includes some information which identifies a private citizen or provide that **person's name and address**. Because such a blanket exemption would reach far more broadly than is necessary to protect the identities of individuals mentioned in law enforcement files, it would be contrary to FOIA's overall purpose of disclosure, and thus is not a permissible reading of Exemption 7(C)." [Emphasis Added]. Nation, supra, p. 896.

Based on the foregoing analysis that exemption 7(C) is inapplicable we request the disclosure of the addresses. The same analysis would apply to the (b)(7)(a) exemption for which CBP gave no explanation for their reasons for applying this exemption.

---

[1] Safecard Services, Inc. v. SEC, 926 F. 2d 1197(D.C. Cir. 1991).

2

Furthermore, this failure to provide the names and addresses is a direct contradiction to the ruling letters issued by your office on March 17 & May 20, 2005 to release the names and addresses.

Sincerely,

Peter S. Herrick

Enclosures

# U.S. CUSTOMS AND BORDER PROTECTION
# Department of Homeland Security

JUL 0 1 2005

FA 2005-2704-115
mk

Peter S. Herrick
3520 Crystal View Court
Miami, FL 33133

Dear Mr. Herrick:

This is in reference to your Freedom of Information Act request dated December 03, 2004 in which you ask for the addresses of individuals involved in various seizure cases. The seizure case numbers are 2004-2704-000996; 000969; 000977; 000984 and 001309.

The documents that you have requested are exempt from release pursuant to:

> 5 U.S.C. 552 (b)(7)(a) pertaining to matters which could reasonably be expected to interfere with enforcement proceedings; and

> 5 U.S.C. 552 (b) (7) (C) pertaining to matters which could reasonably be expected to constitute an unwarranted invasion of personal privacy.

You are advised that the citation of a particular exemption for withholding a document or portion thereof is not intended to indicate that other exemptions specified by the Freedom of Information Act are not applicable. You have a right to appeal any denial or partial denial of your request within 35 days after the date of this notification. This appeal should be submitted to the FOIA Appeals Officer, United States Customs Service, 1300 Pennsylvania Avenue, N.W., Washington D.C. 20229, and have the words "Freedom of Information Act Appeal" printed conspicuously on the face of the envelope. See Appendix C, 3(c) to 31 C.F.R. part 1.

In the event the FOIA Appeals Officer should (1) fail to issue a determination of your appeal within 20 working days of its receipt (plus 10 additional working days if you are notified that an extension of time is required and applicable), or (2) deny your appeal, you may obtain judicial review pursuant to 5 U.S.C. 552(a)(4)(B) in the United States district court in the district (1) in which you reside, (2) in which your principal place of business is located, (3) in which the agency records are situated, or (4) in the District of Columbia.

*Vigilance* ★ *Service* ★ *Integrity*

U.S. CUSTOMS AND BORDER PROTECTION, 301 East Ocean Blvd., Long Beach, CA 90802

07/05/05

Under regulations adopted pursuant to the Freedom of Information Act, there is a charge for record search time, review time, and duplication. In this case, however, because search and review time were negligible, there will be no charge.

Sincerely,

*Robert P. Huerry*
for

Peter Gordon
Acting Port Director

# U.S. CUSTOMS AND BORDER PROTECTION
# Department of Homeland Security

JUL 01 2005

FA 2005-2704-119
mk

Peter S. Herrick
3520 Crystal View Court
Miami, FL 33133

Dear Mr. Herrick:

This is in reference to your Freedom of Information Act request dated June 12, 2005, in which you ask for the names and addresses related to various seizure cases that are listed in a publication for forfeiture (June 30, 2005) in the Daily Journal.

The documents that you have requested are exempt from release pursuant to:

> 5 U.S.C. 552 (b)(7)(a) pertaining to matters which could reasonably be expected to interfere with enforcement proceedings; and

> 5 U.S.C. 552 (b) (7) (C) pertaining to matters which could reasonably be expected to constitute an unwarranted invasion of personal privacy.

You are advised that the citation of a particular exemption for withholding a document or portion thereof is not intended to indicate that other exemptions specified by the Freedom of Information Act are not applicable. You have a right to appeal any denial or partial denial of your request within 35 days after the date of this notification. This appeal should be submitted to the FOIA Appeals Officer, United States Customs Service, 1300 Pennsylvania Avenue, N.W., Washington D.C. 20229, and have the words "Freedom of Information Act Appeal" printed conspicuously on the face of the envelope. See Appendix C, 3(c) to 31 C.F.R. part 1.

In the event the FOIA Appeals Officer should (1) fail to issue a determination of your appeal within 20 working days of its receipt (plus 10 additional working days if you are notified that an extension of time is required and applicable), or (2) deny your appeal, you may obtain judicial review pursuant to 5 U.S.C. 552(a)(4)(B) in the United States district court in the district (1) in which you reside, (2) in which your principal place of business is located, (3) in which the agency records are situated, or (4) in the District of Columbia.

*Vigilance* ★ *Service* ★ *Integrity*

U.S. CUSTOMS AND BORDER PROTECTION, 301 East Ocean Blvd., Long Beach, CA 90802

07/01/05

Under regulations adopted pursuant to the Freedom of Information Act, there is a charge for record search time, review time, and duplication. In this case, however, because search and review time were negligible, there will be no charge.

Sincerely,

*Robert P. Thierry* for

Peter Gordon
Acting Port Director