# EXHIBIT 9

U. S. Customs and Border
Protection
U.S. Department of Homeland Security
Port Director
555 Battery Street
San Francisco, CA 94111-2316



**U.S. Customs and
Border Protection**

Date:  June 20, 2005
File:   05-14 FOIA

Peter S. Herrick, Esq.
3520 Crystal View Court
Miami, Florida 33133

Dear Peter S. Herrick, Esq.:

This is in reply to your Freedom of Information Act request dated May 6, 2005, regarding seizure case no. 2001-2801-000007-01. You request the name and address of the person associated with the above-referenced seizure case. Furthermore, you state that pursuant to instructions received from the CBP Disclosure Law Branch in March 2005, the names and addresses were supposed to be included with the publication of the Notice of Forfeiture.

Be advised that it is CBP's policy to not publish the name and place of residence of the person from whom property is seized, except for seizures effected under the authority of title 46 of the United States Code. However, in accordance with 19 C.F.R. 103.32, the identify of the violator may be disclosed after CBP's action is completed. The violator's name is Joseph Jacob Levin. Please be advised that the violators address is exempt from disclosure pursuant to 5 U.S.C. 552(b)(3). The citation of a particular exemption for withholding information is not intended to indicate that other exemptions in the Freedom of Information Act are not inapplicable.

Enclosed is an information sheet concerning the exemption. Because your request is partially denied, I am required to notify you that you may appeal this denial in writing within thirty five (35) days after the date of this notification to the Director, Office of Regulations and Rulings, Customs and Border Protection, 1300 Pennsylvania Avenue, N.W., Washington, D.C. 20229. In the event that the Director should (1) fail to issue an additional determination of your appeal within twenty (20) working days of its receipt (plus ten additional working days if you are notified in writing that an extension of time is required or applicable) or (2) deny your appeal, you may obtain judicial review pursuant to 5 U.S.C. 552(a)(4)(C) in the U.S. District Court in the district in which you reside or have a principal place of business, or in which the agency's records are situated, or in the U.S. District Court of the District of Columbia. If you have any questions, please contact Andrea Craig of the Fines, Penalties, and Forfeitures Office at (415) 782-9234.

Sincerely,

A. Craig

~~James T. Welte~~
Fines, Penalties, & Forfeitures Officer

Enclosure
cc: Port Director

## INFORMATION CONCERNING EXEMPTIONS FROM DISCLOSURE
## UNDER THE FREEDOM OF INFORMATION ACT - 5 U.S.C. 552

### EXEMPTIONS

Pursuant to 5 U.S.C. 552(b), the Freedom of Information Act does not apply to matters that are -

(1)(A) specifically authorized under rules established by an Executive Order to be kept secret in the interest of national defense or foreign policy and (b) are in fact properly classified under such order;

(2)    related solely to the internal personnel rules and practices of an agency;

(3)    specifically exempt from disclosure by statute, provided that such statute -

    (A)    requires that the matters be withheld from the public so as to leave no discretion on the issue, or

    (B)    establishes particular criteria for withholding or refers to particular kinds of matters to be withheld;

(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(5)    inter-agency or intra-agency memoranda or letters which would not be available by law to a party other than an agency in litigation with the agency;

(6)    personnel and medical files and similar files the disclosure of which constitutes a clearly unwarranted invasion of personal privacy;

(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information -

    (A)    could reasonably be expected to interfere with enforcement proceedings,

    (B)    could reasonably be expected to deprive a person of a right to a fair trial or impartial adjudication,

    (C)    could reasonably be expected to constitute an unwarranted invasion of personal privacy,

    (D)    could reasonably be expected to disclose the identity of a confidential source including a state, local, or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information foreign agency or compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, confidential information furnished by a confidential source,

    (E)    would disclose techniques and procedures for law enforcement investigations or

prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or

(F)    could reasonably be expected to endanger the life or physical safety of any individual;

(8)    contained in or related to examination, operating, or condition reports prepared by or for any agency responsible for the regulation or supervision of financial institutions; or

(9)    geological and geophysical information about wells, including maps.

2