# EXHIBIT 14

# HERRICK NIKAS
### ATTORNEYS AT LAW

Costa Mesa Office
555 Anton Blvd., 12th Floor
Costa Mesa, California 92626

San Francisco Office
Standard Oil Building
225 Bush Street, 16th Floor
San Francisco, California
94104

RESPOND TO:

3520 Crystal View Court
Miami, Florida 33133
Telephone   (305) 858-2332
Telecopier  (305) 858-6347
Toll Free   (866) 377-8677

e-mail address:
pherrick@herricknikas.com

Long Beach Office
301 E. Ocean Blvd., Suite 530
Long Beach, California 90802

Anchorage Office
329 F Street, Suite 220
Anchorage, Alaska 99501

July 25, 2005

FREEDOM OF INFORMATION ACT APPEAL

TELECOPY ONLY (202-572-8747)

Joanne Roman Stump
Chief, Disclosure Law Branch
U S Customs and Border Protection
1300 Pennsylvania Avenue NW
Washington DC 20229

Re:  Freedom of Information Act Appeal
     Customs Case Nos. Various    (NK 05155)

Dear Ms. Stump:

    In a letter of June 22, 2005 we requested the CBP Newark F.P. & F. Office to provide the names and addresses of named persons from whom CBP had seized property, copy enclosed. In a letter of July 20, 2005, copy enclosed, the CBP Newark Area Director refused to release the names and addresses in (3) cases and released only the names but not the addresses in the other (12) cases. This is an appeal of the denials filed pursuant to the Freedom of Information Act, 5 U.S.C. §552, *et. seq.* We expect the names and addresses to be provided within the time prescribe by section

1

552.

CBP refused the request citing to the section 552(b)(7)(c) exemption.

CBP of course is concerned that the names and addresses would be exempt because the release may constitute an unwarranted invasion of personal privacy and/or is a law enforcement record. "The courts have construed this provision as permitting exemption if the privacy interest at stake outweighs, the public interest in disclosure." United State Dept't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 776 (1989). Further:

> "[a]lthough *Reporters Committee* and the precedent of this circuit make clear that FOIA extends only to those records which reveal something about *agency action*, the mere fact that records pertain to an individual's activities does not necessarily qualify them for exemption. Such records may still be cloaked with the public interest if the information would shed light on agency action." The Nation Magazine, et al. v. United States Customs Service, 71 F. 3d 885, 894 (D.C. Cir. 1995).

By us being able to contact the person from whom the currency was seized, we will be able to shed light on CBP's action in forfeiting all of the currency. Continuing:

> "But we do not read *Safecard*[1] as permitting an agency to exempt from disclosure *all* of the material in an investigatory record solely on the grounds that the record includes some information which identifies a private citizen or provide that **person's name and address**. Because such a blanket exemption would reach far more broadly than is necessary to protect the identities of individuals mentioned in law enforcement files, it would be contrary to FOIA's overall purpose of disclosure, and thus is not a permissible reading of Exemption 7(C)." [Emphasis Added]. Nation, supra, p. 896.

Based on the foregoing analysis that exemption 7(C) is inapplicable as is the (b)(7)(c) exemption, we request the disclosure of the addresses.

---

[1] Safecard Services, Inc. v. SEC, 926 F. 2d 1197 (D.C. Cir. 1991).

Furthermore, this failure to provide the names and addresses is a direct contradiction to the ruling letters issued by your office on March 17 & May 20, 2005 to release the names and addresses.

We have previously advised your office that if we do not begin receiving the requested names and addresses from the ports and/or have the names and addresses published by August 1, 2005, we will commence litigation in the U. S. District Court for the District of Columbia for these records. Again we are hopeful this is not necessary.

Sincerely,

Peter S. Herrick

Enclosures

3