# EXHIBIT 16

19 CFR 103.35

§ 103.35 Confidential commercial information; exempt.

(a) In general. For purposes of this section, "commercial information" is defined as trade secret, commercial, or financial information obtained from a person. Commercial information provided to CBP by a business submitter will be treated as privileged or confidential and will not be disclosed pursuant to a Freedom of Information Act (FOIA) request or otherwise made known in any manner except as provided in this section.

(b) Notice to business submitters of FOIA requests for disclosure. Except as provided in paragraph (b)(2) of this section, CBP will provide business submitters with prompt written notice of receipt of FOIA requests or appeals that encompass their commercial information. The written notice will describe either the exact nature of the commercial information requested, or enclose copies of the records or those portions of the records that contain the commercial information. The written notice also will advise the business submitter of its right to file a disclosure objection statement as provided under paragraph (c)(1) of this section. CBP will provide notice to business submitters of FOIA requests for the business submitter's commercial information for a period of not more than 10 years after the date the business submitter provides CBP with the information, unless the business submitter requests, and provides acceptable justification for, a specific notice period of greater duration.

(1) When notice is required. CBP will provide business submitters with notice of receipt of a FOIA request or appeal whenever:

(i) The business submitter has in good faith designated the information as commercially- or financially-sensitive information. The business submitter's claim of confidentiality should be supported by a statement by an authorized representative of the business entity providing specific justification that the information in question is considered confidential commercial or financial information and that the information has not been disclosed to the public; or

(ii) CBP has reason to believe that disclosure of the commercial information could reasonably be expected to cause substantial competitive harm.

(2) When notice is not required. The notice requirements of this section will not apply if:

(i) CBP determines that the commercial information will not be disclosed;

(ii) The commercial information has been lawfully published or otherwise made available to the public; or

(iii) Disclosure of the information is required by law (other than 5 U.S.C. 552).

(c) Procedure when notice given. -- (1) Opportunity for business submitter to object to disclosure. A business submitter receiving written notice from CBP of receipt of a FOIA request or appeal encompassing its commercial information may object to any disclosure of the commercial information by providing CBP with a detailed statement of reasons within 10 days of the date of the notice (exclusive of Saturdays, Sundays, and legal public holidays). The statement should specify all the grounds for withholding any of the commercial information under any exemption of the FOIA and, in the case of Exemption 4, should demonstrate why the information is considered to be a trade secret or commercial or financial information that is privileged or confidential. The disclosure objection information provided by a person pursuant to this paragraph may be subject to disclosure under the FOIA.

(2) Notice to FOIA requester. When notice is given to a business submitter under paragraph (b)(1) of this section, notice will also be given to the FOIA requester that the business submitter has been given an opportunity to object to any disclosure of the requested commercial information. The requester will be further advised that a delay in responding to the request may be considered a denial of access to records and that the requester may proceed with an administrative appeal or seek judicial review, if appropriate. The notice will also invite the FOIA requester to agree to a voluntary extension(s) of time so that CBP may review the business submitter's disclosure objection statement.

(d) Notice of intent to disclose. CBP will consider carefully a business submitter's objections and specific grounds for nondisclosure prior to determining whether to disclose commercial information. Whenever CBP decides to disclose the requested commercial information over the objection of the business submitter, CBP will provide written notice to the business submitter of CBP's intent to disclose, which will include:

(1) A statement of the reasons for which the business submitter's disclosure objections were not sustained;

(2) A description of the commercial information to be disclosed; and,

(3) A specified disclosure date which will not be less than 10 days (exclusive of Saturdays, Sundays, and legal public holidays) after the notice of intent to disclose the requested information has been issued to the business submitter. Except as otherwise prohibited by law, CBP will also provide a copy of the notice of intent to disclose to the FOIA requester at the same time.

(e) Notice of FOIA lawsuit. Whenever a FOIA requester brings suit seeking to compel the disclosure of commercial information covered by paragraph (b)(1) of this section, CBP will promptly notify the business submitter in writing.