# EXHIBIT 25

# McGUIREWOODS

1345 Avenue of the Americas
New York, New York 10105
212.548.2100   Fax: 212.421.5682

JOHN B. PELLEGRINI
212.548.7020   Fax 212.715.2301
jpellegrini@mcguirewoods.com

October 24, 2005

**Via Electronic Mail**

John E. Elkins, Esq., Chief
FOIA Appeals, Policy & Litigation Branch
U.S. Customs and Border Protection
Washington, D.C. 20229

Dear Mr. Elkins:

This refers to your letter (588685 RH) dated October 3, 2005 and addressed to a client, of McGuireWoods LLP, (the "Company"). The letter indicates that there has been a request for disclosure of the Company's name and address in connection with FP&F Case No. 2005-2704-000345-01. The request was filed on behalf of Seized Property Recovery Company.

The Company has no specific information on the cited case and repeated attempts to obtain information from the FP&F Office at Los Angeles/Long Beach have proven futile. The Company understands that the case involves a seizure and potential forfeiture and believes that the merchandise was rejected by it and abandoned to the exporter.

The Company objects to the release of its name and address in connection with the cited case number for the reasons set forth herein. Also, for the reasons set out below, the Company's name and address may not be responsive to the request.

The Company asserts that release of its name and address is exempt under Exemption 4 of the Freedom of Information Act, 5 U.S.C.§ 552(b)(4). . Exemption 4 covers trade secrets and commercial or financial information obtained from a person outside the government and is privileged or confidential. The Company's name and address satisfies each of the three requirements.

The Company's name and address are commercial and were obtained from a person outside the government. The commercial nature of the Company's name and address is clearly illustrated by *Michael J. O'Kane v. United States Customs Service*, 169 F.3d 1308 (11th Cir. 1999), a case in which the efforts of an attorney to obtain the names and addresses of individuals whose property had been seized the Customs Service for the purpose of soliciting their business was rebuffed by the courts. The Company's name and address were obtained indirectly from the Company through a customs broker. Thus, the only remaining requirement is whether the information is confidential.

John E. Elkins, Esq.
October 24, 2005
Page 2

Information is considered confidential when disclosure is likely to cause substantial competitive harm to the entity from whom the information was obtained. *Gulf & Western Industries v. United States*, 615 F.2d 527 (D.C.Cir. 1974); *The Timken Company v. United States Customs Service*, 491 F. Supp 557 (D.C.D.C. 1980). Disclosure of the Company's name and address in these circumstances clearly could harm the Company's competitive position.

Under the circumstances existing here, a party who has the Company's name and address along with the information associated with Case no. 2005-2704-000345-01 would have the ability to pass itself off as the source of the merchandise covered by that case. The requesting party could use the information to contact potential customers, claiming that it had available for sale merchandise sourced by the Company. This would clearly cause competitive harm to the Company. First, it would appropriate business that might have been obtained by the Company. Second, it is likely that the merchandise covered by the subject case has been in storage for a considerable period of time and may not be in first quality condition. The sale of that merchandise by the requesting party, passing it off as having been sourced by the Company, could have an adverse impact on the Company's reputation as a purveyor of first quality merchandise.

As noted above, the Company has no specific information about the nature of the merchandise covered by Case No. 2005-2704-000345-01. To its knowledge, the Company does not own the merchandise. It is possible that the Company ordered the merchandise. If so, the merchandise has been rejected and is the property of the exporter.

Although the exact nature of the request is not know to the Company, it is reasonable to assume that it seeks the identity of the owner of the seized merchandise. *See, Michael J. O'Kane.* That being the case, the Company's name and address are not responsive and need not be disclosed.

Please contact the undersigned if you have any questions on the above.

Sincerely,

McGUIREWOODS LLP

John B. Pellegrini

JBP:kma

\\COR\445675.1