## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SEIZED PROPERTY RECOVERY CORPORATION, | ) ) ) | Civil Action No: 1:05 CV-01570 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| U.S. CUSTOMS AND BORDER PROTECTION<br>Defendant | ) ) ) ) ) | |

## DECLARATION OF GLORIA MARSHALL

## INTRODUCTION

I, GLORIA L. MARSHALL, hereby declare the following to be a true and correct statement of facts:

1.      I am the Unit Chief, Information Disclosure Unit, Mission Support Division, in the Immigration and Customs Enforcement (ICE), Office of Investigations (OI).  I have held this position, since March 3, 2003.  The Information Disclosure Unit is charged with the responsibility of overseeing Freedom of Information Act (FOIA) and/or Privacy Act (PA) requests.

2.      This declaration is based upon my personal review and information conveyed to me in the course of my official duties.  I am familiar with the facts of this case based on my personal review of the case, discussions with ICE Counsel who has had previous discussions with the United States Attorneys Office and CBP counsel, and investigative personnel assigned to ICE.

DECLARATION OF GLORIA MARSHALL  Page 1

3.      Effective March 3, 2003, the legacy United States Customs Service (USCS), formerly a component of the United States Department of the Treasury, became part of the Department of Homeland Security (DHS).  Functions previously performed by USCS transferred to two components of DHS:  U.S. Customs and Border Protection (CBP), which has primary responsibility for inspections at U.S. airports, seaports, and ports of entry along the land borders, and patrolling the borders of the United States; and ICE, which has primary responsibility for investigating violations of immigration and customs laws.

4.      I understand that CBP counsel has already disclosed information that is responsive to Plaintiff's FOIA request, but has withheld other information pursuant to FOIA exemption (b)(7)(A) in order to protect from disclosure information that could interfere with ongoing ICE investigations.  This declaration is in support of CBP's assertion of Exemption (b)(7)(A) with respect to this information.

FREEDOM OF INFORMATION EXEMPTION

5.      Exemption (b)(7) threshold:  ICE information contained in these records meets the threshold requirement of exemption 7.  ICE is a law enforcement agency.  See 19 U.S.C. § 1589a and 8 U.S.C. § 1357; see also Transitional Authorities and Savings Provisions of the Homeland Security Act of 2002 (HSA), 6 U.S.C. § 551 et seq.  Pursuant to the HSA, and the subsequent organization of DHS, the enforcement and investigation arms of USCS and the enforcement and investigative functions of the U.S. Immigration and Naturalization Service and the Federal Protective Service, including special agents from those organizations, were combined in, and created, ICE.  See U.S. Department of Homeland Security, "Border Reorganization Fact Sheet" January 30, 2003, Exhibit 1.  ICE is the largest investigative arm of DHS and is responsible for identifying and eliminated vulnerabilities in the nation's border, economic,

DECLARATION OF GLORIA MARSHALL   Page 2

transportation, and infrastructure security. The information CBP has withheld in this matter has become incorporated into ICE files relating to ongoing investigations of criminal or civil violations of law.

## SEIZURE NUMBERS

6.      Exemption (b)(7)(A): FOIA Exemption (b)(7)(A) allows the withholding of "records or information compiled for law enforcement purposes" to the extent that their release "could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). In its earlier response to Plaintiff, CPB withheld information relating to certain seizure numbers based on Exemption (b)(7)(A) because the subjects associated with those seizure numbers are being investigated by ICE for various violations of law that may or may not have been associated with those particular seizures. Those seizure numbers are as follows: 2005-2704-000407; 2005-2704-000329; 2005-2720-000133; 2005-2704-000401; 2005-2704-000396; 2003-2704-000993; 2005-2704-000253; 2005-2704-000469; 2005-2704-000388; 2003-2402-001667-01; 2003-2402-001788-01; 2003-2402-001858-01; 2005-2720-000110; and 2003-2402-001905-01.

7.      Releasing or publishing the name and addresses of entities associated with the seizure numbers listed above may lead to third party recipients of that information, including Plaintiff, reaching out to the named entity. That named entity may, in turn, become suspicious of other enforcement proceedings, even if the matter that is the subject of the contact is not currently under investigation. As a result, there is a reasonable expectation that the entity will alter its practices, i.e., attempt to divert merchandise through different ports of entry, change parties with whom it conducts business such as the foreign shipper or supplier, or change a relationship with any confidential informant, and thus do irreparable harm to an existing criminal

**DECLARATION OF GLORIA MARSHALL   Page 3**

investigation.  Moreover, now that these seizure numbers have been clearly identified as being associated with entities that are under investigation, ICE has reason to believe that the entities associated with the seizure numbers, who are either unaware or do not have confirmation that they are targets of ICE investigations, will be put on notice, or receive confirmation, of the ongoing ICE investigations.  Such notice or confirmation could lead the entities that are subjects of ongoing investigations to modify their behavior, destroy evidence, interfere with potential witnesses, or take other actions that would devastate the ability of ICE to uncover information relevant to the investigations.

Executed on this 11th day of October 2006, in Washington, D.C.

Gloria L. Marshall

**DECLARATION OF GLORIA MARSHALL   Page 4**