UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SEIZED PROPERTY RECOVERY CORPORATION** | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) Civil Action No. 05-1570 (AK) ) |
| **UNITED STATES CUSTOMS AND BORDER PROTECTION** | ) ) ) |
| **Defendant.** | ) ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN DISPUTE AND STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

Pursuant Local Rule 7(h), defendant submits the following response to Plaintiff's Statement of Material Facts Not In Dispute.

1. The cited record evidence (Declaration of Peter Herrick at ¶ 16) does not by itself support this statement. Defendant would further note that individuals who have had their property seized by Customs and Border Protection (CBP) do receive notice of the proceedings. See 19 U.S.C. § 1607(a). Finally, the release of a list of names and addresses does not inform individuals what CBP is doing with the individuals' seized property.

2. Defendant disputes. The release of a list of names and addresses does not reveal the activities or operations of CBP. All it would reveal is who had goods seized by the agency and the addresses of those individuals and entities.

3. Defendant disputes, and refers the Court to the Revised Declaration of Gloria Marshall. See Revised Declaration of Gloria Marshall at ¶ 6-7.

4. Defendant disputes, and refers the Court to the Revised Declaration of Gloria

Marshall, which explains that the release of the name and address might result in a third party (such as SPRC here) reaching out to that entity, which might cause that entity to become suspicious of other enforcement proceedings. See id. This may result in an entity altering its practices; i.e., attempt to divert merchandise through different ports of entry, change parties with whom it conducts business such as the foreign shipper or supplier, or change a relationship with a confidential informant, and thus do irreparable harm to an existing criminal investigation. See id. Moreover, the relevant legal standard is not whether release will cause harm to ongoing law enforcement investigations, but rather whether release could reasonably be expected to cause harm to ongoing law investigations. See 5 U.S.C. § 552(b)7(A) (emphasis added).

   5. Defendant does not dispute; however, this fact is not material. CBP's regulations do not require publication of names or addresses, unless the seizure is done under the navigation laws. See 19 C.F.R. § 162.45.

   6. This is a statement of law, not a statement of fact. Defendant disputes that this is an accurate characterization of the agency's statutory obligations, and refers to Part III of its Renewed Motion to for Summary Judgment and Part IV.B of its Opposition/Reply Memorandum for a discussion of this issue.

   7. Defendant does not dispute, but this statement is not material and does not preclude the entry of judgment in favor of defendant as a matter of law.

   8. This is a statement of law, not a statement of fact. Defendant does not dispute that to date, the courts have declined to find that the privacy interests encompassed by Exemptions 6 and 7(C) of the FOIA extend to corporate or commercial entities.

   9. This is a statement of law, not a statement of fact. Customs does not dispute that

when a seizure is effected under the authority of Title 46 of the United States Code, CBP does include the name and place of residence in the published notice.

                                            Respectfully submitted,

                                            /s/
                                        JEFFREY A. TAYLOR, D.C. Bar # 498610
                                        United States Attorney

                                            /s/
                                        RUDOLPH CONTRERAS, D.C. Bar # 434122
                                        Assistant United States Attorney

                                            /s/
                                        PETER D. BLUMBERG, Bar # 463247
                                        Assistant United States Attorney
                                        United States Attorneys Office
                                        Civil Division
                                        555 4th Street, N.W.
                                        Washington, D.C. 20530
                                        (202) 514-7157

Dated: December 18, 2006