UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SEIZED PROPERTY RECOVERY CORPORATION,<br><br>      Plaintiff,<br><br>v.<br><br>UNITED STATES CUSTOMS AND BORDER PROTECTION,<br><br>      Defendant. | Civil Action No. 05-1570(AK) |

### PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff, by and through its undersigned attorney, respectfully notices the Court of supplemental authority in support of its position, and, states the following:

In <u>United States of America v. $293,316, et. al.</u>, 349 F. Supp. 2d 638 (EDNY 2004) the government attempted to forfeit the entire amount seized from the claimants. The claimants were convicted of violating 31 U.S.C. §5332(a). The trial court requested U. S. Customs and Border Protection ("CBP") provide information concerning judicial forfeitures of currency seized pursuant to 31 U.S.C. §§5316, 5317 ("CMIR" cases), and 5332 (Bulk cash smuggling into or our of the United States or "BCS"cases.) The actual forfeiture chart presented to the Court is attached as Exhibit A.

At footnote 3 of the report CBP explains the vast majority of forfeitures are resolved administratively. In cases where less than the seized amount was forfeited CBP could offer no explanation without manually reviewing all of their files which they declined to do.

Exhibit B attached hereto is a list of currency seizure cases wherein the undersigned counsel represented the claimants/petitioners. In all of the cases most or all of the seized currency was refunded either because CBP failed to follow the law or there were mitigating factors.

Exhibits A and B demonstrate that when claimants/petitioners are represented by counsel who can present factors such as no violation occurred; Eighth Amendment and innocent owner defenses coupled with CBP's own mitigation guidelines there will always be a substantial if not an entire refund of the seized currency.[1] This representation can only occur if CBP publishes the names and addresses from whom it seized the currency in its notices of intent to forfeit. Otherwise, these claimants/petitioners will be denied access to knowledgeable professionals.

Respectfully submitted,

Peter S. Herrick, P.A.
Peter S. Herrick
Attorney for Plaintiff
3520 Crystal View Court
Miami, Florida 33133
Tel. 305-858-2332
Fax. 305-858-6347
Email pherrick@bellsouth.net
D C Bar 137935

---

[1] Interestingly Exhibit A did not include Harrichand v. U.S. which is referred to in Exhibit B.